Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611, Tucson, AZ 85717-0611
(520) 471-8333 • FAX (520) 300-8033
stacy.scheff@gmail.com
State Bar No. 028364
*Counsel for Plaintiff*

# DISTRICT COURT FOR THE UNITED STATES
## DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>    Plaintiff,<br><br>v.<br><br>Merrick Garland, US Attorney General; Michael Carvajal, Director Federal Bureau of Prisons; Barbara VonBlankensee, Warden USP Tucson, ~~Lt. Unknown~~ Anthony Galli~~e~~on (all in their official capacities),<br><br>    Defendants | Case No.: 4:21-cv-00179-RM<br><br>**FIRST AMENDED COMPLAINT**<br>**(Prospective ~~Injunctive~~ relief only)**<br>**(Hearing requested)** |

1. This is an action for narrow injunctive and declaratory relief for Plaintiff Keith Raniere, a prisoner in the U.S. Penitentiary in Tucson Arizona ("USP Tucson"). Plaintiff seeks an order enjoining prison officials from retaliating, and from actively frustrating and impeding his First and Sixth Amendment rights to access to the courts and counsel.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under the First and Sixth Amendments to the United States Constitution, and 28 U.S.C. § 1331 (federal question

1

jurisdiction), as Plaintiff seeks to enjoin practices that amount to violations of the First and Sixth Amendments to the U.S. Constitution.

3. This Court has jurisdiction under 28 U.S.C. § 2201 to declare the rights of the respective parties.

4. This Court has jurisdiction under 5 U.S.C. §702, 28 U.S.C. § 2202, and Rule 65 of the Federal Rules of Civil Procedure to grant preliminary injunctive relief for the constitutional violations alleged herein.

5. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this action occurred in the District of Arizona.

## PARTIES

6. The Plaintiff Keith Raniere is and was at all relevant times, a federal inmate at USP Tucson.

7. Defendant Merrick Garland is the Attorney General of the United States and the head of the United States Department of Justice. BOP is an agency of the United States Department of Justice. As such, Defendant Garland has ultimate authority over BOP decisions, including policy decisions regarding USP Tucson, and the promulgation of BOP regulations. See 18 U.S.C. § 4042. Garland has affirmatively maintained the policy of allowing Wardens to retaliate against individual prisoners based on personal animus and not supported by any legitimate penological purpose. Defendant Garland's place of work is located in Washington, DC. Defendant Garland is sued in his official capacity.

8. Defendant Carvajal is, and has been at all times relevant to this case, Director of the BOP. Defendant Carvajal exercises authority over all BOP determinations. Defendant Carvajal has affirmatively carried out the policy of allowing Wardens to retaliate against individual prisoners based on personal animus and not supported by any legitimate penological purpose.  See 18 U.S.C. §§ 4041, 4042. Defendant Carvajal's place of work is located in Washington, DC. Defendant Carvajal is sued in his official capacity.

9. Defendant VonBlankensee is the Warden of USP Tucson.  Defendant VonBlankensee made the affirmative decision to interfere with Plaintiff's First and Sixth Amendment rights by causing an active attorney/client phone call with his criminal defense attorney, Joseph M. Tully to be terminated, and removing Plaintiff's power-of-attorney, and paralegal for Plaintiff's criminal defense attorney Joseph Tully, Suneel Chakravorty, from his approved list of people who he can call and receive as visitors in violation of the First and Sixth Amendments to the U.S. Constitution.  Defendant VonBlankensee is sued in her official capacity.

10. Defendant Anthony Gallieon is a Lieutenant at USP Tucson.  Defendant Gallieon made the affirmative decision to "scrub" Plaintiff's approved callers and visitors list, to include attorneys and their agents.

## FACTS

11. Plaintiff is incarcerated at USP Tucson, serving a sentence of 120 years for, among other things, possession of child pornography and sexual exploitation of a child,

3

and for purportedly taking twenty-two contraband photographs in 2005. *U.S. v. Raniere*, US District Court, Eastern District of New York, 1:18-cr-00204-NGG-VMS.

12. The criminal case has been the subject of significant main-stream and social media attention.

13. On May 2, 2021, during visitation with Plaintiff, Plaintiff's power-of-attorney Suneel Chakravorty had his visit abruptly terminated and his visitation privileges permanently revoked by the Warden of USP Tucson.

14. For about five months prior to April 28, 2022, Plaintiff's attorneys have had weekly calls with Plaintiff, with no interference.

