Stacy Scheff #028364
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717
Ph: (520) 471-8333 – Fax: (520) 300-8033
Emails: Stacy@ScheffLaw.com; Stacy.Scheff@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>       Plaintiff,<br><br>v.<br><br>Merrick Garland, et al.,<br><br>       Defendants. | Case No. 4:22-cv-00212-RCC-PSOT<br><br>**MOTION FOR LEAVE TO SERVE COMPLAINT ON GOVERNMENTAL DEFENDANTS** |

## BACKGROUND

On May 5, 2022, Plaintiff filed the underlying complaint, asserting exclusively prospective injunctive and declaratory relief to compel prison officials at the U.S. Penitentiary in Tucson to permit Plaintiff ongoing access to and communication with his criminal defense attorneys, as required by the First and Sixth Amendments.

Because Plaintiff is currently incarcerated, the provisions of the Prison Litigation Reform Act ("PRLA") apply to this matter, including the requirement that this Court "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner

1

seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The PRLA is clear that no governmental defendants are required to answer a prisoner complaint until after the Court has had the opportunity to conduct its screening obligation. "[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court" and failing to respond before court screening "does not constitute an admission of the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 213–14 (2007).

This screening requirement, designed to "help staunch a flood of nonmeritorious prisoner litigation," *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020), is in tension with the longstanding sentiment that "[i]n our adversary system, *ex parte* motions are disfavored." *Ayestas v. Davis*, 138 S. Ct. 1080 (2018). Recognizing this, Plaintiff is preparing to file with this Court a motion for preliminary injunction – not a motion for an *ex parte* temporary restraining order. A motion for preliminary injunction may be issued "only on notice to the adverse party." Fed.R.Civ.P. 65(a)(1). And notice is typically achieved through the procedures of Rule 4. Prisoner plaintiffs seeking exclusively prospective relief, however, are caught in a bind between the PRLA's instruction that a Defendant not be required to respond prior to screening and the urgency that is inherent in a request for preliminary injunctive relief. After all, a motion for preliminary injunctive relief involves allegations of *imminent* irreparable harm.

While the PRLA is clear that defendants need not prepare responsive pleadings prior to screening, the statute is unclear whether a prisoner Plaintiff – should he wish to do so –

may serve the summons and complaint prior to PRLA screening. Undersigned counsel is aware of only one unpublished decision within the Ninth Circuit to address whether a prisoner Plaintiff may be proactive by serving the complaint before screening. That court suggested, in *dicta*, that a prisoner plaintiff who had promptly served his complaint had done so prematurely "where it had not yet been screened by the Court." *Rodriguez v. Ryan*, 2012 WL 12538556, at *1 (D. Ariz. Jan. 27, 2012). That Court, however, had allowed the complaint to proceed and allowed the governmental defendants to respond to the complaint within the time allowed under Rule 12(a), *measured from the date of the Court's screening order*.

Due to this uncertainty in the law, Plaintiff files this motion for leave to serve his complaint on all Defendants, so that they may have timely notice of Plaintiff's allegations and an opportunity to respond to Plaintiff's forthcoming motion for preliminary injunction, which Plaintiff intends to file in the coming days.

**ARGUMENT**

The PRLA was enacted by Congress in 1996, imposing – among other things – its requirement that U.S. District courts *sua sponte* screen all civil complaints filed by prisoners. Hundreds of years prior to the enactment of the PRLA, our legal system developed the carefully-balanced rights of civil litigants to seek and defend against urgent requests for injunctive relief. On the one side lies the party who alleges that he is at imminent risk of suffering irreparable harm. On the other side is the party who may face a sudden, unexpected court order requiring them to take action or refrain from taking action.

The Supreme Court has noted that "the screening requirement [of the PRLA] does not-explicitly or implicitly-justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." *Jones v. Bock*, 549 U.S. 199, 200 (2007). The requirement of Rule 65 that preliminary injunctions be issued "only on notice to the adverse party" is precisely the type of procedural practice that PRLA did not alter or change. "While a later enacted statute . . . can sometimes operate to amend or even repeal an earlier statutory provision" such repeals by implication "are not favored and will not be presumed unless the intention of the legislature to repeal is clear and manifest." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 662 (2007) (internal citations omitted). Here, the requirements of Rule 65 pre-dated the later-enacted PRLA. The PRLA, for its part, is silent as to what Courts are to do when confronted with a Plaintiff alleging irreparable harm and seeking quick action and who eagerly seeks to provide adequate Rule 4 notice to the adverse party.

## CONCLUSION

For the foregoing reasons, Plaintiff seeks leave to promptly serve his Complaint on all Defendants, prior to the Court screening that is mandated by 28 U.S.C. § 1915A. In seeking leave, Plaintiff acknowledges that Defendants will not be required to file a responsive pleading to the Complaint until after this Court has had the opportunity to screen the Complaint. As such, Plaintiff understands that there is no default by Defendants, in the event that they do not file responsive pleadings within 21 days of service of the summons and complaint.

Respectfully submitted this 6th day of May 2022.

/s Stacy Scheff
Stacy Scheff #028364
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717
Ph: (520) 471-8333 – Fax: (520) 300-8033
Emails: Stacy@ScheffLaw.com; Stacy.Scheff@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Stacy Scheff, hereby certify that I have caused the above MOTION FOR LEAVE TO SERVE COMPLAINT ON GOVERNMENTAL DEFENDANTS, to be filed using the EM/ECF system. At this time, Defendants have not been served with the summons and complaint and they have not entered an appearance in this matter, but undersigned counsel intends to serve this document – along with all other filings to date in this matter – when given authorization to serve through Rule 4.

This 6th day of May, 2022

/s Stacy Scheff