MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere, | No.   CV 22-00212-TUC-RCC |
| Plaintiff, | |
| v. | **ORDER** |
| Merrick Garland, et al., | |
| Defendants. | |

Plaintiff Keith Raniere, who is confined in the United States Penitentiary-Tucson (USP-Tucson) and is represented by counsel, filed a civil rights Complaint pursuant to 28 U.S.C. § 1331 and paid the filing and administrative fees. He then filed a First Amended Complaint (Doc. 3) and a Motion for Leave to Serve Complaint on Governmental Defendants (Doc. 4). The Court will order Defendants to answer the First Amended Complaint and will deny as moot the Motion for Leave to Serve.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity, regardless of whether the prisoner is represented by counsel. 28 U.S.C. § 1915A(a); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners."). The Court must dismiss a

complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

**II.     First Amended Complaint**

In his three-count First Amended Complaint, Plaintiff sues the following Defendants in their official capacities: United States Attorney General Merrick Garland, Bureau of Prisons Director Michael Carvajal, USP-Tucson Warden Barbara Von Blanckensee, and Lieutenant Anthony Gallion.  Plaintiff seeks declaratory and injunctive relief to enjoin prison officials from retaliating and "actively frustrating and impeding his First and Sixth Amendment rights to access to the courts and counsel," and his attorney's fees and costs.

Plaintiff alleges he is serving a 120-year prison sentence for, among other things, child sexual exploitation and possession of child pornography. Plaintiff alleges that during

TERMPSREF

- 2 -

a May 2021 visit with an individual (Chakravorty) who is both Plaintiff's power-of-attorney and Plaintiff's criminal defense attorney's paralegal, the visit was terminated and Chakravorty's visitation privileges were permanently revoked by Defendant Von Blanckensee.

Plaintiff claims that for the five-month period preceding April 28, 2022, Plaintiff's attorneys had weekly calls with Plaintiff, without any interference.  Plaintiff alleges that on April 28, Plaintiff's criminal defense attorney filed a motion to stay an appeal in the Second Circuit Court of Appeals because he intended to file a motion for new trial in the district court based on newly discovered evidence, in the form of three expert's reports concluding the FBI had falsified and tampered with evidence and federal agents had committed perjury relevant to Plaintiff's child pornography and sexual exploitation convictions.  On May 3, 2022, Plaintiff's criminal defense attorney filed the motion for new trial in the district court.  Plaintiff contends his criminal defense attorney anticipates that the district court will conduct a hearing on the motion and that Plaintiff is best poised to assist him in preparing for the hearing because Plaintiff has first-hand knowledge of the criminal allegations against him.

Plaintiff alleges that on May 4, 2022, the day after his criminal defense attorney filed the motion for new trial, he was on a privileged legal call with the criminal defense attorney, and the call was terminated prematurely, without warning.  Shortly thereafter, Plaintiff was instructed to go to an administrative office, where Defendant Gallion asked Plaintiff about certain individuals who were on Plaintiff's approved telephone and visitation list.  Plaintiff contends many of the individuals were attorneys or "attorney's agents," such as Chakravorty.[1]  Plaintiff claims Defendant Gallion "made the affirmative decision to 'scrub' Plaintiff's approved callers and visitors list" and told Plaintiff that his list was being scrubbed, he would have to apply to a unit manager to have anyone re-

---

[1] Plaintiff claims he can only communicate with Chakravorty if he is on Plaintiff's approved list of callers.  He alleges his conversations with Chakravorty are recorded and monitored by prison officials and are not treated as confidential, even though Chakravorty is an agent of Plaintiff's criminal defense attorney.

approved, and it was unlikely Chakravorty would be approved.  Plaintiff asserts that when he asked Defendant Gallion why this was being done, Defendant Gallion only told him that "there was an investigation."  Plaintiff alleges that on May 6, Defendants "interfered and frustrated" a confidential legal call between Plaintiff and an attorney by "causing the phone call to be cut off" before Plaintiff and the attorney had concluded the conversation.

Plaintiff asserts Defendant Von Blanckensee affirmatively decided to interfere with Plaintiff's First and Sixth Amendment rights by terminating Plaintiff's telephone calls with his defense attorney and removing Chakravorty from Plaintiff's approved telephone and visitation list.  He claims Defendant Von Blanckensee was the moving force behind Defendant Gallion's actions, the events on May 4 and 6, and the prior denial of Chakravorty's ability to visit.  He alleges Defendant Carvajal is aware that federal prison wardens retaliate against individual prisoners based on personal animus, unrelated to any legitimate penological purpose; failed to prevent this kind of retaliation; "affirmatively carried out th[is] policy"; and "perpetuated the policy and practice" by allowing wardens to engage in this type of retaliation.  Similarly, Plaintiff alleges Defendant Garland "affirmatively maintained the policy of allowing Wardens to retaliate" based on personal animus unsupported by a legitimate penological purpose.

In **Count One**, Plaintiff alleges his First Amendment right of access to the courts includes "a reasonable opportunity to communicate in a contemporaneous manner with his lawyers."  He contends Defendants frustrated and interfered with this right on May 4, 2022, and "threatened to continue to frustrate and interfere" with this right by "effectively cutting off Plaintiff's ability to communicate by phone with his attorneys and their agents."  Plaintiff seeks "reasonable access" to communicate with his attorneys and their agents in person and "using contemporaneous telephonic methods," subject to limitations that have a reasonable relationship to legitimate penological interests.  He asserts he will suffer irreparable harm absent court intervention.

In **Count Two**, Plaintiff alleges he was subjected to retaliation for exercising his First Amendment right of access to the courts.  He contends that prior to May 3, 2022, he

communicated with his criminal defense attorneys and their agents to assist them in preparing a motion for new trial.  Plaintiff asserts that less than a day later after his criminal defense attorney filed the motion for new trial, Defendants substantially frustrated and impeded Plaintiff's ability to assist his criminal defense attorney when they "imminently threaten[ed] to cut off all telephonic and in-person communication with his attorneys."  He claims the short time between the filing of the motion and Defendants' adverse action "raises a substantial likelihood that Defendants['] actions were retaliatory."

In **Count Three**, Plaintiff alleges a violation of his Sixth Amendment rights.  He asserts Defendants have deliberately interfered with the confidential relationship between Plaintiff and his criminal defense attorney and this interference "substantially prejudices" Plaintiff by preventing him from helping prepare his attorney for the hearing on the motion and preventing his attorney from providing effective assistance of counsel.

The Court will require Defendants to answer Plaintiff's access-to-the-courts, retaliation, and Sixth Amendment claims.

**III.   Motion for Leave to Serve**

Plaintiff seeks leave to serve his First Amended Complaint prior to the Court screening it.  Because the Court has screened the First Amended Complaint and is calling for an answer by Defendants, the Court will deny as moot the Motion for Leave to Serve.

**IT IS ORDERED:**

(1)   Plaintiff's Motion for Leave to Serve Complaint on Governmental Defendants (Doc. 4) is **denied as moot**.

(2)   Plaintiff must serve each Defendant.

(3)   If Plaintiff does not complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

. . . .

. . . .

(4) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(5) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 17th day of May, 2022.

Honorable Raner C. Collins
Senior United States District Judge

TERMPSREF