# EXHIBIT 1

# DISTRICT COURT FOR THE UNITED STATES
# DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>   Plaintiff,<br><br>v.<br><br>Merrick Garland, US Attorney General;<br>Michael Carvajal, Director Federal Bureau<br>of Prisons; Barbara VonBlankensee,<br>Warden USP Tucson, Anthony Gallion (all<br>in their official capacities),<br><br>   Defendants | Case No.: 4:22-cv-00212-RCC-PSOT<br><br><br>**AFFIDAVIT OF SUNEEL**<br>**CHAKRAVORTY** |

I, Suneel Chakravorty, swear under penalty of perjury that the following is true to the best of my knowledge:

## POWER OF ATTORNEY

1. Keith Raniere, the Plaintiff, has designated me as his attorney-in-fact.

2. I graduated from Harvard College in 2011 with a degree in Mathematics.

3. I have a background in computer technology.

4. From 2015 to 2018, I co-founded and ran a software consulting company in New York City.

5. I have been a software and data science instructor since 2014.

6. I attended every day of Mr. Raniere's six-and-a-half-week trial in 2019.

7. I am not a witness, co-conspirator, or co-defendant in Mr. Raniere's criminal case in the Eastern District of New York.

1

8. In the fall of 2019, after the trial, I met with Mr. Raniere and shared my observations about his criminal case with him.

9. Mr. Raniere was adamant that he was innocent of child pornography and related convictions.

10. Mr. Raniere alleged the digital evidence used for those charges was false.

11. I shared with Mr. Raniere that I thought that the government expert witness misrepresented the reliability of the digital evidence.

12. Mr. Raniere asked if I would help him investigate possible government tampering with the digital evidence and I agreed.

13. I received a file system "metadata" spreadsheet, including file names, dates, and times from the trial counsel team. The spreadsheet did not contain any photographic content.

14. I examined the spreadsheet and identified certain anomalies.

15. Mr. Raniere examined a similar spreadsheet and identified certain anomalies.

16. Based on our analyses, I concluded that Mr. Raniere's tampering theory warranted further investigation by computer forensics experts.

17. I hired computer forensics experts to conduct an analysis. They concluded that manual alterations appeared to have taken place, and the government witness had testified falsely about the reliability of the digital evidence.

18. Mr. Raniere and I spoke about this information and analysis.

19. Before his sentencing in October 2020, Mr. Raniere asked me if I would agree to be his Power of Attorney for all legal, financial, and public relations matters.

20. In January of 2021, I signed a contract to act as Power of Attorney for Mr. Raniere.

21. As Power of Attorney, I retained additional experts to analyze the information and examine the initial experts' preliminary information and findings rigorously and skeptically.

22. The experts concluded that certain anomalies could only be explained by deliberate manipulation and forgery.

23. Mr. Raniere's criminal defense team retained the experts and gave them access to discovery materials. The experts corroborated their preliminary findings.

24. As Power of Attorney, I stand in Plaintiff's shoes in various matters and can legally make decisions as though I were Mr. Raniere.

25. I take this responsibility seriously and want to ensure that every action I take is one Mr. Raniere wishes to be made.

26. I cannot conduct these duties ethically without regularly communicating with Mr. Raniere.

<u>MANAGER OF LEGAL TEAM/PARALEGAL TO ATTORNEY JOSEPH TULLY</u>

27. The experts' findings convinced Mr. Raniere's attorney, Joseph Tully, to draft and file a Rule 33 motion to reopen Mr. Raniere's criminal case.

28. I act as a paralegal to attorney Tully for the purposes of the Rule 33 petition.

29. I have knowledge of technical and circumstantial evidence vital to Mr. Raniere's criminal case, because of my role in retaining experts to analyze the digital information and my own in computer technology.

30. My expertise in data analysis allows me to translate the technical world of forensic data to Plaintiff's legal team.

31. My knowledge of the facts of this case allows me to translate concepts and streamline communication between Mr. Raniere, the computer forensics experts, and the legal team.

32. After securing the opinions of the experts, my role evolved into paralegal and manager of the legal team. I am working to overturn the improper conviction of his criminal case.

33. As legal manager for Plaintiff, I have retained and discharged members of his legal team as circumstances warranted.

34. As paralegal and legal manager, I helped with the Rule 33 motion. I will assist in preparing the attorneys and experts for a hearing on the Rule 33 petition.

35. I will also help the attorneys prepare additional Rule 33 motions based on newly discovered evidence. These must be filed in a month. June 19, 2022 is the third anniversary of Mr. Raniere's conviction and the time bar for Rule 33 motions.

36. Mr. Raniere and I must have regular communication before this critical legal deadline expires.

37. I act on Plaintiff's behalf, as Power of Attorney, to represent his financial and legal issues. Among these issues is the estate of Mr. Raniere's deceased partner, Pamela Cafritz, currently in probate.

38. I also communicate with the mother of Mr. Raniere's son in matters concerning his parenting.

<u>PAST AFFILIATION WITH NXIVM</u>

39. Mr. Raniere founded an organization called NXIVM in 1998.

40. I was not a member of this organization.

41. NXIVM had no members.

42. NXIVM consisted of companies that offered self-development courses to over 17,000 students.

43. Between October 2016 and June 2018, I took courses from NXIVM-affiliated companies.

44. In June 2018, NXIVM ceased operations.

45. Mr. Raniere and five other individuals, who were all involved with NXIVM, including NXIVM president Nancy Salzman, were indicted on racketeering charges. See Second Superseding Indictment, **Attachment 1.**

46. Although the co-defendants in the criminal case were all involved in NXIVM, NXIVM was not the alleged racketeering enterprise.

47. Mr. Raniere's "inner circle" was the alleged racketeering enterprise.

48. In the criminal trial of Mr. Raniere, the government identified members of the so-called "inner circle." I was not included in that group. See "Government Exhibit 362: The Inner Circle," **Attachment 2**.

