Exhibit F

October 30, 2021

Dear Honorable Judge Komitee,

My name is Suneel Chakravorty. I am not a party to this case, nor am I an attorney. I am defendant Keith Raniere's power of attorney.

The plaintiffs' attorney, Neil Glazer referred to me in a status conference on October 15 (Dkt. 92) and his letter to the Court dated October 29 (Dkt. 100), requesting a non-party subpoena be served upon me.

I respectfully submit this letter to your Honor in response to some of Mr. Glazer's comments.

First and foremost, I am not in possession, nor have I ever been, of any hard drive, or copy thereof, from the criminal case. By now, Honorable Judge Garaufis's inquiry has likely confirmed this. I do not possess any DOS collateral, nor do I possess or have I ever seen any nude photographs of Camila, one of the plaintiffs in the case before you.

To my knowledge, I possess no evidence that has any relevance to this civil litigation.

I do possess redacted nude photos [where the breasts and genitals are blurred] of a 27-year-old Camila, taken in 2017, which contain no visible appendectomy scar. The original, unredacted version of the photos, which I do not possess, were not collateral.

I was informed that these photos were voluntarily and happily taken by the founding sisters of DOS as a ritual before meetings and were not meant for anyone to use as collateral.

The purpose of the redacted photos is to possibly be used as evidence in the criminal proceeding of the USA v Raniere, to show that the prosecution's determining the age of the subject in the photos based on the lack of an appendectomy scar is not dispositive, and the redacted photos are not to be otherwise disseminated. I would be glad to submit these redacted photos to the Court, *ex parte* and under seal.

As Mr. Raniere's power of attorney, I have referred cyber forensics experts to his criminal counsel to investigate his allegation that the FBI falsified and tampered with evidence. These experts signed a Protective Order and had access to protected discovery materials. The experts include the following:

Dr. James Richard Kiper, Ph.D., who served in the FBI for twenty years and retired in 2019, in good standing. He is a celebrated whistleblower and the "raison d'etre" of the FBI Whistleblower Protection Enhancement Act of 2016.

Mr. Steve Abrams, M.S., J.D., who has advised and trained federal, state and local law enforcement in cyber forensics for three decades, on over 1,200 cases.

Mr. Wayne Norris, who has been an expert witness in roughly 100 cases, holds several patents in nuclear instrumentation, and has a diverse technical background, from working on the Apollo project, to project managing for the US Navy, to digital forensics.

These experts have stated that prior to this case, they had never before seen or claimed to have seen credible evidence of tampering on the part of any law enforcement. After examining the forensic evidence, they issued reports which may be used in a motion in the criminal case, and here are some of their findings:

- FBI Senior Forensic Examiner Brian Booth provided false testimony.
- An unknown person improperly accessed and altered data on the camera card on 9/19/18.
- Photos were added to the camera card while the device was in FBI custody, between 4/11/19 and 6/11/19.
- Date and times of photos on the hard drive were manually altered.
- Folder names were manually set to exact dates and times in 2005, to corroborate the fabricated photo dates.
- The backup folder on the hard drive containing the photos was backdated and manually placed on the hard drive and efforts were made to conceal the forgery and make it look like a legitimate automatic computer backup.

Dr. Kiper writes in his technical report, "In my 20 years as an FBI agent, I have never observed or claimed that an FBI employee tampered with evidence, digital or otherwise. But in this case, I strongly believe the multiple, intentional alterations to the digital information I have discovered constitute evidence manipulation. And when so many human-generated alterations happen to align with the government's narrative, I believe any reasonable person would conclude that evidence tampering had taken place. My analysis demonstrates that some of these alterations definitely took place while the devices were in the custody of the FBI. Therefore, in the absence of any other plausible explanation it is my expert opinion that the FBI must have been involved in this evidence tampering."

Mr. Abrams writes, "[I]t saddens me to conclude that the most plausible explanation for these artifacts is manual alteration of the digital photographic and file system evidence and an unsuccessful attempt to cover that manual alteration, at least some of which had to have occurred while the evidence was in the custody of the FBI."

Mr. Norris writes, "I believe based on what I have reviewed that Dr. Kiper is correct in his assessments that no plausible explanation exists for the anomalies in the Government's exhibits other than intentional tampering on the part of the Government."

I hope that the above information assuages Mr. Glazer's concerns and provides this Court with useful context.

Sincerely,

Suneel Chakravorty

*Suneel Kumar Chakravorty*

## ALL-PURPOSE ACKNOWLEDGMENT

State/Commonwealth of __TEXAS__ )
☐ City ☑ County of __Comal__ )

On __11/01/2021__ before me, __Lauren Peterson__,
      Date                                        Notary Name

personally appeared __Suneel Kumar Chakravorty__
                                          Name(s) of Signer(s)

☐ personally known to me -- OR --

☐ proved to me on the basis of the oath of _____ -- OR --
                                         Name of Credible Witness

☑ proved to me on the basis of satisfactory evidence: __passport__
                                         Type of ID Presented

to be the individual(s) whose name(s) is (are) subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and by proper authority, and that by his/her/their signature(s) on the instrument, the individual(s), or the person(s) or entity upon behalf of which the individual(s) acted, executed the instrument for the purposes and consideration therein stated.

WITNESS my hand and official seal.

Notary Public Signature: *Lauren Peterson*

Notary Name: __Lauren Peterson__
Notary Commission Number: __12499352-4__
Notary Commission Expires: __06/03/2025__

*Notarized online using audio-video communication*

[Notary seal: Lauren Peterson, ID NUMBER 12499352-4, COMMISSION EXPIRES June 3, 2025, State of Texas]

### DESCRIPTION OF ATTACHED DOCUMENT

Title or Type of Document: __Letter__
Document Date: __11/01/2021__ Number of Pages (w/ certificate): __3__
Signer(s) Other Than Named Above: __N/A__

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: __Suneel Kumar Chakravorty__

☐ Corporate Officer Title: _____
☐ Partner -- ☐ Limited ☐ General
☑ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian of Conservator
☐ Other: _____
Signer Is Representing: __Self__

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____

☐ Corporate Officer Title: _____
☐ Partner -- ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian of Conservator
☐ Other: _____
Signer Is Representing: _____

( 3 )

Ex. F, p. 3