GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>                    Plaintiff,<br><br>       vs.<br><br>Merrick Garland, et al.,<br><br>                    Defendants. | CV-22-00212-TUC-RM<br><br>**DEFENDANTS' RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER** |

      Defendants Garland, Carvajal and Colbert, acting in their official capacity by and through undersigned counsel, respond to Plaintiff's Motion for Temporary Restraining Order (Doc. 13).  Defendants hereby incorporate Defendants' Response to Motion for Preliminary Injunction (Doc. 14) in its entirety.  For the reasons set forth in that response and the additional reasons discussed below, Defendants request that the Court deny the Motion.

**I.       Background:  Plaintiff's Access to Counsel at USP Tucson**

      Defendants provided evidence that the Bureau of Prisons (Bureau) has facilitated numerous legal calls and frequent legal visits between Plaintiff and his attorneys.  (Doc. 14-2 at 5-8, 37-38, 40-41.)  Counselor Flores facilitated at least 32 legal calls between Plaintiff and various attorneys between October 2021 and May 2022.  (*Id.* at 5-7, 37-38.)  Counselor Ashworth facilitated an additional 16 legal calls between January and May 2022.  (*Id.* at 7-8, 40-41.)  So far in June, Bureau employees have facilitated an additional five legal calls

between Plaintiff and his attorneys, including calls on June 1, 2022, June 7, 2022, June 8, 2022, and June 10, 2022.  (Ex. A, Flores Decl. II, ¶¶ 2-3, Att. 1, Legal Call Log I, Att. 2, Legal Call Log II.)

Bureau employees also have continued to facilitate Plaintiff's legal visits with his attorneys.  Since May 19, 2022, Plaintiff has had six legal visits with his attorneys, and he has three more scheduled this week.  (*Id.* ¶¶ 4-5.)  No attorney has requested that the Bureau grant Mr. Chakravorty paralegal privileges, nor has any attorney sponsored him as a paralegal.  (*Id.* ¶ 1.)  Therefore, Mr. Chakravorty is not afforded legal visitation, legal call or legal correspondence privileges with Plaintiff.  (*Id.*)

## II.     Legal Discussion

### A.     Standards for a Motion for Temporary Restraining Order Without Notice

Rule 65(b)(1), Fed.R.Civ.P., provides

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) *specific facts in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) *the movant's attorney certifies in writing any efforts made to give notice* and the reasons why it should not be required.

(Emphasis added.)  Additionally, Rule 65(b)(2), Fed.R.Civ.P., provides

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

### B.     Plaintiff has not met the Standards for a Temporary Restraining Order Without Notice

Plaintiff asserts that he has met the required standards because Defendants have

actual notice of the First Amended Complaint (FAC) and the Motion for Preliminary Injunction and that "[a]dditional notice should not be required because it is apparent that Defendants intend to delay their response until the harm has been done, and the F.R.Crim.P. Rule 33 deadline has passed." (Doc. 13 at 3.)  First, counsel was required to certify in writing any efforts made to give notice of the motion for a temporary restraining order, not of the underlying action.  *See* Rule 65(b)(1)(b), Fed.R.Civ.P.  Second, Plaintiff introduces no evidence to support the spurious claim that Defendants were delaying responding to the Motion for Preliminary Injunction.  Plaintiff did not even serve the Motion for Preliminary Injunction, which was docketed on May 26, 2022, until June 1, 2022, the day *after* the Court ordered him to do so immediately. (Docs. 9 at 2, 10-12.)  On June 1, 2022, undersigned counsel was selected as a juror for a week-long jury trial in state court.  During the same week, agency counsel was out of state in training for two days.

Additionally, this Court indicated that it would order an expedited response from Defendants after Plaintiff served them. (Doc. 9 at 2.)  To date, the Court has not ordered the response date, yet Defendants filed their Response as soon as possible after counsel finished jury duty.

Moreover, after Plaintiff filed the Motion for Preliminary Injunction, this Court noted: "Plaintiff does not seek a temporary restraining order and to the extent Plaintiff is requesting relief without notice to Defendants, Plaintiff has not met the standard for such relief under Federal Rule of Civil Procedure 65(b)(1)." (Doc. 9 at 2.)  Plaintiff still has not met the standard.  Plaintiff did not include any "*specific facts in an affidavit or a verified complaint* [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  *See* Rule 65(b)(1)(b), Fed.R.Civ.P.  Instead, Plaintiff included conclusory allegations about Mr. Tully needing Mr. Chakravorty's assistance in drafting additional Rule 33 motions, which were not referenced in the FAC. (Doc. 3, generally.)  Mr. Tully has not requested that the Bureau allow Mr. Chakravorty access to Plaintiff to assist in the motions.  Instead, Mr. Tully asked that the Bureau accommodate legal visits with Mr. Stoltz, an attorney who acts as his "eyes

and ears." (Ex. A, ¶ 5, n. 2, Att. 3, Email from Mr. Tully to Counselor Flores and others.)

As demonstrated above, the Bureau has facilitated numerous legal calls and legal visits between Plaintiff and his attorneys, with three additional legal visits scheduled for this week. As demonstrated in the Response to the Motion for Preliminary Injunction (Doc. 14), Plaintiff has not established that Mr. Chakravorty is a paralegal employed by Mr. Tully, rather than merely an ardent supporter, who was affiliated with NXIVM and is not permitted contact with Plaintiff because he poses a security threat to the institution and the public.

## III. Request for Hearing

It is Plaintiff's burden to establish entitlement to a Temporary Restraining Order, which he has failed to do. However, in the event further evidence or information are needed for the denial of Plaintiff's motion, Defendants request an evidentiary hearing.

## IV. Conclusion

For all of the foregoing reasons, Defendants Garland, Carvajal and Colbert request that the Court deny the Motion for Temporary Restraining Order.

RESPECTFULLY SUBMITTED: June 14, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Denise Ann Faulk*
DENISE ANN FAULK
Assistant U.S. Attorney

Copy of the foregoing served via EM/ECF to

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717
*Pro Se*

s/ *Pamela. Vavra*
*/ Response to MTRO*

- 4 -