GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>         Plaintiff,<br><br>    vs.<br><br>Merrick Garland, et al.,<br><br>         Defendants. | CV 22-00212-TUC-RCC<br><br>**STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION** |

Defendants Garland, Carvajal and Colbert, acting in their official capacity by and through the attorneys undersigned, file this Statement of Facts in support of Defendants' Motion for Summary Judgment on Exhaustion pursuant to Fed.R.Civ.P. 56.

**A.    Plaintiff**

1.    Plaintiff Keith Raniere is a federal inmate at the United States Penitentiary (USP Tucson) in Tucson, Arizona. (Doc. 14-2 at 3, 16-17.)

2.    Plaintiff is serving an aggregate sentence of 120-years for racketeering conspiracy, racketeering, forced labor conspiracy, wire fraud conspiracy, sex trafficking conspiracy, sex trafficking of Jane Doe 5, and attempted sex trafficking of Jane Doe 8 in violation of multiple federal statutes. (Doc. 14-2 at 3, 16-17, 21-24.)

3.    Plaintiff is projected to be released from custody on June 27, 2120. (Doc. 14-2 at 3, 15, 19.)

4.    On January 21, 2021, Plaintiff was given an Inmate Admission &

Orientation (A&O) Handbook, which describes the administrative remedy process.  (Ex. A, Diaz Declaration, ¶ 4, Att. 1, Intake Screening Form & A&O Program Checklist.)

**B.     Administrative Remedy Program**

5.     The Bureau has a four-tiered Administrative Remedy Program for inmate grievances, which is codified at 28 C.F.R. § 542.10 *et seq.*  The first step is informal resolution with prison staff.  28 C.F.R. § 542.13(a).  Requests for Informal Resolution Forms (also known as a BP-8) are not assigned a Remedy ID number and are not tracked.  B-8 forms require the inmate to identify: (1) the inmate's complaint; (2) the relief the inmate is requesting; and (3) efforts made by the inmate to informally resolve the complaint, including the names of the staff he contacted.  *See* 28 C.F.R. § 542.13(a) ("Each Warden shall establish procedures to allow for the informal resolution of inmate complaints.").  The second step is the filing of a formal Request for Administrative Remedy (also known as a BP-9) at the institution in which the inmate is incarcerated.  *See* 28 C.F.R. § 542.14.  The BP-9 must be filed within "20 calendar days following the date on which the basis for the Request occurred."  *See* 28 C.F.R. § 542.14(a).  If the inmate feels the response to his BP-9 is not satisfactory, within 20 calendar days of the date the Warden signed the response, the inmate may then appeal the complaint to the Regional Director, by filing a Regional Office Administrative Remedy Appeal (also known as a BP-10).  *See* 28 C.F.R. § 542.15(a).  If dissatisfied with the Regional Director's response, the inmate may appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington D.C., by filing a Central Office Administrative Remedy Appeal (also known as a BP-11).  *Id.*  An inmate may not raise in an appeal an issue he did not raise in a lower level filing.  *See* 28 C.F.R. § 542.15(b)(2).  The Administrative Remedy Coordinator at any level may reject and return to the inmate without response a Request for Administrative Remedy or appeal that does not meet procedural requirements as outlined in the Code of Federal Regulations.  *See* 28 C.F.R. § 542.17(a).  (Doc. 14-2 at 9-10.)

6. An inmate has not exhausted his administrative remedies until he has properly sought review at all three formal levels. 28 C.F.R. § 542.17(a). (Doc. 14-2 at 10.)

7. The Administrative Remedy Program Statement regarding the administrative remedy procedures is available to USP Tucson inmates in the main law library and in the Electronic Law Library in the Special Housing Unit (SHU). (Doc. 14-2 at 11.)

8. The A&O Handbook provides detailed information on how inmates may obtain administrative remedy forms, including that inmates may obtain forms from their Correctional Counselor or any Unit Team member. (Doc. 14-2 at 11, 45-46.)

9. The A&O Handbook also recognizes that BP-9's may be filed outside the twenty-day time period when "it was not feasible to file within that period of time," in which case, the BP-9 should document the reason it was not feasible. (*Id.*)

**C.  Inmate Access to Administrative Remedy Forms at USP Tucson**

10. Inmates have access to the Code of Federal Regulations and Bureau Program Statements, including Program Statement 1330.18, *Administrative Remedy Program*,[1] through the institution law library and the Electronic Law Library. *See* Program Statement 1315.07, *Inmate Legal Activities* at 4, Att. A at 1-2 (identifying required main law library materials such as "Title 28 of the Code of Federal Regulations" and "All current Bureau of Prisons Program Statements which contain rules codified in Chapters III or V of Title 28 of the Code of Federal Regulations" which includes the procedures outlined in the Administrative Remedy Program).[2] (Doc. 14-2 at 11.)

11. In order to file an administrative remedy or appeal, an inmate may obtain the appropriate forms from, and submit completed forms to, any Unit Team member. The

---

[1] Available at https://www.bop.gov/policy/progstat/1330_018.pdf (last visited on July 28, 2022).

[2] Available at https://www.bop.gov/policy/progstat/1315_007.pdf (last visited on July 28, 2022).

Unit Team is comprised of the Unit Manager, Case Manager, Correctional Counselor and Unit Secretary. (Doc. 14-2 at 11.)

### D. Plaintiff's Administrative Remedies

12. During Plaintiff's incarceration with the Bureau, he has filed two administrative remedies. (Ex. A, ¶ 5, Att. 2, SENTRY Administrative Remedy Index, pp. 1-2.)

13. Plaintiff filed a BP-10 with the Western Region, which was received on February 25, 2022. (Doc. 14-2 at 59.)

14. On June 30, 2022, Plaintiff filed a BP-11 with the General Counsel. (Ex. A, ¶ 7, Att. 2, p. 2; Att. 3, Remedy No. 1111640, p. 9.)

15. The BP-10 and BP-11 were Plaintiff's appeals from a disciplinary hearing in which Plaintiff was found to have circumvented mail monitoring by using another inmate to contact a former NXIVM member who had been removed from Plaintiff's contact list for prior misconduct. (*Id.*, ¶ 8.)

16. To date, Plaintiff has not submitted a single an administrative remedy regarding the issues in his FAC. (Ex. A, ¶ 9, Att. 2, p. 2.)

DATED: August 1, 2022.

        GARY M. RESTAINO
        United States Attorney
        District of Arizona

        *s/ Denise Ann Faulk*
        DENISE ANN FAULK
        Assistant U.S. Attorney

Copy of the foregoing served via EM/ECF to

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717

*s/ P. Vavra*
/ MSJ - SOF