# Exhibit A

|  |  |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE DISTRICT OF ARIZONA | |

| | |
|---|---|
| Keith Raniere,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Merrick Garland, US Attorney General, et al.,<br><br>　　　　　Defendants. | No. 22-cv-00212-RCC-PSOT<br><br>**DECLARATION OF MICHELLE DIAZ** |

I, Michelle Diaz, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby make the following declaration relating to the above-titled matter.

1. I have been employed with the Federal Bureau of Prisons (Bureau) at the Federal Correctional Complex, in Tucson, Arizona since December 7, 2008. I currently serve as the Unit Manager for Keith Raniere, Federal Register No. 57005-177.

2. As a supplement to the prior declarations of Correctional Counselor Daniel Flores (Docs. 14-2 and 17-1), below is additional information regarding Mr. Raniere and the Bureau Administrative Remedy Program. All records attached to this declaration are true and accurate copies of Bureau records maintained in the ordinary course of business.

3. The following statements are based on my review of official Bureau files and records, my own personal knowledge, or on information acquired by me through the performance of my official duties.

**A.   Plaintiff's Administrative Remedy History**

4. On January 21, 2021, Mr. Raniere received a copy of the A&O Handbook. *See* Att. 1, Intake Screening Form & A&O Program Checklist (Redacted) at 1. On March 9, 2021, Plaintiff was briefed on the Bureau's Administrative Remedy Program as part of

the A&O Program. *Id.* at 2.  I have reviewed the SENTRY information identifying the number and types of administrative remedies and appeals filed by Mr. Raniere.

5. During Mr. Raniere's incarceration with the Bureau, he has filed two administrative remedy appeals. *See* Att. 2, SENTRY Administrative Remedy Index at 1-2. He has not filed a Request for Administrative Remedy (BP-9) on any subject. *Id.*

6. On February 25, 2022, in Remedy No. 1111640-R1, Mr. Raniere filed a BP-10 appeal regarding disciplinary sanctions imposed against him following an October 26, 2021, disciplinary hearing associated with Incident Report No. 3547878. *Id.* at 2. *See* Att. 3, Remedy No. 1111640 at 1-5.  On April 1, 2022, the Regional Director denied Mr. Raniere's appeal. *See* Att. 2 at 1; Att. 3 at 6-7.  On June 7, 2022, Mr. Raniere received the Regional Director's response. *See* Att. 3 at 8.

7. On June 30, 2022, Mr. Raniere appealed the Regional Director's denial to the Office of General Counsel (BP-11). *See* Att. 2 at 2; Att. 3 at 9.  The BP-11 response is due on August 29, 2022. *See* Att. 2 at 2.

8. In the BP-10 and BP-11, Mr. Raniere appealed the sanctions imposed because he was found to have circumvented mail monitoring procedures by using another inmate to contact a former NXIVM member who had been removed from his contact list for prior misconduct. *See* Att. 3 at 2-5.

9. He has not filed any administrative remedies or appeals regarding lack of access to Suneel Chakravorty, lack of access to legal calls, his social telephone contact list, or his general access to his attorneys.

//
//
//
//
//
//
//
//

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief. Executed on this 1st day of August 2022, in Tucson, Arizona.

/s/ M. Diaz
Michelle Diaz
Unit Manager
USP Tucson, Arizona
Federal Bureau of Prisons

**Enclosures**

Att. 1, Intake Screening Form & A&O Program Checklist (Redacted)

Att. 2, SENTRY Administrative Remedy Index

Att. 3, Remedy No. 1111640

Exhibit A

Attachment 1

```
NAME.......: RANIERE, KEITH                UNIT.....: C
REGISTER NO: 57005-177                     DOB (AGE): ████ 1960 (60)
RACE / SEX.: WHITE / MALE                  ETHNIC...: OTHER THAN HISP
RESIDENCE..: CLIFTON PARK, NY 12065        RSP OF...: TCP A-DES
```

****************** I N M A T E   I N T E R V I E W ******************

DATE / TIME ARRIVED: 01-21-2021  19:05      TIME INTERVIEWED: 7:14 pm

1) DO YOU KNOW OF ANY REASON THAT YOU SHOULD NOT BE
   PLACED IN GENERAL POPULATION ?

