Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611, Tucson, AZ 85717-0611
(520) 471-8333  •  FAX (520) 300-8033
stacy.scheff@gmail.com
State Bar No. 028364
*Counsel for Plaintiff*

## DISTRICT COURT FOR THE UNITED STATES

## DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere, | Case No.: 4:22-cv-00212-RCC-PSOT |
| Plaintiff, | |
| v. | **MOTION FOR LEAVE TO AMEND COMPLAINT** |
| Merrick Garland, US Attorney General; Michael Carvajal, Director Federal Bureau of Prisons; USP TucsonWarden; Anthony Gallion, | |
| Defendants | |

Plaintiff, via counsel, requests leave to file a Second Amended Complaint

pursuant to F.R.Civ.P. 15(a)(2).

The proposed amended complaint is attached as Exhibit 1, indicating the ways in

which it differs from the previous operative complaint.   The purpose of this amendment

is to expand the temporal scope of the complaint, in order to demonstrate the pattern of

retaliation against Plaintiff for exercising his First and Sixth Amendment rights.

## I. Background.

On May 5, 2022, this case was initiated for injunctive relief only because

Plaintiff's access to his criminal defense attorneys and his power-of-attorney were being

interfered with by the Defendants.  Doc. 1.  On May 26, 2022, Plaintiff filed his first

1

Motion for Preliminary Injunction for an order that Defendants cease interfering with Plaintiff's communications with his power-of-attorney, Suneel Chakravorty, in the run-up to the deadline for post-conviction relief petitions based on newly discovered evidence. Doc. 7.  On May 31, 2022, the Court ordered Plaintiff to serve Defendants immediately. Doc. 9.  The Court noted the short deadline, and indicated that Plaintiff should file a TRO if he wished to have the matter ruled on before the deadline for post-conviction relief petitions.  *Id.* Plaintiff immediately obtained summonses and began the process of serving the Defendants.

On June 7, 2022, Plaintiff filed a Motion for TRO.  Doc. 13.  On June 9, 2022, Defendants Garland, Carvajal, and Warden Colbert[1] responded to the Motion for Preliminary Injunction.  Doc. 14.  Defendants argued that Plaintiff was prohibited from communicating with Mr. Chakravorty because of the conditions of Plaintiff's probation included in the sentencing memorandum.  *Id.,* p.2.  Defendants claimed that "As early as July 16, 2020, the Bureau recognized that Plaintiff and Mr. Chakravorty were engaging in behavior that compromised the security of the facility in which Plaintiff was held."  *Id.,* p.3.

On June 14, 2022, Defendants responded to Plaintiff's Motion for TRO.  Doc. 17. Defendants showed that Plaintiff was allowed to have calls with his attorneys.  *Id.* Defendants also noted that Attorney Tully had not requested that the Bureau allow Mr.

_____

[1]The Warden at the prison has changed at least three times since this matter began.  The proposed Second Amended Complaint replaces the Warden with "USP Tucson Warden" due to the frequent changes to the name of the person holding the position.

Chakravorty access to Plaintiff as their agent.  *Id.,* p.3.  On June 17, 2022, Mr. Chakravorty requested to be recognized by the Bureau as a paralegal to attorney Tully. On the same day, Mr. Chakravorty was granted a legal call with Plaintiff, but denied a visit.  Mr. Chakravorty had one more legal call with Plaintiff before being denied all contact once again.

On July 26, 2022, Plaintiff was assaulted by another prisoner and given a disciplinary ticket for "fighting".  Plaintiff was placed in the Special Housing Unit ("SHU") for the investigation.  Due to SHU placement, Plaintiff was denied contact legal visits with his attorneys, and forced to either yell through plexiglass or be handcuffed and shackled to a belly chain to communicate with his attorneys, including undersigned.

## II. Law & Argument.

 A party may amend a complaint once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2).

Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotations omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15-to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*,

832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotations omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotations omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Here, no answer has been filed.  Instead, Defendants have filed a Motion for Summary Judgment and to Dismiss for failure to serve defendants, and for failure to exhaust administrative remedies.  Doc. 21.  The proposed amended complaint seeks to cure the latter issue in part by expanding the temporal scope of the complaint to include instances of retaliation for which Plaintiff has exhausted administrative remedies.  Doc. 22-2, pp.12-20.

Plaintiff is also in the process of serving Defendants Garland, Carvajal, and USP Tucson Warden pursuant to F.R.Civ.P. 4(i)(1)(B).  Additionally, Defendant Gallion no longer works at USP Tucson, therefore Plaintiff hired a private investigator to serve him.

**III. Conclusion.**

The amended complaint will assist the parties and the Court to facilitate a decision on the merits, rather than dismissing the case on a technicality.  Indeed, the fact that Plaintiff is being retaliated against up to the present day indicates that, even if this case were to be dismissed on technicalities, Plaintiff would be able to simply re-file his case.

4

Therefore, justice requires leave to amend the Complaint.

DATED this 9th day of September, 2022 by

/s/Stacy Scheff
STACY SCHEFF
Attorney for Plaintiff

Delivered via ECF
to all registered parties