Stacy Scheff #028364
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717
Ph: (520) 471-8333 – Fax: (520) 300-8033
Emails: Stacy@ScheffLaw.com; Stacy.Scheff@gmail.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>　　Plaintiff,<br><br>vs.<br><br>Merrick Garland, et al.,<br><br>　　Defendants. | No: 4:22-cv-0212-RCC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT** |

Plaintiff, through counsel, submits this opposition to Defendants' motion for summary judgment.

## I. PLAINTIFF PROPERLY SERVED ALL UNITED STATES EMPLOYEE DEFENDANTS PURSUANT TO FRCP 4(i).

On May 5, 2022, Plaintiff filed the underlying complaint, and on May 17 this Court conducted its statutorily-required screening under the Prison Litigation Reform Act ("PRLA") and ordered the complaint to be served on all Defendants no later than 90 days from May 5. *See* Doc. 5 at 5 (quoting FRCP 4(m), which sets the deadline for service).

Despite this order, Defendants filed the present motion under Rule 12(b)(5) on August 1, 2022 – two days before the expiration of 90 days. Perplexingly, Defendants sought a motion to dismiss on grounds of insufficiency of service of process *before* Plaintiff was required to perform this task. *See, e.g., Candido v. D.C.,* 242 F.R.D. 151, 161 (D.D.C. 2007) ("because [defendant] filed its first motion to dismiss on February 14, well before the deadline elapsed, the defense of insufficiency of service of process was not 'then available.'"); *see also Goodstein v. Bombardier Cap., Inc.,* 167 F.R.D. 662, 665 (D. Vt. 1996) (concluding that a motion to dismiss under Rule 12(b)(5) was premature where "there was still a possibility that Defendant Lortie would be timely served").

Regardless, Plaintiff *did* properly serve Defendants by "delivering a copy of the summons and [first amended complaint] to the United States attorney" and by "send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1). The day following Defendants' motion to dismiss – and still before the expiration of the 90 days – Plaintiff filed with this Court proof of service, demonstrating that copies had been mailed to both the Attorney General in Washington, DC and to the local U.S. Attorney's office the month prior. Doc. 23.[1]

---

[1] On today's date, Plaintiff is also filing a motion to amend the Complaint to add additional factual details supporting his First Amendment retaliation claim and claim under the Sixth Amendment alleging an interference with the right to counsel. If the Rule 15 motion is granted, the operative complaint would become the Second Amendment Complaint, thereby superseding the current complaint.

**II. DEFENDANTS CANNOT JUSTIFY SUMMARY JUDGMENT ON THE CURRENT LIMITED RECORD, BEFORE A RESPONSIVE PLEADING HAS BEEN FILED.**

Summary judgment is inappropriate at this extraordinarily early stage of the case, before the parties have exchanged written discovery requests and before Defendants have even filed a responsive pleading. In theory, a summary judgment motion may be filed "at any time until thirty days after the close of all discovery." Fed. R. Civ. P. 56(b). "Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," the Court should freely grant a request under Rule 56(d) to deny or defer the motion. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). Rule 56(d) has been construed as "requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (internal citations omitted).

As Defendants openly acknowledge, a "motion for summary judgment filed before an Answer is unusual." Doc. 21 at 7. While a pre-answer Rule 56 motion is sometimes permitted where the dispositive question involves exhaustion of administrative remedies, early-stage summary judgment is not appropriate where the issue demands a fact intensive inquiry and at least minimal discovery. In Defendants' proffered example, the plaintiff filed suit outside the applicable statute of limitations and a pre-answer summary judgment was deemed an appropriate tool on account the simplicity of the dispositive matter. Thus,

3

Defendants' case hardly presents an example where a pre-answer summary judgment was granted in a fact-intensive setting. *Wise-Johnson-Bey v. Tolbert*, 2013 WL 11311731, at *1 (D. Ariz. July 29, 2013) (granting summary judgment where "the statute of limitations . . . is two years" and "Plaintiff did not file this suit until three years after the incident"). While basic discovery tools such as depositions are not a pre-requisite of a Rule 56 motion, they are "common mechanism[s] for parties to develop factual support for claims and defenses" and, consequently, should generally be permitted to occur before disposing of an entire case. *Davall v. Cordero*, 2021 WL 5196454, at *2 (S.D. Cal. Nov. 9, 2021) (denying a party's pre-answer motion for summary judgment in a prison conditions lawsuit).

