# Exhibit A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Keith Raniere,

             Plaintiff,

    vs.

Merrick Garland, US Attorney General, et al.,

             Defendants.

No. 22-cv-00212-RCC-PSOT

**DECLARATION OF
LORRI MITCHELL**

I, Lorri Mitchell, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby make the following declaration relating to the above-titled matter.

1.     I am employed by the United States Department of Justice, Federal Bureau of Prisons (Bureau) as a Legal Assistant at the Federal Correctional Complex in Tucson, Arizona (FCC Tucson).  I have been employed by the Bureau, in positions of increasing responsibility since April 2012.  I have been employed in my current position since February 2013.

2.     As part of my official duties, I have access to records maintained by the Bureau in the ordinary course of business, including administrative remedy requests of federal inmates, information maintained in the SENTRY[1] database, and inmate central files.  All records attached to this declaration are true and accurate copies of Bureau records maintained in the ordinary course of business.

---

[1] SENTRY is the Bureau's national database which tracks various data regarding an inmate's confinement, including, but not limited to, an inmate's institutional history, sentencing information, participation in programs, administrative remedies, and discipline history.

# I.     RELEVANT BUREAU REGULATIONS AND POLICIES

3.     As to inmate friends and associates, "[t]he visiting privilege ordinarily will be extended to friends and associates having an established relationship with the inmate prior to confinement, unless such visits could reasonably create a threat to the security and good order of the institution.  Exceptions to the prior relationship rule may be made, particularly for inmates without other visitors, when it is shown that the proposed visitor is reliable and poses no threat to the security or good order of the institution."  28 C.F.R. § 540.44(c). "Regardless of the institution's security level, the inmate must have known the proposed visitor(s) prior to incarceration.  The Warden must approve any exception to this requirement."  *See* Program Statement 5267.09, *Visiting Regulations* at 6.[2]

4.     "Use of TRULINCS is a privilege; therefore, the Warden may limit or deny the privilege of a particular inmate."  *See* Program Statement 4500.12, *Trust Fund/Deposit Fund Manual* at 126.[3]  "Inmates may be subject to telephone restrictions imposed by the Warden to protect the safety, security, and good order of the institution, as well as to protect the public."  *See* Program Statement 5264.08, *Inmate Telephone Regulations* at 14.[4]  (Ex. D, ¶ 13.)

5.     "The Bureau of Prisons recognizes the use of assistants by attorneys to perform legal tasks and, with proper controls and exceptions enumerated . . . accords such assistants the same status as attorneys with respect to visiting and correspondence."  28 C.F.R. § 543.16(a).  "The special visiting/correspondence status accorded to paralegals, clerks, and legal assistants depends on an ongoing, supervisory relationship with an attorney on an approved visiting/correspondence list.  Absent any current supervisory relationship, such persons may only receive social visiting or general correspondence privileges."  *See*

---

[2] Available at https://www.bop.gov/policy/progstat/5267_09.pdf (last visited on Sept. 23, 2022).
[3] Available at https://www.bop.gov/policy/progstat/4500.12.pdf (last visited on Sept. 23, 2022).
[4] Available at https://www.bop.gov/policy/progstat/5264_008.pdf (last visited on Sept. 23, 2022).

Program Statement 1315.07, *Inmate Legal Activities* at 19.[5]

## II.   VISITATION

6.     Nicki Clyne is a former associate of NXIVM who has been banned from communicating with Plaintiff.  *See* Att. 1, Visitor Denial Memos (Redacted) at 2.  Ms. Clyne is an unindicted co-conspirator.  *See* Att. 2, Special Investigative Services Investigation (Redacted) at 5.  Plaintiff circumvented mail monitoring by communicating with her through another inmate and by using her to communicate with Clare Bronfam, another associate of NXIVM and co-defendant of Plaintiff who is currently incarcerated in federal prison.  *Id.* at 1-6.

7.     Danielle Roberts is a former associate of NXIVM who has been removed from Plaintiff's visiting list due to her extensive involvement with NXIVM.  *See* Att. 1 at 1.  She was removed "for safety and security of institution."  *Id.*  Her attorney contacted the Bureau and was informed that Plaintiff could file a request through the Administrative Remedy Program regarding her removal.  *See* Att. 3, E-Mail Correspondence (Redacted) at 1.

8.     In March 2022, Plaintiff's counsel wrote to the Bureau asserting that the denial of social visitation privileges for Suneel Chakravorty, Ms. Clyne, and Ms. Roberts was improper.  *See* Att. 4, Letter from C. Cook to J. Tully at 1-4.  In response, Mr. Cook informed Plaintiff's counsel that only the Warden can reinstate a suspended individual to an inmate's visiting list and that Plaintiff had not challenged the denial of his social visitors through the Administrative Remedy Program.  *Id.* at 5-6.

## III.   ADMINISTRATIVE REMEDIES

9.     During Plaintiff's incarceration with the Bureau, he has filed five administrative remedies or appeals.  *See* Att. 5, SENTRY Administrative Remedy Index at 1-4.

---

[5] Available at https://www.bop.gov/policy/progstat/1315_007.pdf (last visited on May 27, 2022).

10.     To date, Plaintiff has not submitted any administrative remedies or appeals challenging the denial social visitation for Mr. Chakravorty, Ms. Clyne, or Ms. Roberts. *Id.*

11.     On September 8, 2022, Plaintiff filed a Request for Administrative Remedy questioning why a different NXIVM associate was denied visitation.  *See* Att. 6, Remedy No. 1133790-F1 at 3.  On the same date, Plaintiff filed a Request for Administrative Remedy stating that Mr. Chakravorty had been banned a second time from communicating with him at USP Tucson after having been reinstated.  *See* Att. 7, Remedy No. 1133798-F1 at 3.  On the same date, Plaintiff filed a Request for Administrative Remedy seeking to know the reasons for his contact list being "scrubbed."  *See* Att. 8, Remedy No. 1133808-F1 at 3.

## IV.   LEGAL CALLS

12.     Since June 10, 2022, the last date identified in Mr. Flores second declaration (Doc. 17-1) when a legal call was requested/accommodated, the below table identifies all legal calls that have been scheduled/accommodated for Plaintiff by Mr. Flores.  *See* Att. 9, Legal Call Log (Redacted) at 2-3.

| Date | Attorney Names | Approximate Duration |
|------|----------------|----------------------|
| 6/13/2022 | Joseph P. Daugherty | 1 hr. |
| 6/19/2022 | Suneel Chakravorty[6] | 2 hrs. |
| 6/21/2022 | Joseph P. Daugherty | 1 hr. |
| 6/27/2022 | Joseph P. Daugherty | 2 hrs. |

[6] Previously, the Warden, in his discretion, allowed Plaintiff a single legal phone call, but not a legal visit, with Mr. Chakravorty, due to the then-imminent Rule 33 deadline.

| 6/29/2022 | Joseph Tully | 1 hr. |
|-----------|--------------|-------|
| 7/6/2022 | Joseph Tully | 1 hr. |
| 7/13/2022 | John Meringolo | 1 hr. |
| 7/20/2022 | Joseph P. Daugherty | 1 hr. |
| 8/31/2022 | Joseph P. Daugherty | 2 hrs. |
| 9/7/2022 | Joseph P. Daugherty | 1.5 hrs. |
| 9/14/2022 | Joseph P. Daugherty | 2 hrs. |
| 9/21/2022 | Joseph P. Daugherty | 2 hrs. |

## V.   LEGAL VISITS

13.     Plaintiff's attorneys continue to schedule, through his assigned Correctional Counselor and other substitute Correctional Counselors, legal visits.  *See* Att. 10, Legal Visit Approval Notices (Redacted) at 1-8.  These legal visits have been accommodated per the request of the attorney and in line with the schedule of the institution and any institutional security/safety measures (e.g., lockdown, COVID-19 protocols, staff resources, etc.).