15. On April 28, 2022, Plaintiff's criminal defense attorney Joseph M. Tully filed a motion to stay the appeal pending with the 2nd Circuit, on the basis that he intended to file for a new trial in the District court based on newly discovered evidence in the form of three experts' reports concluding that the FBI had falsified and tampered with evidence, and that federal agents had committed perjury relevant to the conviction of possession of child pornography and sexual exploitation of a child.

16. On the same day, actress Nicki Clyne tweeted about the newly discovered evidence, and it has received approximately two million impressions.

17. On May 3, 2022, Plaintiff's criminal defense attorney Joseph M. Tully filed the motion pursuant to F.R.Crim.P. 33, requesting relief from the criminal conviction on the grounds of the newly discovered evidence. *U.S. v. Raniere*, Doc. 1169.

18. On May 4, 2022, Plaintiff was on a privileged legal call with attorney Tully, when the call was apparently terminated prematurely, and without warning.

19. Mr. Tully anticipates that the Eastern District of New York will hold a hearing on the Rule 33 petition, and he needs to consult with Plaintiff in order to prepare for that hearing. Mr. Tully anticipates that Plaintiff – who possesses first-hand knowledge of the criminal allegations against him – is the individual best poised to assist Mr. Tully in the legal representation, namely, Mr. Tully's preparation for the upcoming Rule 33 hearing.

20. Shortly after the May 4 legal call was interrupted, Plaintiff's counsellor pulled Plaintiff out and instructed Plaintiff to go to an administrative ~~Lieutenant Galleon~~'s office.

21. Within the federal prison system, a counsellor is the prison official who has routine, daily contact with federal prisoners. As such, a counsellor follows orders from supervisory and management personnel at the prison.

22. Plaintiff complied with the counsellor's instruction to visit the administrative office.

23. ~~Lt.~~ When he arrived at the administrative office, Defendant Anthony Galli~~e~~on was present, and proceeded to ask~~ed~~ Plaintiff about certain people on his list of approved people that he could call and receive as visitors. Many of them were attorneys or attorney's agents like Mr. Chakravorty.

24. On information and belief, Gallion is with the Special Investigative Services ("SIS") of the Federal Bureau of Prisons.

25. Defendant Gallion then told Plaintiff that his list was being "scrubbed", that Plaintiff would have to apply to the Unit Manager to have anyone re-approved, and that Mr. Chakravorty was not likely to be re-approved.

26. Mr. Chakravorty was previously banned from visiting Plaintiff.

27. The only way that Mr. Chakravorty can communicate with Plaintiff is if Mr. Chakravorty is on Plaintiff's approved list of callers. These calls are recorded and monitored by prison personnel, and are not treated as confidential even though Mr. Chakravorty is an agent of Plaintiff's criminal defense attorney Joseph Tully.

28. Plaintiff asked Gallion why this was being done.

29. Gallion refused to answer beyond an assertion that there was an investigation.

30. On May 6, 2022, at 9AM, attorney Joseph Daugherty had a confidential legal call with Plaintiff. Upon information and belief, Defendants interfered and frustrated that legal call by, among other things, causing the phone call to be cut off before Plaintiff and Mr. Dougherty had concluded their conversation.

31. On information and belief, Defendant VonBlankensee, or whoever the Warden was at the relevant time, was the main moving force behind the actions of Gallion both on May 4, 2022, May 6, 2022, and previously when Mr. Chakravorty was denied visitation with Plaintiff.

32. On information and belief, Defendant Carvajal, or whoever the Director of the BOP was at the relevant time, was aware that federal prison wardens retaliate against individual prisoners based on personal animus and not supported by any

6

legitimate penological purpose but failed to take action to prevent it, and perpetuated the policy and practice.

## COUNT I

**Unlawful Frustration and Interference with First Amendment Access to the Courts**

33. Plaintiff is neither a lawyer nor trained in the law. The First Amendment right of access to the courts includes with it a reasonable opportunity to communicate in a contemporaneous manner with his lawyers.

34. As described above, on May 4, 2022, Defendants, in a non-frivolous manner, frustrated and interfered with Plaintiff's First Amendment right to communicate with his attorneys. By doing so, Defendants frustrated and interfered with Plaintiff's First Amendment right of access to the courts.

35. Similarly, on May 4, 2022, Defendants threatened to continue to frustrate and interfere with Plaintiff's First Amendment right of access to the courts by effectively cutting off Plaintiff's ability to communicate by phone with his attorneys and their agents.