49. NXIVM has never been adjudicated to be a criminal enterprise.

50. The Honorable Judge Nicholas G. Garaufis sentenced Mr. Raniere, on October 27, 2020, to 120 years in prison, followed by a lifetime of supervised release. See Judgement in the Criminal Case, **Attachment 3**.

51. In the criminal judgment, Judge Garaufis imposed special conditions on Mr. Raniere's supervised release, including that, once released, Mr. Raniere "shall not associate in person, through mail, electronic mail, or telephone with any individual with an affiliation to Executive Success Programs, NXIVM, DOS, or any other NXIVM-affiliated organizations."

52. The judge did not impose that same condition for Mr. Raniere's 120-year sentence, for which he is currently incarcerated.

53. There is no court order prohibiting Mr. Raniere, while incarcerated, from associating with anyone who has had a past affiliation with NXIVM.

DATED ___05/26/2022_____

SIGNATURE *Suneel Chakravorty*_____
　　　　　　　Suneel Chakravorty

NOTARY



6

# ATTACHMENT 1

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 13 2019 ★

BROOKLYN OFFICE

MKM:MKP/TH/MJL/KMT/KKO
F. #2017R01840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

KEITH RANIERE,
    also known as "Vanguard,"
    "Grandmaster"
    and "Master,"
CLARE BRONFMAN,
ALLISON MACK,
KATHY RUSSELL and
LAUREN SALZMAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 18-204 (S-2) (NGG)
(T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(2)(B), 982(b)(1), 1028(b)(5),
1028(f), 1349, 1591(a)(1), 1591(a)(2),
1591(b)(1), 1594(a), 1594(b), 1594(c),
1594(d), 1962(c), 1962(d), 1963,
1963(a), 2251(a), 2251(e),
2252(a)(4)(b), 2252(b)(2), 2253(a),
2253(b), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment (the "Indictment"), unless otherwise indicated:

### The Enterprise

1.    The defendant KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," was the founder of several pyramid-structured organizations ("the Pyramid Organizations"), including, but not limited to, (1) Nxivm; Executive Success Programs, Inc.; Jness, LLC; Society of Protectors, LLC; Ultima and other related entities (collectively, "Nxivm"); and (2) an organization referred to as "DOS," the "Vow" and "the

sorority" (collectively, "DOS").   In leading the Pyramid Organizations, RANIERE relied on certain individuals, sometimes referred to as his "inner circle," who were accorded special positions of trust and privilege with RANIERE and who carried out his directives.

2.      Members of RANIERE's inner circle also held high positions, or had an ownership interest, in one or more of the Pyramid Organizations, including serving as executives, directors and officers of Nxivm.   Members of RANIERE's inner circle also, at times, served as "first-line masters" in DOS directly under RANIERE, meaning that they comprised the second-highest level within the DOS "pyramid" and that, other than RANIERE, they wielded the most power within DOS.

3.      RANIERE and his inner circle, including the defendants CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL and LAUREN SALZMAN, and others known and unknown, comprised an organized criminal enterprise (the "Enterprise"). The Enterprise, including its leadership, membership and associates, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.   The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

<u>Purposes, Methods and Means of the Enterprise</u>

4.      The principal purpose of the Enterprise was to promote the defendant KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," and to recruit new members into the Pyramid Organizations.   By promoting RANIERE and recruiting others into the Pyramid Organizations, the members of the Enterprise expected to receive

financial opportunities and personal benefits, including increased power and status within the Enterprise.

   5. The Enterprise operated within the Eastern District of New York, the Northern District of New York and elsewhere, including overseas.

   6. Among the means and methods by which the defendants and their associates participated in the conduct of the affairs of the Enterprise were the following:

     (a) Promoting, enhancing and protecting the Enterprise by committing, attempting and conspiring to commit crimes, including but not limited to visa fraud, identity theft, extortion, forced labor, sex trafficking, money laundering, wire fraud, tax evasion and obstruction of justice;

     (b) Demanding absolute commitment to RANIERE, including by exalting RANIERE's teachings and ideology, and not tolerating dissent;

     (c) Inducing shame and guilt in order to influence and control members and associates of the Enterprise;

     (d) Obtaining sensitive information about members and associates of the Enterprise in order to maintain control over them;

     (e) Recruiting and grooming sexual partners for RANIERE and obtaining nude photographs of women for RANIERE;

     (f) Isolating associates and others from friends and family and making them dependent on the Enterprise for their financial well-being and legal status in the United States;

(g)   Protecting and attempting to protect RANIERE and the
Enterprise by, among other things, gaining political influence and evading regulatory
agencies;

(h)   Using harassment, coercion and abusive litigation to intimidate
and attack perceived enemies and critics of RANIERE; and

(i)   Encouraging associates and others to take expensive Nxivm
courses, and incur debt to do so, as a means of exerting control over them and to obtain
financial benefits for the members of the Enterprise.

<u>The Defendants and Their Co-Conspirators</u>

7.   The defendant KEITH RANIERE, also known as "Vanguard,"
"Grandmaster" and "Master," founded and was the leader of Nxivm and DOS.   RANIERE
was also the head of the Enterprise.

8.   The defendant CLARE BRONFMAN was a member of the Enterprise
and a high-ranking member of Nxivm.   From at least in or about 2009 to 2018,
BRONFMAN served on Nxivm's Executive Board.

9.   The defendant ALLISON MACK was a member of the Enterprise and
a high-ranking member of Nxivm.   At various times relevant to the Indictment, MACK was
also a first-line master in DOS.

10.   The defendant KATHY RUSSELL was a member of the Enterprise and
a high-ranking member of Nxivm.   From at least in or about July 2002 to 2014, RUSSELL
served as Nxivm's bookkeeper.