2) HAVE YOU ASSISTED LAW ENFORCEMENT AGENTS IN ANY WAY ?

3) ARE YOU A CIM CASE ?

4) HAVE YOU TESTIFIED AGAINST ANYONE IN COURT ?

5) ARE YOU A MEMBER/ASSOCIATE OF ANY GANG ?

6A) HAVE YOU EVER BEEN SEXUALLY ASSAULTED ?

6B) HAVE YOU RECENTLY BEEN SEXUALLY ASSAULTED ?

INTERVIEWER COMMENTS: ███████████████

CIRCLE ONE:
I (HAVE) / HAVE NOT  RECEIVED A BUREAU OF PRISONS "ADMISSIONS AND
ORIENTATION BOOKLET" DEFINING MY "RIGHTS AND RESPONSIBILITIES" AND THE
"PROHIBITED ACTS AND DISCIPLINARY SEVERITY SCALE".

DO YOU WISH TO SELF-IDENTIFY YOUR SEXUAL
ORIENTATION, GENDER IDENTITY, ANY DISABILITIES,
AND/OR SELF-PERCEPTION OF VULNERABILITY ?

INMATE COMMENT: ██████████

INMATE SIGNATURE: X _Keith Raniere_                      DATE: 1/21/21
INTERVIEWER: _____  TITLE: U/M                 DATE: 01-21-2021

****************** S T A F F   C H E C K L I S T ******************

[redacted block]

IF GENERAL PHYSICAL APPEARANCE IS NOT GOOD, EXPLAIN: good

OK FOR GENERAL POPULATION: YES ✓  NO ___  (IF NO, EXPLAIN) _____

BP-A0518　　　　　　　　　　　　　　　　　　　　　U.S. DEPARTMENT OF JUSTICE
JUN 10　　　　　　　　　　　　　　　　　　　　　　FEDERAL BUREAU OF PRISONS

**INSTITUTION ADMISSION AND ORIENTATION PROGRAM CHECKLIST**

| Inmate's Name | Register No. | Institution |
|---|---|---|
| RANIERE, Keith | 57005-177 | FCC TUCSON |

| # | Program Content | Authorized Staff | Date |
|---|---|---|---|
| 1. | UNICOR Interview | Closed | 3/9/21 |
| 2. | Correctional Services | Correctional Svc B | 3/9/2021 |
| 3. | Medical Services (including AIDS film & Lecture) | Health Svc TMB | 3/9/2021 (Barr) 7/9/2021 |
| 4. | Chaplaincy Services | Religious Svc TM | 3/9/2021 |
| 5. | Inmate Systems/ Records Office/ R&D/ Mail Room | CSD DP | 3/9/21 |
| 6. | Commissary Services/ Inmate Accounts | Trust Fund QM | 3/9/21 |
| 7. | Clothing Requests/ Laundry Procedures | Trust Fund QM | 3/9/21 |
| 8. | Food Service | Food Service | 3/9/21 |
| 9. | Psychology Services/Drug Abuse Program | Psychology TM | 3/9/21 |
| 10. | Sexual Abuse/Assault Prevention and Intervention | Psychology DH | 3/9/21 |
| 11. | Diversity in the Criminal Justice System | Psychology J.H | 3/9/21 |
| 12. | Safety and Sanitation | Safety AL | 3/9/21 |
| 13. | Inmate Accident Compensation | Safety AL | 3/9/21 |
| 14. | Facilities / Mechanical Services | Facilities | 3/9/21 |
| 15. | Educational Services | Education | 3/9/21 |
| 16. | Veterans / Social Security Benefits | Reentry Coord | 3/9/21 |
| 17. | Treaty Transfer of Offenders to Foreign Countries | CMC JS | 3/9/21 |
| 18. | Selective Service System / BOP Registration Program | Reentry Coord AC | 3/9/21 |
| 19. | Inmate Financial Responsibility Program | CMC JS | 3/9/21 |
| 20. | Community-Based Activities | CMC JS | 3/9/21 |
| 21. | Release Preparation Program | Education | 3/9/21 |
| 22. | Administrative Remedy Program | Assoc Warden / UM | 3/9/21 |
| 23. | Unit Management | Unit Management DM | 3/9/21 |
| 24. | Visiting | Correctional Svc | 3/9/21 |
| 25. | Telephone Regulations / Procedures | Correctional Svc | 3/9/21 |
| 26. | Reentry/Second Chance Video/ REENTRY ENVELOPE | Reentry Coord AC | 3/9/21 |
| 27. | Recreation | Recreation | 3/9/21 |
| 28. | Associate Warden | Associate Warden | 3/9/21 |
| 29. | Warden | Warden | 3/9/2021 |
| 30. | | | |