Defendants seek summary judgment on the exclusive basis that Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997a. At first blush, this argument appears analogous to the statute of limitations scenario. In both instances, for example, summary judgment is sought on procedural grounds. Unlike the statute of limitations example, however, this procedural matter involves factual nuance. Here, by contrast, Plaintiff argues that administrative remedies were not truly "available" on account of officials' "unwilling[ness] to provide any relief" or because they "thwart inmates from taking advantage of a grievance process." *Ross v. Blake*, 578 U.S. 632, 643-44 (2016). Where a prisoner argues that administrative remedies are functionally unavailable, an evidentiary hearing may be necessary to determine the degree to which a prisoner's efforts to exhaust were frustrated by authorities. *See, e.g., Mitchell v. Melo*, 2022 WL 3143006, at *5 (C.D. Cal. July 13, 2022) (denying summary judgment on PRLA exhaustion issues and

4

instead setting an evidentiary hearing); *see also Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) ("If summary judgment is not appropriate, the district judge may decide disputed questions of fact in a preliminary proceeding").

By filing a motion for summary judgment this early in litigation, Defendants wish to deprive Plaintiff of *any* discovery in this matter. A Rule 26(f) conference is typically convened after all parties have answered, and "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"; *see also American Legalnet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1066 (C.D. Cal. 2009) (same). In ruling on a summary judgment motion, a court is to avoid making inferences based on facts not in the record. *See, e.g., Pepper & Tanner, Inc. v. Shamrock Broad., Inc.*, 563 F.2d 391, 393 (9th Cir. 1977). Yet, without discovery, there is virtually nothing in the record. "[T]he particular circumstances of the prisoner's case must be considered when deciding whether administrative remedies were properly exhausted." *Fuqua v. Ryan*, 890 F.3d 838, 850 (9th Cir. 2018).

Granting summary judgment on the failure to administratively exhaust is appropriate at this early stage only where the Court independently holds an evidentiary hearing. In *Morton v. Hall*, the District Court denied a prisoner's Rule 56(d) request for additional discovery where prison officials had sought summary judgment early in the litigation. The district court denied the request and determined that the prisoner had failed to exhaust, but did so only *after* a special evidentiary hearing on the issue. *Morton v. Hall*, 599 F.3d 942, 944–45 (9th Cir. 2010) (denying prisoner's Rule 56(d) request after prison officials

presented two witnesses and the prisoner failed to present any testimony going to exhaustion).

For these reasons, Plaintiff requests that Defendants' motion for summary judgment not be adjudicated at this time, to allow Plaintiff time to conduct limited discovery going to exhaustion of remedies. Specifically, Plaintiff seeks the opportunity to discover facts revealing that he did, in fact, exhaust all "available" remedies because there was and is functionally no opportunity to administratively grieve the chief issue in this lawsuit: that Defendants are hindering his Sixth Amendment right to counsel. As detailed in the accompanying affidavit of undersigned counsel, Plaintiff seeks the opportunity to discover documents going to whether prison officials actually routed Plaintiff's complaints – written on blank paper – to the appropriate bureaucratic channels. See Exhibit 2 (Affidavit of Stacy Scheff).

### III. THE PRLA REQUIRES PRISONERS TO EXHAUST ONLY THOSE ADMINISTRATIVE REMEDIES THAT ARE 'AVAILABLE' AND PLAINTIFF REQUIRES DISCOVERY TO SUBSTANTIATE HIS CONTENTION THAT

The PRLA requires that prisoners exhaust administrative remedies before challenging prison conditions under federal law. "[T]hat edict contains one significant qualifier: the remedies must indeed be 'available' to the prisoner." *Ross v. Blake*, 578 U.S. 632, 639 (2016). In this way, a prisoner "must exhaust available remedies, but need not exhaust unavailable ones." Id. at 642. The Supreme Court has identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not

6

capable of use to obtain relief." *Ross v. Blake*, 578 U.S. 632, 643 (2016). The Ninth Circuit considers this list to be "non-exhaustive." *Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017). As relevant here, Plaintiff asserts that prison administrators have rendered the remedies a practical nullity for at least two of the reasons articulated in *Blake*.