14.     Since Plaintiff's placement in the Special Housing Unit at USP Tucson in late July 2022, Plaintiff's legal visits have been accommodated as reflected in the following table:

| Date | Attorney Name(s) |
|------|------------------|
| 7/29/2022 | Stacy Scheff |
| 8/5/2022 | Stacy Scheff<br>Gregory Stoltz |

| 8/12/2022 | Gregory Stoltz |
|-----------|----------------|
| 8/22/2022 | Stacy Scheff |
| 8/24/2022 | Gregory Stoltz |
| 8/29/2022 | Stacy Scheff |
| 9/6/2022 | Stacy Scheff |
| 9/14/2022 | Gregory Stoltz |

15.     In addition to these legal calls and legal visits, Plaintiff is still able to send and receive legal correspondence at USP Tucson to/from his attorneys that is afforded confidential processing/handling.

## VI.     DISICPLINARY ACTION

16.     On August 15, 2022, Incident Report No. 3655238 was expunged.  *See* Att. 11, Expunged Incident Report No. 3655238 at 1.  However, Plaintiff remains in the Special Housing Unit at USP Tucson in administrative detention status (non-punitive) pending placement into general population or other suitable housing.

//

//

//

//

//

//

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 23rd day of September 2022, in Tucson, Arizona.

Lorri Mitchell
Legal Assistant
USP Tucson, Arizona
Federal Bureau of Prisons

**Enclosures**

Att. 1, Visitor Denial Memos (Redacted)

Att. 2, Special Investigative Services Investigation (Redacted)

Att. 3, E-Mail Correspondence (Redacted)

Att. 4, Letter from C. Cook to J. Tully

Att. 5, SENTRY Administrative Remedy Index

Att. 6, Remedy No. 1133790-F1

Att. 7, Remedy No. 1133798-F1

Att. 8, Remedy No. 1133808-F1

Att. 9, Legal Call Log (Redacted)

Att. 10, Legal Visit Approval Notices (Redacted)

Att. 11, Expunged Incident Report No. 3655238

Exhibit A
Attachment 1



**U.S. Department of Justice**

Federal Bureau of Prisons

Federal Correctional Complex

*Office of the Unit Team*                                          Tucson, Arizona 85756

January 4, 2022

**MEMORANDUM FOR D. COLBERT, ACTING COMPLEX WARDEN**

FROM:               T. Ashworth, Correctional Counselor

SUBJECT:            Visitor Removal for inmate
                    Raniere, Keith
                    Reg. No. 57005-177

Requesting visitor Danielle, Roberts to be removed from inmate Raniere,
Keith's visiting list due to the fact that she had extensive
involvement in the NXIVM case. Additionally, his Judgement and
Commitment indicants under special conditions that he shall not have
contact to include in person with any of the NXIVM associates. Attached
below is supporting documentation for your review.

_____            Comments: remove for safety and
A. Stangl, Unit Manager                      security of institution.

[ X ] APPROVED          [   ] DISAPPROVED
FOR
_____
J. Walker, SIS Lieutenant          Comments: Removal due to security concerns

[ X ] APPROVED          [ X ] DISAPPROVED
FO/
_____            Comments: Concur with S.S + Unit team
J. Rey, Complex Captain

[ X ] APPROVED          [   ] DISAPPROVED
_____            Comments: Agree with recommendation to
A. Tubb, Associate Warden                    to remove from visitation list.

[ ✓ ] APPROVED          [   ] DISAPPROVED
_____            Comments: _____
D. Colbert
Acting Complex Warden

[ ✓ ] APPROVED          [   ] DISAPPROVED

F.O.I. EXEMPT

Ex. A, Att. 1, p. 1



U.S. Department of Justice

Federal Bureau of Prisons

*FCC Tucson*

Tucson, Arizona 85756

July 27, 2021

MEMORANDUM FOR CATRICIA HOWARD, COMPLEX WARDEN

THRU:            Randy Carabajal, Special Investigative Agent

FROM:            Xavier Calvillo, S.I.S. Technician

SUBJECT: Inmate Keith Raniere, Reg. No. 57005-177 contact block

I am requesting Nicki Clyne be removed from inmate Keith Raniere, Reg. No. 57005-177, contacts, visiting, phone and email lists. I am also requesting Nicki Clyne be blocked from all inmates at FCC Tucson indefinitely. Inmate Raniere is utilizing email and phone accounts of other inmates to bypass the communication monitoring process. The email address ███████████.com, is being utilized to contact Nicki Clyne when inmate Keith Raniere is not able to communicate with her. The phone number that is also being utilized to circumvent the monitoring system is ███████████. This is a violation of Program Statements 5265.14, and 5264.08, being unable to properly monitor the phone and correspondence appropriately. It is to be noted inmate Keith Raniere had a previous incident at MDC Brookly. Supporting documentation is attached.

# F.O.I.A. EXEMPT

Exhibit A
Attachment 2



**U.S. Department of Justice**

**Federal Bureau of Prisons**

### Inmate Investigative Report

**Institution:** Tucson USP

**Case Number:** ███████

**Investigation Type:** ████████████████████████

**Inmates Involved:**

| Register Number | Name | Role |
|---|---|---|
| ███████ | ████████████ | ████████ |
| 57005177 | RANIERE, KEITH | Suspect |



| | | |
|---|---|---|
| **Investigator:** CALVILLO, XAVIER | **Date:** 8/19/2021 11:30:32 AM CST |
| **Captain:** REY, JESSE | **Date:** 9/2/2021 4:43:44 PM CST |
| **Associate Warden:** DYER, JACOB | **Date:** 9/15/2021 2:27:15 PM CST |
| **Warden:** HOWARD, CATRICIA | **Date:** 9/16/2021 9:26:59 AM CST |

**Summary:**

On July 22, 2021, at approximately 10:00 a.m., S.I.S. staff reviewed required monitoring phone calls when a call made on July 22, 2021, at approximately 6:58 a.m., to phone number ████████, identified as " Nicki Clyne", on inmate Keith Raniere's, Reg. No. 57005-177, TRUVIEW account. Further review of the phone call and caller, it was discovered via TRUINTEL, " Nikki Clyne" has been removed from Raniere's telephone and visitation list, from his previous institution for illicit activity conducted in and outside of MDC Brooklyn. An investigation continues...