36. Under this Count, Plaintiff seeks reasonable access to communicate with his attorneys and their agents, both in person and using contemporaneous telephonic methods, subject only to modest limitations that have a reasonable relationship to legitimate penological interests.

37. Absent court action, Plaintiff will suffer irreparable harm.

38. Granting Plaintiff's requested equitable relief will not impose an undue hardship on Defendants, who are required by the Constitution to grant reasonable access to the courts to all prisoners on a daily basis.

39. The equities tip sharply in Plaintiff's favor.

40. Under this Count, Plaintiff is entitled to both declaratory and injunctive relief.

## COUNT II

### Retaliation Based on Rights Protected Under the First Amendment

41. The First Amendment protects the right of all persons - including prisoners - to have meaningful access to the Court. Nowhere is this right more critical than when a prisoner seeks access to the courts for the express purpose of attacking his underlying criminal conviction and sentence.

42. Prior to May 3, 2022, Plaintiff exercised this First Amendment right by communicating with his criminal defense attorneys and their agents for the express purposes of assisting them in preparing a timely Rule 33 petition in the federal court, asserting that newly discovered evidence justified the granting of a new trial in his underlying criminal prosecution.

43. Less than 24 hours after Plaintiff's criminal defense attorney filed the Rule 33 petition, Defendants substantially, and in a non-frivolous manner, frustrated and impeded Plaintiff's ongoing ability to assist his criminal defense attorney by imminently threatening to cut off all telephonic and in-person communication with his attorneys.

44. The short time between when Plaintiff exercised his First Amendment right to access the courts by filing an important petition in the federal courts on May 3, 2022 and the adverse action of Defendants in threatening him with this violative action raises a substantial likelihood that Defendants actions were retaliatory.

45. Plaintiff is entitled to declaratory relief and injunctive relief under this Count. The injunctive relief that Plaintiff seeks is merely to maintain the status quo ante, pending administrative exhaustion. For the same reasons explained in Count I, above, Plaintiff is in imminent risk of suffering irreparable harm in the event that injunctive relief is not granted.

### COUNT III – SIXTH AMENDMENT

46. Plaintiff is a criminal defendant.

47. Defendants have deliberately interfered with the confidential relationship between Plaintiff and his criminal defense counsel.

48. The interference substantially prejudices the Plaintiff by denying Plaintiff the ability to prepare his counsel for the upcoming Rule 33 hearing, and denying the ability of counsel to prepare and therefore to provide effective assistance of counsel for the hearing.

49. On information and belief, this interference was not isolated, but rather part of a pattern and practice of interference intended to deprive Plaintiff of effective assistance of counsel.

# REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Issue a preliminary injunction to preserve the status quo pending administrative exhaustion, to include restraining Defendants, their employees, successors, and agents, from:

> 1. Prohibiting, preventing, restricting, impeding, and/or obstructing Plaintiff from communicating with his attorneys using contemporaneous telephonic communications technologies, subject only to modest limitations that are reasonably related to legitimate penological interests of Defendants;
>
> 2. Prohibiting, preventing, restricting, impeding, and/or obstructing Plaintiff from visiting in-person with his attorneys at the federal prison facility where he is currently housed, subject only to modest limitations that are reasonably related to legitimate penological interests of Defendants;
>
> 3. Prohibiting, preventing, restricting, impeding, and/or obstructing Plaintiff from communicating with the employees and agents of his attorneys using contemporaneous telephonic communications technologies, subject only to modest limitations that are reasonably related to legitimate penological interests of Defendants;
>
> 4. Engaging in other behavior that amounts to a non-frivolous frustration or interference with his First Amendment right to access the courts for the purpose of collaterally attacking his conviction and sentence;

B. Enter a judgment declaring that:

    1. This court retains equitable powers to issue injunctions intended to maintain the status quo pending administrative exhaustion, regardless of the requirements imposed by 42 U.S.C. 1997e;

    2. Defendants have violated Plaintiff's rights under the First Amendment;

    3. Plaintiff is entitled under the First Amendment to communicate with his attorneys and his attorneys' employees, both in-person and using contemporaneous telephonic communications, for the purpose of discussing legal matters aimed at attacking his criminal sentence, and subject only to limited restrictions that are reasonably related to penological interests.

#

#

C. Attorneys' fees and costs accrued in bringing this action;

D. Such other relief as this court deems just and proper.

    DATED this 64th day of May, 2022 by

        /s/Stacy Scheff
        STACY SCHEFF
        Attorney for Plaintiff