11.   The defendant LAUREN SALZMAN was a member of the Enterprise
and a high-ranking member of Nxivm.   From at least in or about 2009 to 2018, SALZMAN

served on Nxivm's Executive Board. At various times relevant to the Indictment, SALZMAN was also a first-line master in DOS.

12. The defendants also acted in concert with other co-conspirators, both known and unknown, who were members and associates of the Enterprise, some of whose identities are known to the Grand Jury.

## COUNT ONE
### (Racketeering Conspiracy)

13. The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between 2003 and March 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL and LAUREN SALZMAN, together with others, being persons employed by and associated with the Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

15. The pattern of racketeering activity through which the defendants KEITH RANIERE, CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL and LAUREN SALZMAN, together with others, agreed to conduct and participate, directly and

6

indirectly, in the conduct of the affairs of the Enterprise consisted of multiple acts indictable

under:

    (a)    Title 18, United States Code, Section 1028 (identification document fraud and identification document fraud conspiracy, and identity theft and identity theft conspiracy);

    (b)    Title 18, United States Code, Section 1343 (wire fraud);

    (c)    Title 18, United States Code, Section 1512 (obstruction of justice and obstruction of justice conspiracy);

    (d)    Title 18, United States Code, Section 1546 (visa fraud);

    (e)    Title 18, United States Code, Section 1589 (forced labor);

    (f)    Title 18, United States Code, Section 1590 (trafficking in persons);

    (g)    Title 18, United States Code, Section 1591 (sex trafficking);

    (h)    Title 18, United States Code, Section 1592 (document servitude);

    (i)    Title 18, United States Code, Section 1952 (interstate and foreign travel in aid of racketeering);

    (j)    Title 18, United States Code, Sections 1956 and 1957 (money laundering and money laundering conspiracy);

    (k)    Title 18, United States Code, Section 2251 (child exploitation); and

    (l)    Title 18, United States Code, Section 2252 (possession of child pornography), and

multiple acts involving extortion, in violation of New York Penal Law Sections 155.30(6)

and 20.00. It was part of the conspiracy that each defendant agreed that a conspirator would

commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

        (Title 18, United States Code, Sections 1962(d), 1963(a) and 3551 et seq.)

## COUNT TWO
(Racketeering)

16.     The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

17.     In or about and between 2003 and March 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," CLARE BRONFMAN, ALLISON MACK and LAUREN SALZMAN, together with others, being persons employed by and associated with the Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
(Conspiracy to Commit Identity Theft and to
Unlawfully Possess Identification of Jane Doe 1)

18.     The defendant KEITH RANIERE, together with others, committed the following acts, either of which alone constitutes Racketeering Act One:

A.     Conspiracy to Commit Identity Theft

19.     In or about 2004, within the Northern District of New York and elsewhere, the defendant KEITH RANIERE, together with others, did knowingly and intentionally conspire to transfer, possess and use, without lawful authority and in and affecting interstate and foreign commerce, one or more means of identification of another

person, to wit: Jane Doe 1, an individual whose identity is known to the Grand Jury, with the

intent to commit, and to aid and abet, and in connection with, unlawful activity that

constituted one or more violations of federal law, to wit: bringing in, transporting and

harboring an alien, in violation of Title 8, United States Code, Section 1324(a)(1)(A),

contrary to Title 18, United States Code, Section 1028(a)(7), all in violation of Title 18,

United States Code, Section 1028(f).

B.     Conspiracy to Unlawfully Possess Identification Document

20.     In or about December 2004, within the Northern District of New York

and elsewhere, the defendant KEITH RANIERE, together with others, did knowingly and

intentionally conspire to possess a false identification document, to wit: a sheriff's

identification card with the last name and date of birth of Jane Doe 1, with the intent that

such document be used to defraud the United States, contrary to Title 18, United States Code,

Section 1028(a)(4), in violation of Title 18, United States Code, Section 1028(f).

RACKETEERING ACT TWO
(Sexual Exploitation of a Child – Jane Doe 2)

21.     On or about November 2, 2005, within the Northern District of New

York, the defendant KEITH RANIERE did knowingly and intentionally employ, use,

persuade, induce, entice and coerce a minor, to wit: Jane Doe 2, an individual whose identity

is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of

producing one or more visual depictions of such conduct, which visual depictions were

produced and transmitted using materials that had been mailed, shipped and transported in

and affecting interstate and foreign commerce by any means, in violation of Title 18, United

States Code, Sections 2251(a) and 2251(e).

## RACKETEERING ACT THREE
(Sexual Exploitation of a Child – Jane Doe 2)

22.     On or about November 24, 2005, within the Northern District of New York, the defendant KEITH RANIERE did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe 2, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## RACKETEERING ACT FOUR
(Possession of Child Pornography)

23.     In or about and between November 2005 and March 2018, both dates being approximate and inclusive, within the Northern District of New York, the defendant KEITH RANIERE did knowingly and intentionally possess matter containing one or more visual depictions, to wit: images contained in digital files stored on a Western Digital hard drive, which were produced using materials which had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate commerce, the production of such visual depictions having involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

## RACKETEERING ACT FIVE
### (Conspiracy to Commit Identity Theft)

24.     The defendants KEITH RANIERE and CLARE BRONFMAN, together with others, committed the following acts, either of which alone constitutes Racketeering Act Five:

### A.     Conspiracy to Commit Identity Theft

25.     In or about and between August 2005 and November 2008, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and CLARE BRONFMAN, together with others, did knowingly and intentionally conspire to transfer, possess and use, without lawful authority and in and affecting interstate and foreign commerce, one or more means of identification of one or more other persons, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: (1) intercepting wire and electronic communications, in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire and electronic communications, in violation of Title 18, United States Code, Section 2701, contrary to Title 18, United States Code, Section 1028(a)(7), all in violation of Title 18, United States Code, Section 1028(f).