Comments: A&O Completed via DVD

I have attended all classes of the A & O Program as listed above.
Signature of Inmate  Keith Alan Raniere

Date: 3/9/2021    Unit: C unit

Central File - Section 3

FILE IN SECTION 3 UNLESS APPROPRIATE FOR PRIVACY FOLDER    **SECTION 3**

PDF  *A&O COMPLETED VIA DVD*    Prescribed by P5264    Replaces BP-S518.052 dated Sept 99

# Exhibit A
# Attachment 2

```
PHXC4            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      07-28-2022
PAGE 001 OF                                                          08:03:00
      FUNCTION: L-P SCOPE: REG    EQ 57005-177     OUTPUT FORMAT: FULL
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW---------
DT RCV: FROM _____ THRU _____   DT STS: FROM _____ THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
EXTENDED: _ REMEDY LEVEL: _ _              RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____      ____      ____      ____      ____      ____
TRACK:  DEPT: _____ _____ _____ _____ _____ _____
      PERSON: ___        ___        ___        ___        ___        ___
        TYPE: ___        ___        ___        ___        ___        ___
EVNT FACL: EQ ____       ____       ____       ____       ____       ____
RCV FACL.: EQ ____       ____       ____       ____       ____       ____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____       ____       ____       ____       ____       ____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____




G0002      MORE PAGES TO FOLLOW . . .
```

```
PHXC4           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      07-28-2022
PAGE 002 OF 002 *              FULL SCREEN FORMAT               *      08:03:00


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: UNIT C             QTR.: Z01-101LAD RCV OFC: WXR
REMEDY ID: 1111640-R1    SUB1: 20DM SUB2:      DATE RCV:   02-25-2022
UNT  RCV..:UNIT C        QTR RCV.: C01-108U    FACL RCV: TCP
UNT  ORG..:UNIT C        QTR ORG.: C01-108U    FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:  WXR  1 BOP  1         RESP DUE:  TUE  04-26-2022
ABSTRACT.: DHO HEARING 10-26-21 CODE: 396 / 397
STATUS DT: 04-01-2022  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: 3547878   RCT: P EXT: P DATE ENTD: 02-26-2022
REMARKS..:



REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: UNIT C             QTR.: Z01-101LAD RCV OFC: BOP
REMEDY ID: 1111640-A1    SUB1: 20BM SUB2:      DATE RCV:   06-30-2022
UNT  RCV..:UNIT C        QTR RCV.: C01-108U    FACL RCV: TCP
UNT  ORG..:UNIT C        QTR ORG.: C01-108U    FACL ORG: TCP
EVT FACL.: TCP    ACC LEV:  WXR  1 BOP  1         RESP DUE:  MON  08-29-2022
ABSTRACT.: DHO HEARING 10-26-21 CODE: 396 / 397
STATUS DT: 07-11-2022  STATUS CODE: ACC STATUS REASON:
INCRPTNO.: 3547878   RCT: N EXT: N DATE ENTD: 07-11-2022
REMARKS..:




                 2 REMEDY SUBMISSION(S) SELECTED
     G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

# Exhibit A
# Attachment 3

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: RANIERE, Keith, A        57005-177        C-1        USP Tucson
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** I have a high-profile case which I believe adversely affects my dealings with the B.O.P. I am taking this step, even though I have finished my sanctions, hoping an injustice will be rectified, and to document the journey. Here are 3 issues: ① No one will tell me which policy I violated. S.I.S. claimed I didn't violate any policy but knowingly circumvented one unnamed. DHO claims I didn't circumvent one, but broke one - they will not tell me which. I have searched all my resources: I did not violate any policy. I have a right to know which policy I violated. ② Not knowing what policy I violated deprives me of the ability to defend myself. I need this policy and time to defend. DHO additionally deprived me of this notification. DHO threw out the original charges but instated different charges which contradicted the S.I.S. charges. I should be allowed to defend against these new charges.

Here are the uncontested events: ① I gave the phone number of my 15-year romantic partner to another inmate urging him to call her. She runs a national effort to help inmates. I felt this inmate could benefit from her services. ② Unbeknownst to me, she began to have email correspondence with him. After the act, the inmate told me he suggested they call me "K-boy" ~~[redacted]~~. We both thought that was funny. ③ I was not restricted from communicating with my partner. I called her sometimes multiple times per day. I also saw her for 12 hours every two weeks - she came every time we had visiting and we visited for every available minute. ④ At some point, when I heard the inmate might speak to my partner, I told him to A) Send my love B) I will see her Saturday. This is my crime. Which policy do these actions violate?