### a. The Administrative Procedures Have Operated as an Effective Dead End for Mr. Raniere in Recent Months.

An administrative procedure is unavailable when – despite the written protocols – it operates as a simple dead end because "officers [are] unable or consistently unwilling to provide any relief to aggrieved inmates." *Blake*, 578 U.S. at 643. Plaintiff submits a sworn declaration describing at least two separate periods in which he has been housed in disciplinary segregation *since he filed suit in early May*. Exhibit 1 at ¶¶ 12, 18. During his lengthy stays in disciplinary segregation, Plaintiff is not able to obtain the Forms BP-9, BP-10, and BP-11 described in Defendants' motion. Id. at ¶ 23; see also Doc. 21 at 6 (describing the various types of grievance forms). While in segregation, even Plaintiff's diligent attempts to obtain the magic forms are unsuccessful. Exhibit 1 at ¶ 24.

On at least two occasions, the Ninth Circuit has found an administrative procedure to be a 'dead end' where the necessary paper forms are scarce and hard to locate. In *Albino v. Baca*, the Ninth Circuit not only denied prison authorities' motion for summary judgment but *sua sponte* granted summary judgment to the prisoner, concluding that administrative remedies were unavailable where the inmate complaint forms "were never provided to Albino, despite his repeated complaints" and was never encouraged to simply "write a

complaint on an ordinary piece of paper and hand it to one of the deputies." *Albino v. Baca*, 747 F.3d 1162, 1177 (9th Cir. 2014); *see also Clinton v. Cooper*, 781 F. App'x 582, 584 (9th Cir. 2019) (finding that the district court improperly dismissed prisoner claim for failure to exhaust because prisoner had submitted evidence that the corrections officer "did not provide her with appeals forms"). In *Marella v. Terhune*, the Ninth Circuit confronted a scenario similar to this case. A prisoner suffered a stabbing, then "spent two days in the hospital, subsequently moved to the infirmary, and finally, was placed in administrative segregation." *Marella v. Terhune*, 568 F.3d 1024, 1026 (9th Cir. 2009). While convalescing in each of these settings, the prisoner alleged that he did not have access to the necessary prison forms. Prison officials later filed a motion for summary judgment for failure to exhaust remedies, and the Ninth Circuit found the unavailability of the forms enough to defeat summary judgment.

For these reasons, Plaintiff's inability to access the three categories of complaint and appeals forms described in Defendants' motion (Forms BP-8, BP-9, and BP-10) are – standing alone – enough to render "unavailable" BOP's administrative procedures. This is particularly true during the time period when Plaintiff has been confined to disciplinary segregation. That time has largely overlapped with the four months during which this lawsuit has been pending, consequently making it near impossible for Plaintiff to comply with the prison's grievance procedures.

### b. Prison Administrators have Thwarted Mr. Raniere's Efforts to Access the Grievance Process.

Prison administrators thwart an effort to exhaust administrative remedies when they fail to pass it along to the appropriate channels and fail to timely process them. The Ninth Circuit has held that "thwarting" includes where prison officials "improperly failed to process [a] timely filed grievance." *Andres v. Marshall*, 867 F.3d 1076, 1078–79 (9th Cir. 2017). When this happens, "the prisoner is deemed to have exhausted available administrative remedies." Id; *see also Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) ("Delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available.").