**Inmate Data:**





**Name:** 57005177 - RANIERE, KEITH

**Role:** Suspect

**Age:** 60    **Race:** WHITE

**Facility Arrival Date:** 1/22/2021

**Projected Release Date:** 6/27/2120

**Charges:**

| Description | Sentencing District |
|---|---|
| 18:1349,18:1343 WIRE FRAUD CONSPIRACY CT.7 | NEW YORK, EASTERN DISTRICT |
| 18:1594(B) FORCED LABOR CONSPIRACY CT.6 | NEW YORK, EASTERN DISTRICT |
| 18:1594(C),18:1591(B)(1) SEX TRAFF CONSP CT.8; 18:1591(A)(1), 18:1591(B)(1) SEX TRAFF JANE DOE 5 CT.9; 18: 1594(A),18:1591(B) (1) ATTEMPTED SEX TRAFF JANE DOE 8 CT.10 | NEW YORK, EASTERN DISTRICT |
| 18:1962(D),18:1963(A) RACKETEERING CONSPIRACY CT.1 18:1962(C),18:1963(A) RACKETEERING CT.2 | NEW YORK, EASTERN DISTRICT |



**Other Statements:**

**Date:** 7/22/2021 1:30 PM           **Location:** Housing Unit, Special (SHU)

**Interviewer:** Rhynard, M           **Title:** SIS Cadre

**Interviewee:** 57005177 - RANIERE, KEITH

During an interview with inmate Keith Raniere, Reg. No. 57005-177, he stated inmate                    , sent emails to a Nikki Clyne for small things like visits. I asked inmate Raniere how he knew Ms. Clyne? Inmate Raniere stated she is his " partner" and an original member of NXIVM. Inmate Raniere said she visits him and a Clare Bronfman, Reg. No. 91010-053, who is his Co-defendant. I asked inmate Raniere if Ms. Clyne passes messages between him and Bronfman? He said yes. She tells me what's going on with her and how she's doing. I asked inmate Raniere if he has any other contact with Bronfman? Inmate Raniere said she pays my legal fees, but I do not talk to her directly. I asked inmate Raniere why Clyne is under several different inmate email accounts and uses several different names? Inmate Raniere stated Nikki is famous, so she uses other names, so staff will not mess with her emails and letters. Raniere said Nikki Clyne is part of an inmate advocacy group, and she's just trying to help. I asked inmate Raniere if Nikki Clyne has ever been blocked by the BOP before? He stated yes, and my emails were taken away.

**Date:** 7/22/2021 1:00 PM           **Location:** Housing Unit, Special (SHU)

**Interviewer:** Rhynard, M           **Title:** SIS Cadre

**Interviewee:**

During an interview with inmate                    he stated he did send emails to a Nikki Clyne in regards to and for inmate Keith Raniere, Reg. No. 57005-177,         stated he referred to inmate Raniere as " K-dog" in his emails to Clyne.        further stated he did not think it was a big deal but understands how it is a BOP rule violation.

| Type | Subtype | File Name | Original Entered By |
|------|---------|-----------|---------------------|



**Conclusion:**

At the completion of this investigation it was found that inmates ████████████████████████, and Keith Raniere, Reg. No. 57005-177, did knowingly circumvent the Bureau of Prisons communications policy. Specifically, inmate Brooks sent email correspondence to a " Nicki Clyne" at the email of "████████████████.com" and stated if there was a need to have contact with Raniere that they can do it through the email. In the email it also describes a nickname for Raniere of " K-Dog" to be discreet in their communications. Inmate Raniere's TRULINCS account has been restricted for public messaging. In a memorandum authored by the Bureau of Prisons, Counter Terrorism Unit, discovered " Nicki Clyne" was under several inmates TRULINCS accounts under false pretenses while inmate Raniere was housed at MDC Brooklyn. " Nicki Clyne" at this time is an un-indicted co-conspirator of Raniere's " Inner Circle" or " First line masters" of the NXIVM cult. In an interview with inmate Raniere, he admits to utilizing ████████ to send messages to " Nicki Clyne" on his TRULINCS account and in visitation to pass along messages to his co-conspirator, Carol Bronfman, Reg. No. 91010-053, who is housed at FDC Philadelphia.

A review of CCTV video footage, SENTRY, and TRUSCOPE, did not provide any factual findings pertaining to this investigation.

**Recommendation:**

It is recommended inmates Keith Raniere, Reg. No. 57005-177, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, receive an incident report of 196-Use of the mail for an illegal purpose, 197-Use of the telephone for an illegal purpose, and 199-Conduct which disrupts or interferes with orderly running of the institution or the Bureau of Prisons. Upon completion of the disciplinary process, they should return to general population to continue their programming needs.

Exhibit A
Attachment 3

Re: Fwd: [EXTERNAL] Inmate Communication Issue

Tempski, ██████ (BOP) < ████████@bop.gov>

To: ████████████.com < ████████████.com>

BOP's inmate Visiting Regulations are outlined in Program Statement 5267.09 (https://www.bop.gov/policy/progstat/5267_09.pdf).  There is no formal appeals process for visitation denials, but as with any issue of an inmate's conditions of confinement, the involved inmate may personally file a request through the BOP's Administrative Remedy process.

To the extent telephonic or written correspondence are at issue here, the processes involved are addressed in Program Statements 5264.08 and 5265.14 (https://www.bop.gov/policy/progstat/5264_008.pdf and https://www.bop.gov/policy/progstat/5265_014.pdf).

Regards,

*██████ Tempski*
Senior Attorney
U.S. Department of Justice
Federal Bureau of Prisons
FCC Tucson

>>> TCN-ExecAssistant-S 1/11/2022 1:45 PM >>>
>>>

| | |
|---|---|
| **From:** | Panagiotis Prountzos < ████████████.com> |
| **To:** | <TCP-ExecAssistant@bop.gov> |
| **Date:** | 1/10/2022 15:43 |
| **Subject:** | [EXTERNAL] Inmate Communication Issue |

To whom it may concern,

Happy new year! I am following up with a couple of voicemails I have left with your legal department which have gone unanswered. I have a client who is NOT an inmate, but has been blocked from communicating with an inmate from your facility. I would like to speak with legal regarding this matter. Please have someone call me at ████████. I thank you for your time.

Best,
Panagiotis

--

Panagiotis Prountzos, Esq.
Law Offices of Panagiotis Prountzos
333 West Portal Avenue
Suite A
San Francisco, CA 94127

Telephone ████████
Facsimile ████████
www.prountzoslaw.com

**CONFIDENTIALITY NOTICE**
This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distributing, or the taking of any action in reliance upon this communication is strictly prohibited.

Moreover, any such inadvertent disclosure shall not compromise or waive the attorney client privileges as to this communication or otherwise. (See *State Compensation Insurance Fund v. WPS, Inc.* (1999) 70 Cal. App. 4th 644.) If you have received this communication in error, please contact the sender at: ████████████████████.com

Exhibit A

Attachment 4



# TULLY & WEISS
*RETIRED*
## ATTORNEYS AT LAW

March 18, 2022

Melissa Rios
Western Regional Director
7338 Shoreline Drive
Stockton, CA 95219
Email: ExecAssistant@bop.gov
Phone: (209) 956-9700
Fax: (209) 956-9793

<u>**ATTENTION: SENSITIVE**</u>

**RE:   Keith Raniere**
       **Inmate #57005-177**

Dear Ms. Rios,

There are multiple Bureau of Prisons ("BOP") and potential constitutional violations occurring at the USP Tucson where Mr. Keith Raniere is currently housed.