### B.     Identity Theft of John Doe 1

26.     In or about and between January 2006 and November 2008, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendant KEITH RANIERE, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate commerce, one or more means of identification of another person, to wit: John Doe 1, an individual

whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: (1) intercepting wire and electronic communications, in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire and electronic communications, in violation of Title 18, United States Code, Section 2701, all in violation of Title 18, United States Code, Sections 1028(a)(7) and 2.

C.    Identity Theft of John Doe 2

27.    In or about and between January 2006 and November 2008, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and CLARE BRONFMAN, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate commerce, one or more means of identification of another person, to wit: John Doe 2, an individual whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: (1) intercepting wire and electronic communications, in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire and electronic communications, in violation of Title 18, United States Code, Section 2701, all in violation of Title 18, United States Code, Sections 1028(a)(7) and 2.

RACKETEERING ACT SIX
(Conspiracy to Alter Records for Use in an Official Proceeding)

28.    In or about and between February 2008 and March 2018, both dates being approximate and inclusive, within the District of New Jersey and elsewhere, the defendant KEITH RANIERE, together with others, did knowingly and intentionally conspire

to corruptly alter, destroy, mutilate and conceal one or more records, documents and other objects, to wit: video recordings, with the intent to impair such objects' integrity and availability for use in an official proceeding, to wit: NXIVM Corp., et al. v. Ross Institute, et al., 06 CV 1051 (D.N.J.), contrary to Title 18, United States Code, Section 1512(c)(1), all in violation of Title 18, United States Code, Section 1512(k).

### RACKETEERING ACT SEVEN
(Conspiracy to Commit Identity Theft – Jane Doe 3)

29.     In or about November 2008, within the Northern District of New York and elsewhere, the defendant KEITH RANIERE, together with others, did knowingly and intentionally conspire to transfer, possess and use, without lawful authority and in and affecting interstate commerce, one or more means of identification of another person, to wit: Jane Doe 3, an individual whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: (1) intercepting wire and electronic communications, in violation of Title 18, United States Code, Section 2511; and (2) unlawfully accessing wire and electronic communications, in violation of Title 18, United States Code, Section 2701, contrary to Title 18, United States Code, Section 1028(a)(7), all in violation of Title 18, United States Code, Section 1028(f).

### RACKETEERING ACT EIGHT
(Money Laundering)

30.     In or about March 2009, within the Northern District of New York and elsewhere, the defendant CLARE BRONFMAN, together with others, did knowingly and intentionally transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, from one or more places in the United States to and through one or more places

outside the United States and to one or more places in the United States from and through one or more places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: visa fraud, in violation of Title 18, United States Code, Section 1546, all in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

RACKETEERING ACT NINE
(Trafficking and Document Servitude – Jane Doe 4)

31.     The defendants KEITH RANIERE and LAUREN SALZMAN, together with others, committed the following acts, either of which alone constitutes Racketeering Act Nine:

A.     Trafficking of Jane Doe 4 for Labor and Services

32.     In or about and between March 2010 and April 2012, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and LAUREN SALZMAN, together with others, did knowingly and intentionally recruit, harbor, transport, provide and obtain a person, to wit: Jane Doe 4, an individual whose identity is known to the Grand Jury, for labor and services in violation of Title 18, United States Code, Chapter 77, to wit: (1) document servitude, in violation of Title 18, United States Code, Section 1592; and (2) forced labor, in violation of Title 18, United States Code, Section 1589, all in violation of Title 18, United States Code, Sections 1590 and 2.

B.     Document Servitude of Jane Doe 4

33.     In or about and between March 2010 and April 2012, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and LAUREN SALZMAN, together with others, did

knowingly and intentionally conceal, remove, confiscate and possess one or more

immigration documents and actual government identification documents of a person, to wit:

Jane Doe 4, in the course of, and with intent to commit, one or more violations of Title 18,

United States Code, Sections 1589 and 1590, all in violation of Title 18, United States Code,

Sections 1592 and 2.

### RACKETEERING ACT TEN
(State Law Extortion)

34.     In or about and between September 2015 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE, ALLISON MACK and LAUREN SALZMAN, together with

others, did knowingly and intentionally steal property by extortion, in that RANIERE,

MACK, SALZMAN and others obtained property, to wit: personal property and other things

of value, by compelling and inducing one or more persons, to wit: lower-ranking DOS

members, to deliver such property by instilling in them a fear that, if the property were not so

delivered, RANIERE, MACK, SALZMAN and others would (1) expose a secret and

publicize an asserted fact, whether true or false, tending to subject one or more persons to

hatred, contempt and ridicule; and (2) perform an act which would not in itself materially

benefit RANIERE, MACK, SALZMAN and others, but which was calculated to harm one or

more persons materially with respect to their health, safety, business, calling, career,

financial condition, reputation and personal relationships, in violation of New York Penal

Law Sections 155.30(6), 155.05(2)(e)(v), 155.05(2)(e)(ix) and 20.00.

## RACKETEERING ACT ELEVEN
### (Visa Fraud)

35.     In or about and between October 2015 and January 2018, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendant CLARE BRONFMAN, together with others, did knowingly and intentionally present an application, affidavit and other document required by the immigration laws and regulations prescribed thereunder, which contained one or more false statements with respect to a material fact and which failed to contain any reasonable basis in law and fact, to wit: BRONFMAN caused to be submitted to the United States consulate an offer of employment that BRONFMAN knew to contain materially false and fraudulent statements, which offer of employment was submitted in support of a visa application for another individual, in violation of Title 18, United States Code, Sections 1546(a) and 2.