My DHO report claims ① I made statements and admissions to S.I.S., yet claims I remained silent. ② It also says I denied the charge, yet also says I neither "admits nor denies charges." The report claims no delays. ③ My S.I.S. investigation was extended 30 days with no additional activity. ④ My codefendant had his hearing one month before mine. This delay effectively lengthened my sanctions - almost doubling them. I was told this delay was because my staff rep. was away. Staff from her unit confirmed this was not true. Please expunge these shots and make this situation right.

1/6/22   [This was not given to me on 12/17, it was slipped under my door 12/31]   Keith Alan Raniere
DATE   See camera footage   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

FEB 25 2022

_____                                    _____
DATE                                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                         CASE NUMBER: _____

**Part C - RECEIPT**

                                                    CASE NUMBER: _____

Return to: Raniere, Keith, A        57005-177        C-1        USP Tucson
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: Expunging shots and rectifying situation

_____                                    _____
DATE                                                SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                            BP-230(13)
                                                    JUNE 2002



BP-A0304             **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

| Institution: TUCSON USP | Incident Report Number: 3547878 | | |
|---|---|---|---|
| NAME OF INMATE: RANIERE, KEITH | REG.NO.: 57005-177 | UNIT: | UNIT C |
| Date of Incident Report: 09-16-2021 | Offense Code(s): 196 197 199 | | |
| Date of Incident: 07-22-2021 | | | |

Summary of Charges:

(199 -- DISRUPTIVE CONDUCT-GREATEST) MOST LIKE , 196 -- MAIL ABUSE, CRIMINAL. 197 -- PHONE ABUSE, CRIMINAL.

I.   NOTICE OF CHARGE(S)

   A.  Advanced written notice of charge (copy of Incident Report) was given to inmate on **09-16-2021** at **1614 hrs** (by staff member) **K.FALCONER**

   B.  The DHO Hearing was held on **10-26-2021** at **1152 hrs**

   C.  The inmate was advised of the rights before the DHO by (staff member):
       **S. Watson** on **09-18-2021**
       and a copy of the advisement of rights form is attached.

   D.  Delay in Process    **None**

II.  STAFF REPRESENTATIVE

   A.  Inmate waived right to staff representative:    [Yes] ___    [No] **X**

   B.  Inmate requested staff representative and
       **A. Lopez**                                                         appeared.

   C.  Staff Representative's Statement:
       " I reviewed everything, and met with him. He admitted that he gave the inmate the information and made the statements, so there's nothing else I can say."

   D.  Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
       **NA**

   E.  Staff representative **NA**                                was appointed.

III. PRESENTATION OF EVIDENCE

   A.  Inmate neither admits nor denies the charge(s).

   B.  Summary of Inmate Statement:
       Inmate Keith Raniere, Reg. No. 57005-177 stated " I suggested he contact her because she runs a inmate program and her information on a DNA site."



| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

| | | |
|---|---|---|
| | C. | Witnesses |
| 1. | The inmate waived right to witnesses. [Yes] **X**    [No] __ | |
| 2. | The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):<br>**NA** | |
| 3. | The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):<br>**NA** | |
| 4. | Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):<br>**Inmate Timothy Brooks 86832-079 provided a written statement.** | |
| D. | Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:<br>**Incident Report -- (BP-A288)**<br>**Inmate Rights at Discipline Hearing -- (BP-A293)**<br>**Notice of Discipline Hearing Before the (DHO) -- (BP-A294)**<br>**DHO Report - Witness Statement -- (DHO-WITSTM)**<br>**Incident Report - SIS Reports -- (BOP-IRSIS)**<br>**Incident Report - Threat Assessments -- (BOP-IRTHRA)**<br>**Incident Report - TRU System Documentation -- (BOP-IRTRU)**<br>**Duties of Staff Representative -- (BP-A306)** | |
| E. | Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:<br>**NA** | |

IV. FINDINGS OF THE DHO