Here, Plaintiff alleges that new complaints and appeals of previous complaints are not acknowledged by authorities and, when he does receive responses, they address wholly unrelated topics from what he had complained about. Exhibit 1 at ¶ 15, 30. Where there is evidence that staff are not routing the written complaints to the proper channels, an established avenue of complaint is no longer considered "available." See, e.g., *Mitchell v. Melo*, 2022 WL 3143006, at *3 (C.D. Cal. July 13, 2022) ("he attempted to use the CDCR's administrative grievance process by handing a written grievance . . . [T]hat officer was supposed to submit it to the appropriate prison official to process it" but did not).

At best, Plaintiff paints a picture of complete bureaucratic ineptitude in which written complaints disappear into the void. At worst, Plaintiff paints a picture of intentional subterfuge, in which complaints are willfully ignored. Additionally, Plaintiff alleges that

corrections officers have retaliated against him on several occasions just during the four months that this lawsuit has been pending. Exhibit 1 at ¶¶ 16-18 (describing retaliation that took place on July 26, 2022); Id. at ¶¶ 4-5 (describing retaliation immediately following the filing of the lawsuit in May). This is yet another method by which Defendants have thwarted attempts to exhaust. Retaliation is, by itself, a form of thwarting. *See e.g., Ross v. Blake*, 578 U.S. 632, 644 (2016) (appellate courts have addressed a variety of instances in which officials misled or threatened individual inmates so as to prevent their use of otherwise proper procedures. As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable.")

## CONCLUSION

Plaintiff respectfully requests that Defendants Motion to Dismiss and Motion for Summary Judgment be denied in their entirety.

Respectfully submitted this 9th day of September, 2022

          s/Stacy Scheff
          Stacy Scheff
         . Law Office of Stacy Scheff
          P.O. Box 40611
          Tucson, AZ 85717
          Ph: (520) 471-8333
          Emails: Stacy@ScheffLaw.com
          Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2022, I electronically transmitted the above PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT to the Clerk's office using the ECF system, which will automatically transmit the document to all counsel of record.

<u>/s Stacy Scheff</u>

EXHIBIT 1

# AFFIDAVIT

STATE OF ARIZONA    )
                                     ) ss.    Affidavit of Keith Alan Raniere
COUNTY OF PIMA    )

I, Keith Raniere BOP register number 57005-177, pursuant to 28 U.S.C. § 1746, avow under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am currently incarcerated in the United States Bureau of Prisons, at Tucson, AZ.

2. I am currently challenging my criminal convictions through the courts and the media.

3. I am the Plaintiff in this action against the Untied States Department of Justice and the Federal Bureau of Prisons for various violations of my civil rights.

4. I am being retaliated against by prison staff as a result of that lawsuit, and my efforts in challenging my criminal convictions.

5. Shortly after my legal team filed a F.R.Crim.P. Rule 33 petition on my behalf, my contact with my power of Attorney Suneel Chakravorty was cut off with no explanation or valid reason. Mr. Chakravorty serves as a go between for myself and my legal team, and denying him access was a major disruption to my legal efforts.

6. I was held in disciplinary segregation for 97 days with no valid reason given.

7. On January 6, 2022, I submitted an informal complaint to initiate the grievance process.

8. The issues I intended to grieve were: 1) I was punished for violating a policy, but I was never told what the policy was; 2) Without knowing what policy was violated, I could not defend myself against the disciplinary action; and 3) The charges were changed in the middle of the disciplinary process.

9. I believe that these issues were deliberate attempts to retaliate against me for trying to challenge my criminal conviction.

10. The disciplinary hearing report states that I violated Code 396 – Use of the mail (email) for abuses other than criminal activity and Code 397 – Use of the telephone for abuses other than criminal activity.

11. The report states that I used my cellmate to give messages to Nicole Clyne. However, I was able to speak with Ms. Clyne directly at that time, so there was no reason to do anything improper in order to speak with her.

12. I was able to visit with Ms. Clyne only 2 days after being put in the SHU as punishment for allegedly trying to talk to her through my cellmate.

13. On appeal, the discipline was upheld because I admitted the actions that were claimed. However, the actions I admitted to were not violations of the policies cited.

14. On June 9, 2022, I filed a Central Office Administrative Remedy Appeal. I complained that the responses I received failed to address the three issues that I had initially raised in my grievance.