A lack of transparency and following standard procedures has led to the necessity of this letter. Our main concern is the lack of information regarding these three communication and/or visitation bans. Our expectation is that all current communication and/or visitation bans will be removed as soon as possible.

Three individuals have been prevented from speaking and/or visiting with Mr. Raniere without receiving any notice per BOP policy. Mr. Raniere was only told of these bans through an informal conversation with a BOP officer without an explanation.

All three individuals have given declarations that testify to the facts that they have all been acting peacefully and in accordance with the law. (Exhibit A – Declarations of Chakravorty, Clyne, and Roberts.) The communication and visitation bans unconstitutionally deprive these specific people from their freedom to assemble by associating and communicating as guaranteed by the First Amendment to the United States of America: "Congress shall make no law...abridging the freedom of speech, or of the press; or **the right of the people peaceably to assemble**, and to petition the Government for a redress of grievances." (U.S. Const. Amend I.)

FRESNO
1340 VAN NESS
(559) 321-0907
LOS ANGELES
220 S. PCH. STE 106
(424) 383-9700

MARTINEZ
713 MAIN ST.
(925) 229-9700
REDDING
1388 COURT ST., STE G
(530) 999-9700

SAN FRANCISCO
333 WEST PORTAL, STE A
(415) 360 9007
SELMA
1916 E. FRONT ST.
(559) 860-0970

**Ex. A, Att. 4, p. 1**

*TULLY & WEISS ATTORNEYS AT LAW*
*FIAT JUSTITIA RUAT CAELUM*          PAGE 2 OF 5

## BOP TELEPHONE RESTRICTION NOTICE

"The Associate Warden may deny placement of a telephone number on an inmate's telephone list if the Associate Warden determines that there is a threat to institution security or good order, or a threat to the public. *Any disapproval must be documented in writing to both the inmate and the proposed recipient... The Associate Warden will notify the denied recipient that he or she may appeal the denial by writing to the Warden within 15 days of the receipt of the denial.*" (BOP Telephone Privileges section 540.101(3), emphasis added.)

## 30-DAY PHONE RESTRICTIONS IMPOSED PENDING AN INVESTIGATION

Telephone restrictions imposed pending an investigation or pending disciplinary action for possible telephone abuse are *limited to a period of 30 days. If an additional 30-day period is required to complete either the investigation or disciplinary process, the Warden must re-authorize the restriction using these procedures...* Unless re-authorized in this manner, *Trust Fund staff will obtain the Warden's approval for reinstatement or continued restrictions every 30 days. Each subsequent restriction period is limited to 30 days.* Staff should make every effort to complete investigations and disciplinary proceedings for possible telephone abuse *within the first 30-day period of the telephone restriction.* (BOP Telephone Privileges section 540.105(13)(b)(5), emphasis added.)

## THE THREE INDIVIDUALS BANNED

### Suneel Chakravorty

Suneel Chakravorty is a close friend of and has full power-of-attorney for Mr. Raniere. Mr. Chakravorty was denied in-person visitation to Mr. Raniere in May of 2021, allegedly due to a miscommunication regarding their relationship. While Mr. Chakravorty is able to communicate with Mr. Raniere through telephone, he is still refused prison visitation. Mr. Chakravorty has no criminal history and was not a co-conspirator or connected to Mr. Raniere's criminal case.

Therefore, we request the immediate reinstatement of Mr. Chakravorty in-person visitation rights with Mr. Raniere.

### Nicole Clyne

Nicole Clyne has been a close friend of Mr. Raniere's for over fifteen years. In May of 2021, Ms. Clyne was visiting Mr. Raniere regularly. After several visits, Ms. Clyne met other inmates and subsequently started a support program for inmates.

On July 24, 2021, Ms. Clyne was suddenly denied both communication and visitation with Mr. Raniere. Ms. Clyne never received any notice or reason from

*TULLY & WEISS ATTORNEYS AT LAW*
*FIAT JUSTITIA RUAT CAELUM*      *PAGE 3 OF 5*

the BOP as to why this occurred. Ms. Clyne has spoken to several inmates across the BOP who lack support from family and friends for nearly two years without any issues. Any 30-day phone restriction should surely be over by now.

Therefore, we request the immediate reinstatement of Ms. Clyne's communication and in-person visitation rights with Mr. Raniere.

**Dr. Danielle Roberts**
Dr. Roberts has been a close friend of Mr. Raniere for about ten years. Dr. Roberts had been peacefully visiting with Mr. Raniere for about eight months consistently.

On January 7, 2022, Dr. Roberts was informed that her visitation rights with Mr. Raniere were revoked. None of the reasons given provided reasonable justification for the revocation of the visitation rights according to BOP policy.

When Dr. Roberts tried to appeal, she was informed to email Warden Howard about the issue. Dr. Roberts emailed the Warden twice and was informed that she would receive a response withing thirty days. More importantly, Dr. Roberts never received a response from her emails, and it has now been over sixty days.

Therefore, we request the immediate reinstatement of Dr. Roberts' communication and in-person visitation rights with Mr. Raniere.

**NO DUE PROCESS**
My office has followed the policy and procedures to obtain more information regarding Mr. Raniere's file with no response.

In October of 2021, our firm received approval from Mr. Raniere to release information regarding Mr. Raniere to us through a "Certification of Identity." On February 1, 2022, I emailed a request to the BOP department for the Freedom of Information Act to obtain Mr. Raniere's central file as I was instructed. To date, I have yet to receive a response.

No actions by the parties could reasonably be interpreted as criminal. Without justification or further information, these communication bans appear intentional and directly aimed at punishing Mr. Raniere outside of law in an arbitrary, capricious, and unreasonable manner such that it violates Mr. Raniere's Eight Amendment rights. If it was due to an investigation suspension, then we are well past the 30-day period per BOP policy.

*TULLY & WEISS ATTORNEYS AT LAW*
*FIAT JUSTITIA RUAT CAELUM*       *PAGE* 4 OF 5

## CONCLUSION

In view of the information provided above, it appears certain that USP Tucson has committed numerous BOP as well as Constitutional violations which are related and intentional. Therefore, if USP Tucson heard of these complaints, it is more than likely that it would use the complaint to further unlawfully punish Mr. Raniere.

We must ensure that the laws are followed for all individuals. If individuals at the BOP are depriving Mr. Raniere of any his Constitutional Rights, they are breaking the law and need to be addressed accordingly. Every day is a potential Constitutional Violation of his First and Eight Amendment rights.

Therefore, I am requesting a response as soon as possible to this letter so that Mr. Raniere may continue communications and visitation with Mr. Chakravorty, Ms. Clyne, and Dr. Roberts that are lawful and in accordance with BOP policies. If we do not receive an appropriate response that reasonably explains the situation, then we will be required to file a lawsuit to ensure that the Constitution is followed with respect to Mr. Raniere.