## RACKETEERING ACT TWELVE
### (Sex Trafficking and Forced Labor – Jane Doe 5)

36.     The defendants KEITH RANIERE and ALLISON MACK, together with others, committed the following acts, either of which alone constitutes Racketeering Act Twelve:

A.     Sex Trafficking of Jane Doe 5

37.     In or about and between February 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE and ALLISON MACK, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain, maintain, patronize and solicit a person, to wit: Jane Doe 5, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by

receiving anything of value, from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, and a combination of such means, would be used to cause Jane Doe 5 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.    Forced Labor of Jane Doe 5

38.    In or about and between February 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE and ALLISON MACK, together with others, did knowingly and intentionally provide and obtain the labor and services of a person, to wit: Jane Doe 5, by means of (a) force, threats of force, physical restraint and threats of physical restraint to her and one or more other persons, (b) serious harm and threats of serious harm to her and one or more other persons, and (c) one or more schemes, plans and patterns intended to cause her to believe that, if she did not perform such labor and services, she and one or more other persons would suffer serious harm and physical restraint, and a combination of such means, in violation of Title 18, United States Code, Sections 1589(a) and 2.

RACKETEERING ACT THIRTEEN
(Forced Labor of Jane Doe 6)

39.    In or about and between February 2017 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LAUREN SALZMAN, together with others, did knowingly and intentionally obtain the labor and services of a person, to wit: Jane Doe 6, an individual whose identity is known to the Grand Jury, by means of (a) force, threats of force, physical restraint and

threats of physical restraint to her and one or more other persons, (b) serious harm and threats of serious harm to her and one or more other persons, and (c) one or more schemes, plans and patterns intended to cause her to believe that, if she did not perform such labor and services, she and one or more other persons would suffer serious harm and physical restraint, and a combination of such means, in violation of Title 18, United States Code, Sections 1589(a) and 2.

### RACKETEERING ACT FOURTEEN
(Conspiracy to Commit Identity Theft – Jane Doe 7)

40.    In or about and between November 2016 and March 2018, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendants KEITH RANIERE and CLARE BRONFMAN, together with others, did knowingly and intentionally conspire to transfer, possess and use, without lawful authority and in and affecting interstate and foreign commerce, one or more means of identification of another person, to wit: Jane Doe 7, an individual whose identity is known to the Grand Jury, with the intent to commit, and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of federal law, to wit: tax evasion, in violation of Title 26, United States Code, Section 7201, contrary to Title 18, United States Code, Section 1028(a)(7), all in violation of Title 18, United States Code, Section 1028(f).

(Title 18, United States Code, Sections 1962(c), 1963(a) and 3551 et seq.)

### COUNT THREE
(Sexual Exploitation of a Child – Jane Doe 2)

41.    On or about November 2, 2005, within the Northern District of New York, the defendant KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a

minor, to wit: Jane Doe 2, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT FOUR
### (Sexual Exploitation of a Child – Jane Doe 2)

42.     On or about November 24, 2005, within the Northern District of New York, the defendant KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe 2, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT FIVE
### (Possession of Child Pornography)

43.     In or about and between November 2005 and March 2018, both dates being approximate and inclusive, within the Northern District of New York, the defendant KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," did knowingly and intentionally possess matter containing one or more visual depictions, to wit: images contained in digital files stored on a Western Digital hard drive, which were produced using materials which had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate commerce, the production of

such visual depictions having involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

## COUNT SIX
### (Forced Labor Conspiracy)

44.     In or about and between September 2015 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," ALLISON MACK and LAUREN SALZMAN, together with others, did knowingly and intentionally conspire to provide and obtain the labor and services of one or more persons, to wit: lower-ranking DOS members, by means of (a) force, physical restraint and threats of physical restraint to them and one or more other persons, (b) serious harm and threats of serious harm to them and one or more other persons, and (c) one or more schemes, plans and patterns intended to cause them to believe that, if they did not perform such labor and services, they and one or more other persons would suffer serious harm, and a combination of such means, contrary to Title 18, United States Code, Section 1589(a).

(Title 18, United States Code, Sections 1594(b) and 3551 et seq.)

## COUNT SEVEN
### (Wire Fraud Conspiracy)

45.     In or about and between September 2015 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," ALLISON MACK and LAUREN SALZMAN, together with others, did knowingly and

intentionally conspire to devise a scheme and artifice to defraud one or more persons, to wit: lower-ranking DOS members, and to obtain money and property, including rights to assets, credit card authorizations and sexually explicit photographs and videos, from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, to wit: electronic messages, telephone text messages and Telegram messages, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT EIGHT
### (Sex Trafficking Conspiracy)

46.    In or about and between February 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," and ALLISON MACK, together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain, maintain, patronize and solicit one or more persons, to wit: one or more lower-ranking DOS members, in and affecting interstate and foreign commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion, and a combination of such means, would be used to cause such persons to engage in one or more commercial sex acts,

which offense was effected by force, fraud, coercion and a combination of such means,

contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c), 1591(b)(1) and 3551 et seq.)

COUNT NINE
(Sex Trafficking – Jane Doe 5)

47.     In or about and between February 2016 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master,"

and ALLISON MACK, together with others, did knowingly and intentionally recruit, entice,

harbor, transport, provide, obtain, maintain, patronize and solicit a person, to wit: Jane Doe

5, in and affecting interstate and foreign commerce, and did benefit, financially and by

receiving anything of value, from participation in a venture that engaged in such acts,

knowing and in reckless disregard of the fact that means of force, threats of force, fraud and

coercion, and a combination of such means, would be used to cause Jane Doe 5 to engage in

one or more commercial sex acts, which offense was effected by force, fraud, coercion and a

combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2

and 3551 et seq.)