  __ A. The act was committed as charged.      __ C. No prohibited act was committed:
  **X** B. The following act was commmitted:            Expunge according to inmate
     397 396                                         discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)
**DHO FINDINGS:**

The inmate s due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of his incident report and did want a staff representative and she was present during the DHO hearing. The inmate did request a witness and the witness statement was received in writing and read to you. You signed the acknowledgement to allow the witness statement to be written and read to you in the DHO hearing. The inmate had no documentary evidence to submit. The inmate understood his due process rights, and was ready to proceed with the DHO Hearing.



BP-A0304        DISCIPLINE HEARING OFFICER REPORT

Dept. of Justice / Federal Bureau of Prisons

Based on the evidence, the DHO finds you committed the prohibited act of Code 396- Use of the mail (email) for abuses other than criminal activity and Code 397 -Use of the telephone for abuses other than criminal activity. To make this finding the DHO relied upon the following:

It was made aware on September 16, 2021, at approximately 11:00 a.m., the SIS Investigation was closed for inmates Keith Raniere, Reg. No. 57005-177 and Inmate Timothy Brooks, Reg. No. 86832-079. It is concluded both inmates Raniere and Brooks, knowingly and admitted to circumventing the Bureau of Prisons communication policy. Specifically, Inmate Brooks sent email correspondence to a " Nicki Clyne" at the email of " moonwalk4me@protonmail.com" and stated if there was a need to have contact with Raniere that they can do it through the email. In the email it also describes a nickname for Raniere of " K-Dog" to be discreet in their communications. Inmate Raniere's TRULINCS account has been restricted for public messaging. In a memorandum authored by the Bureau of Prisons, Counter Terrorism Unit, discovered " Nicki Clyne" was under several inmates TRULINCS accounts under false pretenses while inmate Raniere was housed at MDC Brooklyn. " Nicki Clyne" at this time is an un-indicted co-conspirator of Raniere's " Inner Circle" or " First line masters" of the NXIVM cult. In an interview with inmate Raniere, he admits to utilizing inmate Brooks to send messages to " Nicki Clyne" on his TRULINCS account and in visitation to pass along messages to his co-conspirator, Carol Bronfman, Reg. No. 91010-053, who is housed at FDC Philadelphia.

The DHO notes during the investigation you elected to remain silent. During your UDC hearing you stated " This does not violate policy. I didn't pass any messages. I didn't admit anything to SIS."

The DHO asked if you admitted or denied the charge against you. You denied the charge stating, " I suggested he contact her because she runs a inmate program and her information on a DNA site."
The DHO finds credible the staff member's account of this incident as stated above. The supporting documentation (TRUFONE/TRUVIEW reports, staff memo, SIS investigation, copies of email correspondence) submitted corroborates the incident. Specifically, email correspondence from inmate Brooks states "anytime you need to get work to Keith you can contact me. Just be discrete and maybe we can call him K-dog, that keeps everything out of the man's face and me kosher." Also sent via inmate Brooks, "K-dog say see you Sat.". These emails support messages being sent on your behalf and an attempt to try and circumvent communication by having message sent to inmate Brooks for you via his email account, and to use a coded name. This information supports the charges. Further, the investigation showed a phone number connected to "Nicki Clyne" was on several inmate accounts in an attempt to send messages without monitoring. Your staff representative was present during the DHO hearing, and stated that you gave inmate Brooks the information to your contacts, so there was no further information or defense she could assist with. You stated during the DHO hearing that you didn't know you could not have another inmate contact your personal contact on your behalf, which was false, as the DHO had previously met with you and informed you of the rules regarding telephone, and email due to a previous incident. This showed a lack of credibility to the DHO.

Although the inmate denied the charge, the DHO based her decision on the greater weight of the evidence. Specifically, the DHO relies upon the reporting officer's eyewitness statement. The DHO found no reason to question the validity of the reporting officer, since his observations were made strictly in the performance of his duties, without any reason to submit a false report.