15. I never received a response to the Central Office Administrative Remedy Appeal.

16. On July 26, 2022, I was assaulted while walking to a table with my food in the dining hall.

17. I did not fight back.

18. I was placed in disciplinary segregation for having been assaulted.

19. I was given a disciplinary ticket for "fighting" and have had my privileges revoked and was placed in segregation "pending investigation".

20. I have had no contact with Mr. Withers prior to his assault on me.

21. After the assault, I was placed in the SHU.

22. I was dizzy for several days and could not get out of bed.

23. While in the SHU, I was not able to get grievance forms.

24. The counsellor only comes through one time per week, and if I am not able to get their attention while they are passing my door, I am not able to communicate with them.

25. On August 19, 2022, I submitted an informal complaint on plain paper to the counsellor.

26. I did not get a receipt.

27. I believe that I was given a disciplinary ticket as retaliation for the recent publicity that my case has received as a result of my efforts to challenge my conviction.

28. I have done everything in my power to pursue administrative remedies for these acts of retaliation.

29. I have filed official administrative remedy forms about the retaliation.

30. The responses did not address the issues I raised, including retaliation.

31. I have difficulty obtaining official forms, so I have submitted administrative grievances on plain paper.

32. I have no way of knowing if the grievance on plain paper was treated as a grievance, or if I will receive a response.

33. Due to these facts, I believe that submitting further grievances on the issue of retaliation would be futile.

34. I believe that submitting further grievances regarding retaliation would result in further retaliation against me.

Dated September 6, 2022

_____
Keith Alan Raniere

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Keith Raniere,

    Plaintiff,

vs.

Merrick Garland, et al.,

    Defendants.

No: 4:22-cv-0212-RCC

**DECLARATION OF STACY SCHEFF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMRY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(D)**

I, Stacy Scheff, pursuant to 28 U.S.C. 1746, declare under the penalties of perjury that the below is true and accurate:

1. I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(d) in the above-captioned action. I have personal knowledge of the facts set forth in this declaration.

2. The federal Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e, requires that prisoners exhaust "such administrative remedies as are available" prior to initiating suit alleging a violation of federal law as to prison conditions.

3. In order to adequately oppose summary judgment on the issue of exhaustion of available administrative remedies under the PLRA, Plaintiff requires at least some limited opportunity to conduct discovery into the extent to which federal BOP

Forms BP-9, BP-10, and BP-11 are genuinely "available" to Mr. Raniere during the relevant time period. Additionally, Plaintiff requires at least limited discovery into the extent to which prison officials within his prison facility delivered and channeled handwritten complaints to the appropriate personnel within the command structure.

4. Specifically, Plaintiff asserts that he has attempted to follow prison regulations regarding the filing of administrative complaints but has been hindered in his attempts to do so. Notably, Plaintiff has been in disciplinary segregation for much of the past several months. During that time, Plaintiff has found it near impossible to access the above-described BOP forms identified in the prison regulations. In fact, Plaintiff asserts that, in lieu of using the prescribed forms, Plaintiff provided to prison guards complaints that he handwrote on blank sheets of paper. At the time of the filing of this briefing, neither Plaintiff nor undersigned counsel have any knowledge about the whereabouts of the complaints written on blank sheets of paper.

5. For this reason, Plaintiff would like to propound requests for production in order to obtain internal communications (ie, emails) that are likely to shed light into the whereabouts of these complaints written on blank sheets of paper.

6. Additionally, Plaintiff would like to propound requests for production in order to obtain information about the status of Plaintiff's administrative appeals which, to Defendants' own acknowledgement, were filed by Plaintiff in June 2022.

7. Finally, Plaintiff would like the opportunity to depose prison officials at the Tucson BOP facility in an effort to substantiate Plaintiff's claims that he is the subject of retaliation and that, consequently, any further efforts on his part to submit additional administrative complaints through the formal channels would simply be met with additional retaliation, such as additional time spent in segregation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 9th day of September of 2022.

/s/Stacy Scheff
Stacy Scheff

3