Very truly yours,

Tully & Weiss Attorneys at Law

*Joseph P. Daugherty*

Joseph P. Daugherty
Email: Joseph.Daugherty@Tully-Weiss.com



**U.S. DEPARTMENT OF JUSTICE**
**Federal Bureau of Prisons**
Federal Correctional Institution

---

*Consolidated Legal Center*
*37900 N. 45th Avenue*
*Phoenix, AZ 85086*

March 28, 2022

Joseph M. Tully
Tully & Weiss Attorneys at Law
713 Main Street
Martinez, California 94553

Re:     Keith Raniere, Federal Register No. 57005-177

Dear Mr. Tully,

This is in response to a March 18, 2022, letter from Joseph P. Daugherty.  The letter relates to federal Keith Raniere, who is presently incarcerated at the United States Penitentiary in Tucson, Arizona (USP Tucson).  Specifically, Mr. Daugherty claims that the denial of social visitation privileges for Suneel Chakravorty, Nicole Clyne, and Danielle Roberts was improper.

Having on file a Certification of Identity form authorizing disclosure of information to you regarding Mr. Raniere, I am able to provide you the following response.  Please note that this response is going directly to you because a similar authorization from Mr. Raniere is not on file for Mr. Daugherty.

**Social Visitation**

The Federal Bureau of Prisons (Bureau) encourages visiting by family, friends, and community groups to maintain the morale of the inmate and to develop closer relationships between the inmate and family members or others in the community.  The Warden is tasked with developing procedures consistent with the prevailing federal regulations and policies to permit inmate visiting at his/her institution.  The Warden is also permitted to restrict inmate visiting when necessary to ensure the security and good order of the institution.

The visiting privilege ordinarily will be extended to friends and associates having an established relationship with the inmate prior to confinement, unless such visits could reasonably create a threat to the security and good order of the institution.  Staff shall notify the inmate of each approval or disapproval of a requested person.  The inmate is responsible for notifying the visitor of the approval or disapproval to visit.  Only the Warden can reinstate a suspended

1

individual to an inmate's visiting list.

The Warden is responsible for responding to an inmate's Request for Administrative Remedy, commonly referred to as a BP-9.  Records indicate that Mr. Raniere has not attempted to challenge a denial of any of his social visitors through the Administrative Remedy Program.  To the extent that Mr. Raniere wishes to challenge any social visitation denials at USP Tucson, he is encouraged to use the Administrative Remedy Program.  As noted in my prior correspondence to you from December 2021, the Administrative Remedy Program may be used to address any concerns related to his conditions of confinement.  I trust this response addresses your concerns.

Sincerely,


*s/ Clay C. Cook*
Clay C. Cook
Supervisory Attorney
Phoenix, Arizona
Federal Bureau of Prisons

2

Exhibit A
Attachment 5

```
PHXC4              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *       09-23-2022
PAGE 001 OF                                                            11:48:24
       FUNCTION: L-P SCOPE: REG   EQ 57005-177    OUTPUT FORMAT: FULL
------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED: _ REMEDY LEVEL: _ _            RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ _____      _____      _____      _____      _____      _____
TRACK: DEPT: _____ _____ _____ _____ _____ _____
     PERSON: ____      _____      _____      _____      _____      _____
       TYPE: ____      _____      _____      _____      _____      _____
EVNT FACL: EQ _____      _____      _____      _____      _____      _____
RCV FACL.: EQ _____      _____      _____      _____      _____      _____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ _____      _____      _____      _____      _____      _____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____




G0002     MORE PAGES TO FOLLOW . . .
```

Ex. A, att. 5, p. 1

```
PHXC4          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      09-23-2022
PAGE 002 OF       *          FULL SCREEN FORMAT          *      11:48:24


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP            QTR.: Z01-118LAD RCV OFC: WXR
REMEDY ID: 1111640-R1     SUB1: 20DM SUB2:      DATE RCV:  02-25-2022
UNT  RCV..:UNIT C      QTR RCV.: C01-108U      FACL RCV: TCP
UNT  ORG..:UNIT C      QTR ORG.: C01-108U      FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: WXR  1 BOP  1         RESP DUE: TUE  04-26-2022
ABSTRACT.: DHO HEARING 10-26-21 CODE: 396 / 397
STATUS DT: 04-01-2022  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: 3547878   RCT: P EXT: P DATE ENTD: 02-26-2022
REMARKS..:




REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP            QTR.: Z01-118LAD RCV OFC: BOP
REMEDY ID: 1111640-A1     SUB1: 20BM SUB2:      DATE RCV:  06-30-2022
UNT  RCV..:UNIT C      QTR RCV.: C01-108U      FACL RCV: TCP
UNT  ORG..:UNIT C      QTR ORG.: C01-108U      FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: WXR  1 BOP  1         RESP DUE: MON  08-29-2022
ABSTRACT.: DHO HEARING 10-26-21 CODE: 396 / 397
STATUS DT: 07-11-2022  STATUS CODE: ACC STATUS REASON:
INCRPTNO.: 3547878   RCT: P EXT: P DATE ENTD: 07-11-2022
REMARKS..:




G0002      MORE PAGES TO FOLLOW . . .
```