COUNT TEN
(Attempted Sex Trafficking – Jane Doe 8)

48.     In or about and between February 2016 and June 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master,"

and ALLISON MACK, together with others, did knowingly and intentionally attempt to

recruit, entice, harbor, transport, provide, obtain, maintain, patronize and solicit one or more

persons, to wit: Jane Doe 8, an individual whose identity is known to the Grand Jury, in and

affecting interstate and foreign commerce, and to benefit, financially and by receiving

anything of value, from participation in a venture that engaged in such acts, knowing and in

reckless disregard of the fact that means of force, threats of force, fraud and coercion, and a

combination of such means, would be used to cause such person to engage in one or more

commercial sex acts, which offense was effected by force, fraud, coercion and a combination

of such means, in violation of Title 18, United States Code, Sections 1591(a)(1) and

1591(a)(2).

   (Title 18, United States Code, Sections 1594(a), 1591(b)(1), 2 and 3551 <u>et</u>

<u>seq</u>.)

## COUNT ELEVEN
(Conspiracy to Commit Identity Theft – Jane Doe 7)

   49. In or about and between November 2016 and March 2018, both dates

being approximate and inclusive, within the Northern District of New York, the defendants

KEITH RANIERE, also known as "Vanguard," "Grandmaster" and "Master," and CLARE

BRONFMAN, together with others, did knowingly and intentionally conspire to transfer,

possess and use, without lawful authority and in and affecting interstate and foreign

commerce, one or more means of identification of another person, to wit: Jane Doe 7, with

the intent to commit, and to aid and abet, and in connection with, unlawful activity that

constituted one or more violations of federal law, to wit: tax evasion, in violation of Title 26,

United States Code, Section 7201, contrary to Title 18, United States Code, Section 1028(a)(7).

(Title 18, United States Code, Sections 1028(f) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE AND TWO

50. The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offenses to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

51. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section

1963(m), to seek forfeiture of any other property of the defendants up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1963)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE, FOUR AND FIVE

52.    The United States hereby gives notice to the defendant charged in

Counts Three, Four and Five that, upon his conviction of any such offenses, the government

will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which

requires the forfeiture of (a) any visual depiction described in Section 2251, 2251A, 2252,

2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine,

periodical, film, videotape or other matter which contains any such visual depiction, which

was produced, transported, mailed, shipped or received in violation of such sections; (b) any

property, real or personal, constituting, or traceable to, gross profits or other proceeds

obtained from such offenses; and (c) any property, real or personal, used or intended to be

used to commit or to promote the commission of such offenses or any property traceable to

such property.

If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS SIX, EIGHT, NINE AND TEN

53.    The United States hereby gives notice to the defendants charged in Counts Six, Eight, Nine and Ten that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d) of (a) any property, real or personal, that was involved in, used or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, or any property traceable to such property, including but not limited to:

(i)    the real property located at 8 Hale Drive, Halfmoon, New York 12065, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings;

(ii)    fifteen thousand six hundred seventy dollars and zero cents ($15,670.00) in United States currency seized on or about March 27, 2018, from 3 Oregon Trail, Waterford, New York 12188;

(iii)   three hundred ninety thousand one hundred eighty dollars and zero cents ($390,180.00) in United States currency seized on or about March 27, 2018, from 3 Oregon Trail, Waterford, New York 12188; and

(iv)    one hundred nine thousand seven hundred twenty-seven dollars and zero cents ($109,727.00) in United States currency seized on or about March 27, 2018, from 3 Oregon Trail, Waterford, New York 12188.

54.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT SEVEN

55.    The United States hereby gives notice to the defendants charged in Count Seven that, upon their conviction of such offense, the government will seek forfeiture

in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

56.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ELEVEN

57.   The United States hereby gives notice to the defendants charged in Count Eleven that, upon their conviction of such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offense to forfeit any property constituting, or derived from,

proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 1028(b)(5), which requires any person convicted of such offense to forfeit any personal property used or intended to be used to commit the offense.

      58.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1) and 1028(b)(5); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F. # 2017R01840
FORM DBD-34
JUN. 85

No.   18-CR-204 (NGG) (S-2)

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*KEITH RANIERE, also known as "Vanguard,"*
*"Grandmaster" and "Master," et al.,*

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(2)(B), 982(b)(1), 1028(b)(5),
1028(f), 1349, 1591(a)(1), 1591(a)(2), 1591(b)(1), 1594(a), 1594(b),
1594(c), 1594(d), 1962(c), 1962(d), 1963, 1963(a), 2251(a), 2251(e),
2252(a)(4)(b), 2252(b)(2), 2253(a), 2253(b), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

---------------------------------------------------

Foreperson

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

---------------------------------------------------

Clerk

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Moira Kim Penza, Tanya Hajjar, Mark J. Lesko, Kevin Trowel, Karin Orenstein*
*Assistant U.S. Attorneys (718) 254-7000*

# ATTACHMENT 2



# ATTACHMENT 3

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| | Case Number:    CR 18-0204 (S-2) (NGG) |
| **KEITH RANIERE** | USM Number:    57005-177 |
| | Marc A. Agnifilo, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

X    was found guilty by jury  verdict on Counts 1, 2, 6, 7, 8, 9 & 10 of the Superseding Indictment (S-2).

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| SEE PAGE 2 OF JUDGMENT | | | |

The defendant is sentenced as provided in pages 2 through _____11_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X    Any underlying Indictment is dismissed by motion of   the United States.

X    Counts 3, 4, 5 & 11 of the Superseding Indictment (S-2) are dismissed by motion of the United States before trial.