The DHO advised the inmate that the code was being amended to support the description of the incident. The inmate had no objection to the changing of the charge.

Therefore, based on the facts, evidence presented, the DHO finds you committed the prohibited act of 396 -Use of the mail (email) for abuses other than criminal activity and Code 397- Use of the telephone for abuses other than criminal activity.



BP-A0304   **DISCIPLINE HEARING OFFICER REPORT**

Dept. of Justice / Federal Bureau of Prisons

VI. SANCTION OR ACTION TAKEN

396 - LP EMAIL 45 DAYS,  397 - LP PHONE 45 DAYS

VII. REASON FOR SANCTION OR ACTION TAKEN

396
Use of the mail for abuses other than criminal activity which do not circumvent mail monitoring; or use of the mail to commit or further a Moderate category prohibited act.

397:
The action on the part of any inmate to use the telephone in an unauthorized manner poses a serious threat to the ability of staff to control the use of the telephone and monitor whether inmates are making calls for prohibited or illegal purposes. It is indicative of the intent to participate in unauthorized activities that could lead to disruptive behavior. The use of telephones is a privilege for inmates to maintain contact with their family and to maintain ties with them and not for criminal use. The sanctions imposed by the DHO were taken to express the seriousness of the infraction.

Loss of Privileges:
The sanctions of loss of privileges were given to remind the inmate that he and he alone is responsible for his behavior. The DHO imposes the sanctions listed above to convey the seriousness and inappropriate of your actions. The above listed sanctions are imposed to deter you and others from exhibiting future acts of misbehavior. Sanctions are imposed to encourage you to use better judgment in further interactions and you must be accountable for you actions.

VIII. APPEAL RIGHTS: X The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| A. ESTRADA | A. ESTRADA | 11-17-2021 |

DHO Report Delivered to Inmate by:

| Printed Name of Staff | Signature of Staff | Date & Time Delivered |
|---|---|---|
| B. Nicholsen | | 12-17-2021 / 0800 |
| Not done | | 12-21-2021 / 18:00 (~6pm) |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

1111640-R1
FCC TUCSON
Page 1 of 2

You are requesting administrative relief regarding the decision of the Discipline Hearing Officer (DHO) on October 26, 2021, in which you were found to have committed the prohibited act of Mail Abuse-No Circumvention, Code 396 and Phone Abuse - No Circumvention, Coe 397. You make various claims which are addressed below. For relief, you seek to have this incident expunged from your discipline record.

On appeal, the appropriate reviewing authority shall consider: a. Whether the UDC or DHO substantially complied with the regulations on inmate discipline; b. Whether the UDC or DHO based its decision on some facts, and if there was conflicting evidence, whether the decision was based on the greater weight of the evidence; and c. Whether an appropriate sanction was imposed according to the severity level of the prohibited act, and other relevant circumstances.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program. You were given advanced written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded the opportunity to have staff representation and to call witnesses. Your staff representative appeared and your witness provided a written statement. You were afforded the opportunity to make a statement to the DHO and present documentary evidence on your behalf. Your statement is reflected and addressed in the DHO report and there was no indication in the record that you presented written documentary evidence.

The DHO report clearly indicates the basis for the finding that you committed the prohibited act and explains the purpose of imposing the sanctions which are within policy.

You claim or infer you are innocent. Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make a decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence. Evidence weighted against you included the statement provided by the reporting office and other documentary evidence contained in the discipline packet. Such evidence supports the fact that on the said date, time and place of the incident, staff reviewed an email and discovered that you were utilizing another inmate's Trulincs and Trufone account to receive messages. That evidence, coupled by the fact that you were unable to present credible or verifiable evidence which exonerates you from the charge, reasonably led the DHO to make a guilty finding.