**Ex. A, att. 5, p. 2**

```
PHXC4          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      09-23-2022
PAGE 003 OF      *            FULL SCREEN FORMAT            *      11:48:24


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP            QTR.: Z01-118LAD RCV OFC: TCP
REMEDY ID: 1133790-F1     SUB1: 18AM SUB2:     DATE RCV:  09-14-2022
UNT  RCV..:4 GP        QTR RCV.: Z01-119LAD    FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-119LAD    FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: TCP  1               RESP DUE: TUE 10-04-2022
ABSTRACT.: REQUESTING VISIT DENIAL INFORMATION
STATUS DT: 09-14-2022  STATUS CODE: ACC STATUS REASON:
INCRPTNO.:           RCT: P EXT:  DATE ENTD: 09-14-2022
REMARKS..:




REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP            QTR.: Z01-118LAD RCV OFC: TCP
REMEDY ID: 1133798-F1     SUB1: 33EM SUB2:     DATE RCV:  09-14-2022
UNT  RCV..:4 GP        QTR RCV.: Z01-119LAD    FACL RCV: TCP
UNT  ORG..:4 GP        QTR ORG.: Z01-119LAD    FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: TCP  1               RESP DUE: TUE 10-04-2022
ABSTRACT.: RQSTNG INFO DENIAL PHNE CALL PARA LEGAL APPROVE LIST
STATUS DT: 09-14-2022  STATUS CODE: ACC STATUS REASON:
INCRPTNO.:           RCT: P EXT:  DATE ENTD: 09-14-2022
REMARKS..:




G0002      MORE PAGES TO FOLLOW . . .
```

```
PHXC4            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      09-23-2022
PAGE 004 OF 004 *            FULL SCREEN FORMAT            *      11:48:24


REGNO: 57005-177 NAME: RANIERE, KEITH
RSP OF...: TCP UNT/LOC/DST: 4 GP              QTR.: Z01-118LAD RCV OFC: TCP
REMEDY ID: 1133808-F1      SUB1: 16GM SUB2:        DATE RCV:   09-14-2022
UNT  RCV..:4 GP          QTR RCV.: Z01-119LAD    FACL RCV: TCP
UNT  ORG..:4 GP          QTR ORG.: Z01-119LAD    FACL ORG: TCP
EVT FACL.: TCP    ACC LEV: TCP  1              RESP DUE: TUE  10-04-2022
ABSTRACT.: LOSS OF CONTACT IN TRULINCS
STATUS DT: 09-14-2022  STATUS CODE: ACC STATUS REASON:
INCRPTNO.:              RCT: P EXT:   DATE ENTD: 09-14-2022
REMARKS..:




                    5 REMEDY SUBMISSION(S) SELECTED
      G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

Exhibit A

Attachment 6



TCX 1330.18B
9/9/2019
Page 6
8/28/22
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form (BP-9), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what effort you have made to resolve your complaint informally. Also, please state names of staff contacted.

| Inmate Name: Raniere, K | Reg. No.: 57005-177 | Unit: C-1 |
|---|---|---|

Informal resolution form issued by Correctional Counselor on: (date)

INMATE'S COMMENTS: (Inmate MUST FILL OUT items 1-4 and signature block)

1. Complaint: Mark Elliot was not approved for visitation last visiting weekend. He was approved multiple times before. I would like to know: 1) Why he was not approved, 2) who made this decision, 3) All evidence used to make this decision? I would also like this decision reversed.

2. Efforts made by inmate to informally resolve incident (Which staff members did you talk to and what did they say?) Spoke to counselors Ashworth and Flores, neither knew the reason.

3. State what action you want staff to take to correct the situation:
Find out: 1) Why?, 2) who?, 3) what? (see #1) Also reverse this decision.

Date returned to Correctional Counselor:
8/29/22

| Inmate Signature Keith Van Raniere | Reg. No. 57005-177 | Date 8/29/22 |
|---|---|---|

CORRECTIONAL COUNSELOR'S COMMENTS:

Efforts made to informally resolve and staff contacted:
*a. Discussed the complaint with (staff member) --- and he/she stated...*
*b. I further explained to the inmate that ...*
*c. But, the inmate insisted he wanted to file a BP-9 because...*

Response attached.

Date informally resolved: 9/6/22    Signature: _____ cor

Informal Resolution was not accomplished for the following reason:
*After I personally explained that ..., he still insisted that he was wronged because...*

Unit Manager's review and Signature:
*a. Can this request be resolved at the Unit Level?*
*b. Steps taken to resolve (who was contacted, results of that contact – do not forward for lack of contact):*

Unit Manager

**RANIERE, Keith**                                                    09/06/2022

Reg. No. 57005-177


The Warden has determined that the visit is not appropriate at this time. You may appeal the decision using the administrative remedy process.


D. Flores, CCC

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Raniere, Keith, A     57005-177     C-1     Tucson
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST** Marc Elliot was not approved for visitation. He has been approved multiple times before. I would like to know: 1) Why Warden Gutierrez stopped this visitation? 2) What evidence he used to make this decision? 3) What would it take to reverse this decision (evidence or conditions)? 4) What event or action caused this?

I want to know and understand this decision — not simply hear, in effect, this decision was made, if you want to appeal it use the administrative remedy process.

How can I appeal a decision if I know nothing about how it was made? I need the above questions answered before I can do a proper appeal! Thank you.

9/8/22
DATE

*[signature]*
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

DATE     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**     CASE NUMBER: 1133790–F1

    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

DATE     RECIPIENT'S SIGNATURE (STAFF MEMBER)

**Ex. A, Att. 6, p. 3**

USP LVN     PRINTED ON RECYCLED PAPER     BP–229(13)
APRIL 1982

Exhibit A

Attachment 7



TCX 1330.18B
9/9/2019
Page
Attachment A

8/28/22

# INFORMAL RESOLUTION FORM

NOTICE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form (BP-9), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what effort you have made to resolve your complaint informally. Also, please state names of staff contacted.

| Inmate Name: Raniere, K | Reg. No.: 57005-177 | Unit: C-1 |
|---|---|---|

Informal resolution form issued by Correctional Counselor on: (date)

**INMATE'S COMMENTS:** (Inmate MUST FILL OUT items 1-4 and signature block)

1. Complaint: Suneel Chakravorti my friend, power of attorney and a paralegal on my legal team. He was banned from communicating with me, reinstated for 2 phone calls then banned a second time, 1) Why was he banned a second time? 2) Who made this decision? 3) What evidence was used for this decision? 4) I want him reinstated ASAP.

2. Efforts made by inmate to informally resolve incident (Which staff members did you talk to and what did they say?) Spoke to staff

3. State what action you want staff to take to correct the situation:
Find out (from above) 1) - 3), Do 4).

Date returned to Correctional Counselor: 8/29/22

| Inmate Signature: [signature] | Reg. No. 57005-177 | Date 8/29/22 |
|---|---|---|

**CORRECTIONAL COUNSELOR'S COMMENTS:**

Efforts made to informally resolve and staff contacted:
a. Discussed the complaint with (staff member) --- and he/she stated...
b. I further explained to the inmate that ...
c. But, the inmate insisted he wanted to file a BP-9 because...

Response attached.

Date informally resolved: 9/6/22     Signature: [signature]

Informal Resolution was not accomplished for the following reason:
After I personally explained that ..., he still insisted that he was wronged because...

Unit Manager's review and Signature:
a. Can this request be resolved at the Unit Level?