☐ Count(s) _____ ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 27, 2020
Date of Imposition of Judgment

Signature of Judge

Nicholas G. Garaufis, U.S.D.J.
Name and Title of Judge

October 30, 2020
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1A

DEFENDANT: **KEITH RANIERE**                                    Judgment—Page ___2___ of ___11___
CASE NUMBER: CR 18-0204 (S-2)(NGG)

## ADDITIONAL COUNTS OF CONVICTION

**Offense:**

<u>Count 1</u>:
RACKETEERING CONSPIRACY
18 U.S.C. §1962(d), 18 U.S.C. §1963(a)
Not more than life imprisonment/$250,000 fine
(Class A Felony)

<u>Count 2</u>:
RACKETEERING
18 U.S.C. §1962(c), 18 U.S.C. §1963(a)
Not more than life imprisonment/$250,000 fine
(Class A Felony)

<u>Count 6</u>:
FORCED LABOR CONSPIRACY
18 U.S.C. §1594(b)
Not more than 20 years imprisonment/$250,000 fine
(Class C Felony)

<u>Count 7</u>:
WIRE FRAUD CONSPIRACY
18 U.S.C. §1349, 18 U.S.C. §1343
Not more than 20 years imprisonment/$250,000 fine
(Class C Felony)

<u>Count 8</u>:
SEX TRAFFICKING CONSPIRACY
18 U.S.C. §1594(c), 18 U.S.C. §1591(b)(1)
15 years to life imprisonment/$250,000 fine
(Class A Felony)

<u>Count 9</u>:
SEX TRAFFICKING OF JANE DOE 5
18 U.S.C. §1591(a)(1), 18 U.S.C. §1591(b)(1)
15 years to life imprisonment/$250,000 fine
(Class A Felony)

<u>Count 10</u>:
ATTEMPTED SEX TRAFFICKING OF JANE DOE 8
18 U.S.C. §1594(a), 18 U.S.C. §1591(b)(1)
15 years to life imprisonment/$250,000 fine
(Class A Felony)

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:        **KEITH RANIERE**
CASE NUMBER:     **CR 18-0204 (S-2) (NGG)**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:    **SEE PAGE 4 OF JUDGMENT.**

.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 2A — Imprisonment

DEFENDANT: **KEITH RANIERE**
CASE NUMBER: CR 18-0204 (S-2) (NGG)

## ADDITIONAL IMPRISONMENT TERMS

FORTY (40) YEARS (480 MONTHS) (CAG) ON COUNT ONE (1) OF THE SUPERSEDING INDICTMENT (S-2) TO BE SERVED CONCURRENTLY WITH THE SENTENCE ON COUNT 2 AND CONSECUTIVELY WITH ALL OTHER SENTENCES IMPOSED;

FORTY (40) YEARS (480 MONTHS) (CAG) ON COUNT TWO (2) OF THE SUPERSEDING INDICTMENT (S-2) TO BE SERVED CONCURRENTLY WITH THE SENTENCE IMPOSED ON COUNT 1 AND CONSECUTIVELY WITH ALL OTHER SENTENCES IMPOSED;

TWENTY (20) YEARS (240 MONTHS) (CAG) ON COUNT SIX (6) OF THE SUPERSEDING INDICTMENT (S-2) TO BE SERVED CONSECUTIVELY WITH ALL OTHER SENTENCES IMPOSED;

TWENTY (20) YEARS (240 MONTHS) (CAG) ON COUNT SEVEN (7) OF THE SUPERSEDING INDICTMENT (S-2) TO BE SERVED CONSECUTIVELY WITH ALL OTHER SENTENCES IMPOSED;

FORTY (40) YEARS (480 MONTHS) (CAG) ON COUNT EIGHT (8) OF THE SUPERSEDING INDICTMENT (S-2) TO BE SERVED CONCURRENTLY WITH THE SENTENCES IMPOSED ON COUNTS 9 AND 10, AND CONSECUTIVELY WITH ALL OTHER SENTENCES IMPOSED;

FORTY (40) YEARS (480) MONTHS (CAG) ON COUNT NINE (9) OF THE SUPERSEDING INDICTMENT (S-2) TO BE SERVED CONCURRENTLY WITH THE SENTENCES ON COUNTS 8 AND 10, AND CONSECUTIVELY WITH ALL OTHER SENTENCES IMPOSED;

FORTY (40) YEARS (480) MONTHS (CAG) ON COUNT TEN (10) OF THE SUPERSEDING INDICTMENT (S-2) TO BE SERVED CONCURRENTLY WITH THE SENTENCES ON COUNTS 8 AND 9, AND CONSECUTIVELY WITH ALL OTHER SENTENCES IMPOSED.

TO SUMMARIZE, THIS IS A CUMULATIVE SENTENCE OF 120 YEARS (CAG).

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
               Sheet 3 — Supervised Release

| | |
|---|---|
| DEFENDANT: **KEITH RANIERE** | Judgment—Page __5__ of __11__ |
| CASE NUMBER: **CR 18-0204 (S-2) (NGG)** | |

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: FIVE (5) YEARS ON COUNT ONE (1) OF THE SUPERSEDING INDICTMENT (S-2). FIVE (5) YEARS ON COUNT TWO (2) OF THE SUPERSEDING INDICTMENT (S-2). THREE (3) YEARS ON COUNT SIX (6) OF THE SUPERSEDING INDICTMENT (S-2). THREE (3) YEARS ON COUNT SEVEN (7) OF THE SUPERSEDING INDICTMENT (S-2). A LIFETIME TERM ON COUNT EIGHT (8) OF THE SUPERSEDING INDICTMENT (S-2). A LIFETIME TERM ON COUNT NINE (9) OF THE SUPERSEDING INDICTMENT (S-2). A LIFETIME TERM ON COUNT TEN (10) OF THE SUPERSEDING INDICTMENT (S-2). ALL TERMS OF SUPERVISED RELEASE TO BE SERVED CONCURRENTLY WITH ONE ANOTHER.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT: KEITH RANIERE
CASE NUMBER: CR 18-0204 (S-2) (NGG)