You claim you were not advised of your rights before the DHO. Bureau of Prison policy and Federal Regulations state that the investigator will specifically inform you of the charge(s) against you; and that you may remain silent at all stages of the discipline process. Evidence reflects that on September 16, 2021, you were advised of that right. Evidence found in the record also reflects that on October 26, 2021, you were advised of your rights before the DHO. The advisement forms bear what appears to be your signature. Contrary to your claim, evidence found within the record reflects you were advised of all rights afforded during the discipline process.

1111640-R1
FCC TUCSON
Page 2 of 2

You claim you did not receive written notice of the charge against you in a timely manner. Specifically, you allege staff became aware of the incident on July 22, 2021, but staff did not write the incident report until September 16, 2021. Upon review of the record, we note your incident report was written at the conclusion of a SIS Investigation. Reasons for conducting an investigation before writing an incident report are to ascertain if there is sufficient evidence or information to charge an inmate with misconduct, as well as to rule out, or rule in, potential suspects. Contrary to your belief, your incident report was issued to you in a timely manner as it was written and issued to you after the official investigation was closed on September 16, 2021.

You claim you did not receive advance notice of the charge levied against you after the DHO found you guilty of a different act. Policy states that the DHO shall find that the inmate committed the prohibited act charged and/or a similar prohibited act if reflected in the incident report. The record indicates you were initially charged with committing two offenses (Codes196 and 197). After reviewing all the facts, and since the incident report clearly describes your behavior, the DHO felt (Code 396 and 397) best describes your misconduct and held you accountable for committing that prohibited acts (Code 396 and 397), rather than (Codes 296 and 297). We find no abuse of discretion in this matter

You claim the DHO misstated you. Specifically, you claim you did not make statements and admission to SIS. Policy requires the DHO to prepare a record of the proceedings which need not be verbatim. This record must be sufficient to document the advisement of inmate rights; the DHO's findings, the DHO's decision and the specific evidence relied on by the DHO, and must include a brief statement of the reasons for the sanctions imposed. The evidence relied upon, the decision, and the reasons for the actions taken must be set out in specific terms unless doing so would jeopardize institutional security. Contrary to your claim, we found evidence which indicates the record was adequately documented.

The allegations presented in your request for relief have been investigated and determined to be without merit. Thus, your request for relief from the discipline action or sanctions is denied.

If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

_4/1/22_  
Date

_M. Rios, Regional Director_



FEDERAL BUREAU OF PRISONS

UNITED STATES PENITENTIARY

TUCSON, ARIZONA

|  | Unit ☐ Region | ☐ Central |
|---|---|---|
|  | ☐ WDN | ☐ REJ |

# ACKNOWLEDGMENT OF RECEIPT OF ADMINISTRATIVE REMEDY APPEAL

I, Lapierre, Reg. 57005-177, further acknowledge by my signature, receiving Administrative Remedy Appeal, 1111640-R1. The Administrative Remedy Appeal was hand-delivered to me.

Received on this 7 day of June, 2022.

_____
Signature of Inmate

_____
Register Number

_____
Signature/Title of Staff Witness

**U.S. Department of Justice**  
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: RANIERE, KEITH A.     57005-177     C-1     Tucson USP
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**

The regional report by M. Rios appears to ignore the 3 issues raised and, additionally, claims evidence that does not exist in the OHO report or SIS investigation. Specifically, M. Rios claims I received messages through another inmate. Nowhere else is this even alleged. It did not happen.

You will be contacted by my attorney Stacy Scheff or you can contact her at (520)-471-8333 or stacy.scheff@gmail.com

6/9/22
DATE

[signature: Keith Raniere]
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JUN 30 2022
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE     GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE     CASE NUMBER: 1116404

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____     _____
DATE     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN     BP-231(13)
JUNE 2002