b. Steps taken to resolve (who was contacted, results of that contact – do not forward for lack of contact):

Unit Manager [signature]

**Ex. A, Att. 7, p. 1**

**RANIERE, Keith**                                                    09/06/2022

Reg. No. 57005-177

Based on the safety and security running of the institution, it has been determined that your visitor/contact is not appropriate at this time. You may appeal the decision using the administrative remedy process.

D. Flores, CCC

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Raniere, Keith, A          57005-177      C-1        Tucson
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**  Suneel Chakravorti, my friend, power of attorney and a para-legal on my legal team. He was banned from communicating with me, reinstated for 2 phone calls, then banned a second time. 1) Why was he banned the second time? 2) What event caused this? 3) Who made this decision? 4) What evidence was used for this decision? 5) How did my continuing to have contact with him, beyond the second call after his reinstatement, endanger the safety and/or security of this institution (this is the reason given for this action – see response to my BP-8 – my questions were not answered)? 6) I want him reinstated ASAP!

I want to know and understand this decision – not simply hear, in effect, this decision was made, if you want to appeal it ~~then~~ use the administrative remedy process.

How can I appeal a decision if I know nothing about how it was made? I need the above questions answered <u>before</u> I can do a proper appeal! Thank you.

9/8/22
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 1133 798-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

**Ex. A, Att. 7, p. 3**

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN          PRINTED ON RECYCLED PAPER

BP–229(13)
APRIL 1982

# Exhibit A
# Attachment 8



TCX 1330.18B
9/9/2019
Page 6
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form (BP-9), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what effort you have made to resolve your complaint informally. Also, please state names of staff contacted.

| Inmate Name: Raniere, R. | Reg. No.: 57005-177 | Unit: C-1 |
|---|---|---|

Informal resolution form issued by Correctional Counselor on: (date)

**INMATE'S COMMENTS:** (Inmate MUST FILL OUT items 1-4 and signature block)

1. Complaint: My account was "scrubled" and I am currently on special restrictions? 1) What did I do to cancel this now? 2) Why were my contacts erased instead of just "blocked?" 3) Who ordered Gallion to do this? 4) What evidence was used for this decision? 5) How can I reverse this?

2. Efforts made by inmate to informally resolve incident (Which staff members did you talk to and what did they say?) Spoke to staff and emailed Gallion.

3. State what action you want staff to take to correct the situation:
Find out (from above) 1) - 5)

Date returned to Correctional Counselor:

| Inmate Signature | Reg. No. 57005-177 | Date 8/30/22 |
|---|---|---|

**CORRECTIONAL COUNSELOR'S COMMENTS:**

Efforts made to informally resolve and staff contacted:
*a. Discussed the complaint with (staff member) --- and he/she stated...*
*b. I further explained to the inmate that ...*
*c. But, the inmate insisted he wanted to file a BP-9 because ...*

Response attached.

| Date informally resolved: 9/6/2022 | Signature: |
|---|---|

Informal Resolution was not accomplished for the following reason:
*After I personally explained that ..., he still insisted that he was wronged because...*

Unit Manager's review and Signature:
*a. Can this request be resolved at the Unit Level?*
*b. Steps taken to resolve (who was contacted, results of that contact – do not forward for lack of contact):*

Unit Manager

**RANIERE, Keith**                                                        09/06/2022

Reg. No. 57005-177


Based on the safety and security running of the institution, some of your visitors and contacts have been removed. You may appeal the decision using the administrative remedy process.


D. Flores, CCC

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Raniere, Keith, A.          57005-177     C-1          Tucson
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT          INSTITUTION

**Part A– INMATE REQUEST** My account was "scrubbed" and I am currently on special restrictions:
1) What act did I do now to cause this? 2) Why were the contacts erased, instead of just blocked?
3) Who ordered Gallion to do this? 4) What evidence was used for this decision? 5) How could my having this information "blocked" instead of erased, endanger the safety and/or security of this institution (this is the reason given for this action – see response to my BP8 – my questions were not answered)?
6) How do I reverse this?

I want to know and understand this decision – not simply hear, in effect; this decision was made, if you want to appeal it use the administrative remedy process.
How can I appeal a decision if I know nothing about it? I need the above questions answered before I can do a proper appeal! Thank you. how 'was made

9/8/22
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____          _____
DATE                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: 1133808–F1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                  CASE NUMBER: _____
**Part C– RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____          **Ex. A, Att. 8, p. 3**
DATE                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          PRINTED ON RECYCLED PAPER          BP–229(13)
                                                    APRIL 1982

Exhibit A
Attachment 9

Legal Call Log

| Date | IM Name/Reg. No.<br><br>RANIERE,  Reg. No. 57005-177<br><br>Attorney Name/Number | Call Duration | Staff |
|------|------|------|------|
| 10/04/2021 | Joseph P. Daugherty ▮▮▮▮▮ | 1.5 hr. | D. Flores CCC |
| 10/07/2021 | Joseph Tully ▮▮▮▮ | 1 hr. | D. Flores CCC |
| 10/11/2021 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores CCC |
| 10/14/2021 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores CCC |
| 10/20/2021 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores CCC |
| 10/27/2021 | Joseph Tully ▮▮▮▮ | 1 hr. | D. Flores CCC |
| 11/01/2021 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores CCC |
| 11/09/2021 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores CCC |
| 11/15/2021 | Paul DerOhannesian ▮▮▮▮ | 1hr. | D. Flores CCC |
| 11/16/2021 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores CCC |
| 12/01/2021 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores CCC |
| 12/08/2021 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores CCC |
| 12/15/2021 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores CCC |
| 12/15/2021 | Seema Iyer, Esq. ▮▮▮▮ | 1hr. | D. Flores CCC |
| 12/20/2021 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores CCC |
| 12/21/2021 | Seema Iyer, Esq. ▮▮▮▮ | 1hr. | D. Flores CCC |
| 02/22/2022 | Duncan Levin, Esq. ▮▮▮▮ | 30 min. | D. Flores CCC |
| 02/23/2022 | Joseph Tully ▮▮▮▮ | 1 hr. | D. Flores CCC |

Legal Call Log

| 02/28/2022 | Meringolo ▮▮▮▮ | 1hr. | D. Flores CCC |
| 03/01/2022 | Joseph Tully ▮▮▮▮ | 1 hr. | D. Flores CCC |
| 03/08/2022 | Joseph Tully ▮▮▮▮ | 1 hr. | D. Flores CCC |
| 03/09/2022 | John Meringolo ▮▮▮▮ | 1 hr. | D. Flores CCC |
| 03/29/2022 | Joseph Tully ▮▮▮▮ | 1 hr. | D. Flores CCC |
| 4/25/2022 | Gregory Stoltz ▮▮▮▮ | 1hr. | D. Flores |
| 4/26/2022 | John Meringolo ▮▮▮▮<br>Gregory Stoltz ▮▮▮▮ | 1hr.<br>1hr. | D. Flores |