Judgment—Page _____ 6 _____ of _____ 11 _____

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

Case 1:18-cr-00204-NGG Document 1143 Filed 03/26/22 Page 48 of 52 PageID #: 17491

| | | Judgment—Page | 7 | of | 11 |

**DEFENDANT:** KEITH RANIERE
**CASE NUMBER:** CR 18-0204 (S-2)(NGG)

## SPECIAL CONDITIONS OF SUPERVISION

#1. The defendant shall comply with any applicable state and/or federal sex offender registration requirements, as instructed by the probation officer, the Bureau of Prisons, or any state offender registration agency in the state where he resides, works, or is a student;

#2. The defendant shall participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as approved by the U.S. Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay. As part of the treatment program for sexual disorders, the defendant shall participate in polygraph examinations to obtain information necessary for risk management and correctional treatment;

#3. The defendant shall not associate with or have any contact with convicted sex offenders unless in a therapeutic setting and with the permission of the U.S. Probation Department;

#4. The defendant shall not associate with children under the age of 18, unless a responsible adult is present and he has prior approval from the Probation Department. Prior approval does not apply to contacts which are not known in advance by the defendant where children are accompanied by a parent or guardian or for incidental contacts in a public setting. Any such non-pre-approved contacts with children must be reported to the Probation Department as soon as practicable, but no later than 12 hours. Upon commencing supervision, the defendant shall provide to the Probation Department the identity and contact information regarding any family members or friends with children under the age of 18, whom the defendant expects to have routine contact with, so that the parents or guardians of these children may be contacted and the Probation Department can approve routine family and social interactions such as holidays and other family gatherings where such children are present and supervised by parents or guardians without individual approval of each event;

#5. If the defendant cohabitates with an individual who has residential custody of minor children, the defendant will inform that other party of his prior criminal history concerning his sex offense. Moreover, he will notify the party of his prohibition of associating with any child(ren) under the age of 18, unless a responsible adult is present;

#6. The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner;

| | |
|---|---|
| DEFENDANT: | KEITH RANIERE |
| CASE NUMBER: | CR 18-0204 (S-2)(NGG) |

## SPECIAL CONDITIONS OF SUPERVISION

#7.  The defendant is not to use a computer, Internet capable device, or similar electronic device to access pornography of any kind. The term "pornography" shall include images or video of adults or minors engaged in "sexually explicit conduct" as that term is defined in Title 18, U.S.C. § 2256(2).  The defendant shall also not use a computer, Internet capable device or similar electronic device to view images of naked children. The defendant shall not use his computer to view pornography or images of naked children stored on related computer media, such as CDs or DVDs, and shall not communicate via his computer with any individual or group who promotes the sexual abuse of children. The defendant shall also cooperate with the U.S. Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant shall inform all parties that access a monitored computer, or similar electronic device, that the device is subject to search and monitoring. The defendant may be limited to possessing only one personal Internet capable device, to facilitate the Probation Department's ability to effectively monitor his/her Internet related activities. The defendant shall also permit random examinations of said computer systems, Internet capable devices, similar electronic devices, and related computer media, such as CDs, under his control.

#8.  The defendant shall report to the Probation Department any and all electronic communications service accounts (as defined in 18 U.S.C. § 2510(15)) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation of release. The defendant shall permit the Probation Department to access and search any account(s) using the defendant's credentials pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the account(s) to be searched contains evidence of this violation. Failure to submit to such a search may be grounds for revocation of release.

#9.  Upon request, the defendant shall provide the U.S. Probation Department with full disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Department. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Department access to his financial information and records;

DEFENDANT:      KEITH RANIERE
CASE NUMBER:   CR 18-0204 (S-2)(NGG)

## SPECIAL CONDITIONS OF SUPERVISION

#10.  The defendant shall not have contact with any of the named victims of his offenses. This means that he shall not attempt to meet in person, communicate by letter, telephone, or through a third party, without the knowledge and permission of the Probation Department;

#11.  The defendant shall not associate in person, through mail, electronic mail or telephone with any individual with an affiliation to Executive Success Programs, Nxivm, DOS or any other Nxivm-affiliated organizations; nor shall the defendant frequent any establishment, or other locale where these groups may meet pursuant, but not limited to, a prohibition list provided by the U.S. Probation Department;

#12.  The defendant shall comply with the fine payment order;

#13.  The defendant shall comply with the attached Order of Forfeiture.

Case 1:18-cr-00204-NGG Document 960 Filed 05/26/22 Page 51 of 52 PageID #: 17494

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 5 — Criminal Monetary Penalties

DEFENDANT:      KEITH RANIERE
CASE NUMBER:    CR 18-0204 (S-2) (NGG)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | Forfeiture Money Judgment | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 700.00 | $ TBD | $ 1,750,000.00 | $ N/A | $ 15,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine  ☐ restitution.

    ☐ the interest requirement for the   ☐ fine  ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 6 — Schedule of Payments

DEFENDANT:        KEITH RANIERE
CASE NUMBER:      CR 18-0204 (S-2) (NGG)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   X   **Special Assessment of $ _700.00_____** due immediately, balance due

      ☐   not later than _____ , or
      ☐   in accordance with ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B   ☐   .                                            ☐        ☐ D, or    ☐ F below); or

C   X   **Fine Payment of $1,750,000.00 due immediately.**
    ☐   _____ (                                                      _____ over a period of
      _____ _ (e.g., months or years), to commence ___ _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ _ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E   .
    X   **JVTA assessment of $15,000.00**

F   X   **Order of Restitution to be determined**

    **An Order of Restitution must be submitted within 90 days from October 27, 2020.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Case Number
    Defendant and Co-Defendant Names   .
    *(including defendant number)*              **Total Amount**

| Joint and Several Amount | Corresponding Payee, if appropriate |
| --- | --- |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.