| 4/27/2022 | Duncan Levin ▮▮▮▮ | 1hr. | D. Flores |
| 5/04/2022 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores |
| 5/09/2022 | John Meringolo ▮▮▮▮ | 1 hr. | D. Flores |
| 5/10/2022 | Joseph Tully ▮▮▮▮ | 1 hr. | D. Flores |
| 5/24/2022 | Joseph P. Daugherty ▮▮▮▮ | 1hr. | D. Flores |
| 5/25/2022 | Joseph Tully ▮▮▮▮ | 1hr. | D. Flores |
| 6/1/2022 | Joseph P. Daugherty ▮▮▮▮<br>Gregory Stoltz ▮▮▮▮ | 1hr.<br>1hr. | D.Flores |
| 6/13/2022 | Joseph P. Daugherty ▮▮▮▮ | 1 hr. | D. Flores |
| 6/19/2022 | Suneel Chakravorty ▮▮▮▮ | 2 hrs. | D. Flores |
| 6/21/2022 | Joseph P. Daugherty ▮▮▮▮ | 1 hr. | D. Flores |
| 6/27/2022 | Joseph P. Daugherty ▮▮▮▮ | 2 hr. | D. Flores |
| 6/29/2022 | Joseph Tully ▮▮▮▮ 1130am | 1hr. | D. Flores |

Ex. A, Att. 9, p., 2

Legal Call Log

| | | | |
|---|---|---|---|
| 07/06/2022 | Joseph Tully ▮▮▮▮ | 1 hr. | D. Flores |
| 07/13/2022 | Meringolo ▮▮▮▮ | 1 hr. | D. Flores |
| 7/20/2022 | Joseph P. Daugherty ▮▮▮▮ | 1 hr. | D. Flores |
| 8/31/2022 | Joseph P. Daugherty ▮▮▮▮ | 2 hr. | D. Flores |
| 9/7/2022 | Joseph P. Daugherty ▮▮▮▮ | 1.5hrs. | D. Flores |
| 9/14/2022 | Joseph P. Daugherty ▮▮▮▮ | 2 hrs. | D. Flores |
| 9/21/2022 | Joseph P. Daugherty ▮▮▮▮ | 2 hrs. | D. Flores |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# Exhibit A
# Attachment 10



## AUTHORIZATION TO ENTER INSTITUTION

**Federal Correctional Complex**                                    **Tucson, Arizona**

████████████████████████████████████████████████████████

| Name of Visitors: Additional Names may be attached | Attorney Stacy Scheff |
|---|---|
| Purpose of visit: | Legal Visit   RANIERE, Keith 57005-177 (C-1) |
| Date/Time: | 07/29/2022 |
| Location: | USP Tucson |
| Special Instructions: | N/A |
| Contact upon arrival: | D. Flores CCC ████████ |

████████████████████████████████████████████████████████

_The following signatures must be obtained before access will be allowed to the visitor(s)._

☑Approved   ☐Disapproved   Sponsoring Staff: D. Flores CCC          Date: 07/18/2022
☑Approved   ☐Disapproved   Captain: _____          Date: 07/18/2022

cc:   ████████████████████████████████



# AUTHORIZATION TO ENTER INSTITUTION

**Federal Correctional Complex**                                           **Tucson, Arizona**

| Name of Visitors:<br>Additional Names may be attached | ATTORNEY (S): SCHEFF, STACY, & STOLTZ, GREGORY IAN |
|---|---|
| Purpose of visit: | LEGAL VISIT FOR INMATE (S) RANIERE, KEITH Reg. # 57005-177 |
| Date/Time: | FRIDAY AUGUST 5th, 2022 AT 8:30AM & 12:00PM |
| | |
| Location: | USP VISITING ROOM |
| Special Instructions: | |
| Contact upon arrival: | COUNSELOR T. ASHWORTH USP TUCSON |

***The following signatures must be obtained before access will be allowed to the visitor(s).***

☑ Approved ☐ Disapproved Sponsoring Staff: _T. Ashworth_ Counselor          Date: _8-3-2022_
☑ Approved ☐ Disapproved Captain: J. Rey                                     Date: _8-3-22_

cc:



# AUTHORIZATION TO ENTER INSTITUTION

**Federal Correctional Complex**                                    **Tucson, Arizona**

| Name of Visitors:<br>Additional Names may be attached | Attorney  Gregory Stoltz |
|---|---|
| Purpose of visit: | Legal Visit   RANIERE, Keith 57005-177 SHU |
| Date/Time: | 8/12/2022 |
| Location: | USP Tucson |
| Special Instructions: | N/A |
| Contact upon arrival: | D. Flores CCC |

*The following signatures must be obtained before access will be allowed to the visitor(s).*

☑Approved   ☐Disapproved   Sponsoring Staff: D. Flores CCC            Date: 08/09/2022

☑Approved   ☐Disapproved   Captain:                                   Date: 08/09/2022

cc:



# **AUTHORIZATION TO ENTER INSTITUTION**

**Federal Correctional Complex**                                    **Tucson, Arizona**

| Name of Visitors:<br>Additional Names may be attached | ATTORNEY (S): SCHEFF, STACY |
|---|---|
| **Purpose of visit:** | LEGAL VISIT FOR INMATE (S) RANIERE, KEITH Reg. # 57005-177 |
| **Date/Time:** | MONDAY AUGUST 22nd, 2022 AT 12:00PM |
| | |
| **Location:** | USP VISITING ROOM |
| **Special Instructions:** | |
| **Contact upon arrival:** | COUNSELOR D. FLORES |

*__The following signatures must be obtained before access will be allowed to the visitor(s).__*

☑ Approved ☐ Disapproved Sponsoring Staff: _T. Ashworth  Counselor_    Date: _8-/9-2-2_

☑ Approved ☐ Disapproved Captain: _J. Rey_ ___    Date: _8-/9 - 22_

cc:



# AUTHORIZATION TO ENTER INSTITUTION

**Federal Correctional Complex**                                                      **Tucson, Arizona**

| **Name of Visitors:**<br>Additional Names may be attached | ATTORNEY (S): STOLTZ, GREGORY IAN |
|---|---|
| **Purpose of visit:** | LEGAL VISIT FOR INMATE (S) RANIERE, KEITH Reg. # 57005-177 |
| **Date/Time:** | WEDNESDAY AUGUST 24TH, 2022 AT 12:00PM |
| | |
| **Location:** | USP VISITING ROOM |
| **Special Instructions:** | |
| **Contact upon arrival:** | COUNSELOR D. FLORES |

*The following signatures must be obtained before access will be allowed to the visitor(s).*

☑ Approved ☐ Disapproved Sponsoring Staff: _T. Ashworth  Counselor_   Date: _8-/9-22_
☑ Approved ☐ Disapproved Captain: _J. Rey_   Date: _8-/9-22_

CC:



# **AUTHORIZATION TO ENTER INSTITUTION**

**Federal Correctional Complex**                                      **Tucson, Arizona**

| | |
|---|---|
| **Name of Visitors:** <br> Additional Names may be attached | **Attorney Stacy Scheff** |
| **Purpose of visit:** | Legal Visit   RANIERE, Keith 57005-177 SHU |
| **Date/Time:** | 08/29/2022 |
| **Location:** | USP Tucson |
| **Special Instructions:** | N/A |
| **Contact upon arrival:** | **D. Flores CCC** |

*The following signatures must be obtained before access will be allowed to the visitor(s).*

☑ Approved   ☐ Disapproved    Sponsoring Staff: D. Flores CCC              Date: 08/28/2022
☑ Approved   ☐ Disapproved    Captain: _____              Date: 08/28/2022

cc:

**Ex. A, Att. 10, p. 6**



# AUTHORIZATION TO ENTER INSTITUTION

Federal Correctional Complex                                    Tucson, Arizona

████████████████████████████████████████████████████████████████

| Name of Visitors:<br>Additional Names may be attached | Attorney Stacy Scheff |
|---|---|
| Purpose of visit: | Legal Visit   RANIERE, Keith 57005-177 SHU |
| Date/Time: | 09/06/2022 |
| Location: | USP Tucson |
| Special Instructions: | N/A |
| Contact upon arrival: | D. Flores CCC ████████████ |

████████████████████████████████████████████████████████████████

*The following signatures must be obtained before access will be allowed to the visitor(s).*

☑ Approved   ☐ Disapproved   Sponsoring Staff: D. Flores CCC _____   Date: 08/28/2022

☑ Approved   ☐ Disapproved   Captain: _____   Date: 08/28/2022

CC:   ████████████████████████████

**Ex. A, Att. 10, p. 7**



# AUTHORIZATION TO ENTER INSTITUTION

**Federal Correctional Complex**                                                           **Tucson, Arizona**

| Name of Visitors:<br>Additional Names may be attached | Attorney  Gregory Stoltz |
|---|---|
| Purpose of visit: | Legal Visit   RANIERE, Keith 57005-177 SHU |
| Date/Time: | 9/14/2022 |
| Location: | USP Tucson |
| Special Instructions: | N/A |
| Contact upon arrival: | D. Flores CCC |

_**The following signatures must be obtained before access will be allowed to the visitor(s).**_

☑Approved   ☐Disapproved   Sponsoring Staff: D. Flores CCC               Date: 09/12/2022

☑Approved   ☐Disapproved   Captain: _____               Date: 09/12/2022

cc: