GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Merrick Garland, et al.,<br><br>                    Defendants. | CV-22-00212-TUC-RCC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND FOR SUMMARY JUGMENT ON EXHAUSTION** |

Defendants Garland, Peters and Gutierrez, acting in their official capacities by and through undersigned counsel, hereby reply in support of their Motion to Dismiss for Insufficient Service of Process and for Summary Judgment on Exhaustion (Doc. 21). This Reply is supported by all matters of record and the following:

**I.      The First Amended Complaint (FAC) should be dismissed for insufficient service of process.**

A Rule 12(b)(5) motion to dismiss turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citation omitted). Plaintiff failed to meet his burden.

Where a complaint names a federal officer or employee in the official capacity, Rule 4(i) requires that a plaintiff complete specific acts of service of the summons and complaint upon the *officer or employee*, the Office of the U.S. Attorney General in Washington, D.C., and the local U.S. Attorney's Office. Fed.R.Civ.P. 4(i). Plaintiff asserts

that he has done so. (Doc. 29 at 2.) However, as "proof of service," Plaintiff cites to Docket Entry 23, which simply contains tracking information for an "item" that was delivered "to the front desk, reception area, or mail room . . . in WASHINGTON, DC 20534," an "item" that was "available at a PO Box . . . in TUCSON, AZ 85734," an "item" that was "picked up at a postal facility . . . in WASHINGTON, DC 20530" and an "item" that was "available at a PO Box . . . in TUCSON, AZ 85734." (Doc. 23 at 1, 3, 6, 8.) Plaintiff has not provided a certificate of service showing what the "items" were or who was located at the unidentified locations in Washington DC and Tucson, Arizona. (*Id.*)

Moreover, from Plaintiff's response, it appears that he may have sent another copy of the Summons and FAC to the United States Attorney's Office, which he had already done. Plaintiff asserted that he filed "proof of service, demonstrating that copies had been mailed to both the Attorney General in Washington, DC and to the local U.S. Attorney's office the month prior." (Doc. 29 at 2.) As Defendants pointed out in the motion to dismiss:

> On June 1, 2022, Plaintiff caused Summonses and copies of the FAC for Defendants Garland, Carvajal and von Blanckensee to be delivered to the United States Attorney's Office for the District of Arizona. Defendant Garland's Summons indicated he officed at the United States Attorney's Office. (Doc. 12.) The other two were marked "C/O" the United States Attorney's Office. (Docs. 10, 11.) It is commonly known that the Defendants do not office or reside at the United States Attorney's Office for the District of Arizona. Even though improperly addressed, the United States Attorney's Office treated the documents as though they had been addressed to the Civil Process Clerk, as required by Rule 4(i), Fed.R.Civ.P.
>
> However, on information and belief, Plaintiff did not cause a copy of the FAC to be sent *to the Defendants* and the Attorney General by registered or certified mail, as also required by Rule 4(i), Fed.R.Civ.P.

(Doc. 21 at 3.) (Emphasis added.) If Plaintiff is correct that the "items" identified in the "proof of service" were Summons and copies of the FAC, and they were sent to the Attorney General and the United States Attorney's Office, Plaintiff still has not served the *Defendants* as required by Rule 4(i), Fed.R.Civ.P. Plaintiff admits his time for serving Defendants expired on August 3, 2022. (Doc. 29 at 2.) In short, Plaintiff's time for serving

Defendants has expired, and he has not established the sufficiency of service of process. *See Brockmeyer*, 383 F.3d at 801.

Plaintiff cannot satisfy the four-part test for assessing whether a district court may dismiss an action for deficient service of process "upon an officer or agency of the United States" set forth in *Borzeka v. Heckler*, 739 F.2d 444, 446-47 (9th Cir. 1984). While Defendants' counsel has actual notice of the suit and Defendants will not suffer from deficient service, Plaintiff cannot proffer a justifiable excuse or good cause for his failure to comply with Rule 4 or show that he would be severely prejudiced by a dismissal without prejudice. *See id.* As an initial matter, Rule 4(i)'s service requirements are clear and unambiguous. *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996) ("Rule 4(i)(B) is direct and clear; it is hard to imagine how it could be misunderstood."). Plaintiff's error is further compounded by the fact that he is *not* a *pro se* litigant entitled to lenience in his initiation of litigation; he is represented by counsel. Finally, there is no indication that Plaintiff would be "severely prejudiced" by a dismissal, as any dismissal for failure to execute service would, necessarily, be without prejudice.

Accordingly, this Court should dismiss this action as to all Defendants for insufficient service of process under Rule 12(b)(5), Fed.R.Civ.P.

**II.     This Court should grant summary judgment to Defendants for Plaintiff's failure to exhaust prior to filing suit.**

   **A.     Background**

On May 5, 2022, Plaintiff filed the Complaint alleging that the Bureau of Prisons (Bureau) was interfering with his First and Sixth Amendment rights. (Doc. 1.) Plaintiff sought a "preliminary injunction to preserve the status quo *pending administrative exhaustion*, to include restraining Defendants [and] their employees" from interfering with Plaintiff's communication with his attorneys via telephone, visiting with his attorneys in person and interfering with Plaintiff's communication by telephone with his attorneys' employees and agents. (*Id.* at 8-9.) (Emphasis added.)   The next day, Plaintiff filed the FAC, again requesting a "preliminary injunction to preserve the status quo *pending administrative exhaustion*." (Doc. 3 at 9.)  (Emphasis added.)

On August 1, 2022, Defendants filed their Motion to Dismiss for Insufficient Service of Process and for Summary Judgment for Failure to Exhaust. (Doc. 21.) The motion for summary judgment was properly supported by a separately filed Statement of Facts. (Doc. 22.) On September 9, 2022, Plaintiff filed his Response in Opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment. (Doc. 29.) Plaintiff did not file a Separate Statement of Facts disputing any of the facts set forth in the United States' Statement of Facts. (Docket, generally.)

LRCiv 56.1(b) provides:

> Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

**B.  Legal Standard for Summary Judgment**

A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are those facts that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, the nonmovant must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Further, "a party cannot create an issue of fact by an affidavit

contradicting his prior deposition testimony." *Kenney v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

### C. Plaintiff failed to show a material issue of fact precludes Summary Judgment.

When a party fails to file a "controverting statement of facts, the Court construes Defendants' statement of facts [] as undisputed unless specifically contradicted by an allegation in the complaint." *Finkle v. Ryan*, 174 F. Supp. 3d 1174, 1181 (D. Ariz. 2016). Here, Defendants' Statement of Facts demonstrated that the Bureau has an Administrative Remedy Program, that Plaintiff was given an Admission & Orientation (A&O) Handbook which "provides detailed information on how inmates may obtain administrative remedy forms, including that inmates may obtain forms from their Correctional Counselor or any Unit Team member," that inmates may submit completed forms to any team member, that Plaintiff had in fact filed two administrative remedies while in Bureau custody and that, as of August 1, 2022, Plaintiff had "not submitted a single administrative remedy regarding the issues in his FAC." (Doc. 22 at 1-4.)  These facts are "undisputed unless specifically contradicted by an allegations in the complaint." *Finkle*, 174 F. Supp. 3d at 1181. No allegation in the FAC disputes any of these facts:  to the contrary, the FAC admits that Plaintiff has not exhausted administrative remedies.  (Doc. 3 at 9-10.)

The undisputed Statement of Facts demonstrated that Plaintiff failed to exhaust administrative remedies prior to filing suit.  (Doc. 22.)  This Court should dismiss the FAC for Plaintiff's failure to exhaust.

### III. Plaintiff is not entitled to relief under Rule 56(d).

Plaintiff requests additional time for discovery under Rule 56(d), Fed.RCiv.P.  That rule permits the Court to defer considering a motion for summary judgment, reopen discovery or issue any other appropriate order "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed.R.Civ.P. 56(d).  The rule "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

Here, the sole issue as to the motion for summary judgment is whether Plaintiff exhausted administrative remedies *prior to* filing the FAC.  An inmate must fully exhaust all administrative remedies before the complaint is filed.  *McKinney v. Carey*, 311 F.3d 1198, 1199-200 (9th Cir. 2002).  Plaintiff does not even claim to have exhausted administrative remedies prior to filing the FAC.  (Doc. 29.)

Instead, Plaintiff claims that "Administrative Procedures Have Operated as an Effective Dead End for Mr. Raniere *in Recent Months*."  (*Id.* at 7.)  (Emphasis added.)  Plaintiff asserts that he supports his claim by submitting a "sworn declaration describing at least two separate periods in which he has been housed in disciplinary segregation *since he filed suit in early May.*"  (*Id.*)  (Emphasis in original.)  That statement is completely unsupported by Plaintiff's Affidavit and contradicted by the record in this case.[1]

Plaintiff states in his Affidavit that on January 6, 2022, he "submitted an informal complaint to initiate the grievance process."  (Doc. 29 at 13.)  That remedy, detailing the issues he now says he "intended to grieve" is in the record in this proceeding, as is the Regional Director's response.  (Doc. 22-2 at 12, 17-18.)  The Regional Director notified Plaintiff that he could appeal to the Office of the General Counsel if he was dissatisfied with the response, and he did so.  (*Id.* at 18, 20.)  The remedies do not reference access to counsel or access to courts; instead Plaintiff complains of the sanctions he was given for circumventing mail monitoring with Ms. Clyne, a former NXIVM associate.  (*Id.* at 12, 20.)  The General Counsel's Office has not yet responded to the appeal.  (Doc. 31-2 at 31.)

Plaintiff argues that while in the Special Housing Unit (SHU), he "is not able to obtain the Forms BP-9, BP-10, and BP-11 described in Defendants' motion."  (Doc. 29 at 7.)  However, in his Affidavit Plaintiff does not describe any efforts he actually made to obtain the forms, including who he asked for what forms, when and what the responses were.  (*Id.* at 13-15)  The record is clear in this case that Plaintiff was made aware as part of the A&O Program that he may obtain forms from and return forms to any Unit Team

---

[1] In his Affidavit, Plaintiff asserts that he spent 97 days in SHU, without specifying the dates.  (Doc. 29 at 13.)  In his proposed Second Amended Complaint, he makes it clear that he spent 97 days in SHU in 2021, well before he filed the FAC.  (Doc. 28-1 at 12-14.)

- 6 -

member, that inmates may submit cop-outs or grievances whether housed in general population or SHU and that, if an inmate believes his Unit Team is not providing him with administrative remedy forms or properly processing the form, he may submit a cop-out "to any staff member, including Associate Wardens and the Warden." (Doc. 14-2 at 11-12; Doc. 22 at 2-4; Doc. 22-2 at 2-3, 6.)

Additionally, Plaintiff's claim of being unable to obtain forms in SHU is flatly contradicted by the record in this case, which shows that Plaintiff submitted three BP-9's on September 8, 2022, while housed in SHU.[2] (Doc. 31-2 at 37, 41, 45.) Two were preceded by "Informal Resolution Forms," dated August 29, 2022. (*Id.* at 35, 39.) Again, none of the three BP-9's Plaintiff's submitted this month even address Plaintiff's access to counsel or access to courts. (*Id.*) Instead, they are concerned solely with the denial of visitation to a NXIVM associate not named in the FAC (*Id.* at 37), continued banning of NXIVM associate Mr. Chakravorty after the Complaint was filed (*Id.* at 41) and "scrubbing" of his contact list, which Plaintiff asserted should have been "blocked," rather than "erased" (*Id.* at 45). Plaintiff plainly had access to forms and used them to complain about something other than access to counsel or courts.

Plaintiff requests that this Court defer deciding the motion for summary judgment and allow discovery and states he "seeks the opportunity to discover facts revealing that he did, in fact, exhaust all 'available' remedies because there was and is functionally no opportunity to administratively grieve the chief issue in this lawsuit: that Defendants are hindering his Sixth Amendment rights to counsel." (Doc. 29 at 6.) Plaintiff has filed five administrative remedies while in Bureau custody, including four he filed *after* initiating the instant proceeding. (Doc. 31-1 at 4.) All are in the record in this proceeding. (Doc. 22-2 at 12, 20; Doc. 31-2 at 37, 41, 45.) Not one mentions access to counsel or access to courts. (*Id.*)

Plaintiff asserts that on July 26, 2022, he was assaulted by another inmate and

---

[2] The three BP-9's are dated September 8, 2022, the day before Plaintiff filed the instant response claiming not to have access to BP-9's. (Doc. 31-2 at 37, 41, 45.)

placed in SHU. (Doc. 29 at 14-15.) He states, "While in the SHU, I was not able to get grievance forms." (*Id.* at 15.) He claims, "The counsellor only comes through one time per week, and if I am not able to get their attention while they are passing my door, I am not able to communicate with them." (*Id.*) He claims, "On August 19, 2022,[3] I submitted an informal complaint on plain paper to the counsellor," and "I did not get a receipt." (*Id.*) He does not state what the purported informal complaint on plain paper related to, which counselor he gave it to or whether he has asked the counselor – or any other staff member – for a response. (*Id.*)

Plaintiff also asserts, "I have difficulty obtaining official forms, so I have submitted administrative grievances on plain paper," and "I have no way of knowing if the grievance on plain paper was treated as a grievance, or if I will receive a response." (*Id.*) In these vague, conclusory allegations, Plaintiff does not specify how many "administrative grievances on plain paper" he submitted, to whom, when or even the subject of the purported grievances. (*Id.*)

In a recent case concerning a similar lack of detail in allegations that the administrative remedies were unavailable by a *pro se* litigant, the District of Arizona held

> Plaintiff's allegations regarding the failure to exhaust are not sufficiently specific for the Court to conclude that they create a disputed issue of material fact . . . Although Plaintiff claims he was denied forms, who denied him and which forms are unclear. Without this information, Defendants cannot defend this claim. *See Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007) ("a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact") (emphasis added).
>
> Moreover, . . . there is no evidence that Plaintiff ever told prison officials that he was unable to obtain forms at any time. Plaintiff has not met his burden of showing that the administrative remedy was effectively unavailable.

*Jumper v. Howard*, No CV 21-00304-TUC-JCH, Dkt. 21 (D. Ariz. September 8, 2022). Similarly, here, Plaintiff's allegations are not "sufficiently specific" for the Court to find a

---

[3] Notably, if true, Plaintiff gave a counselor an informal request for remedy eighteen days *after* Defendants filed their motion for summary judgment for failure to exhaust administrative remedies.

disputed issue of material fact. This Court should grant summary judgment to Defendants for Plaintiff's failure to exhaust administrative remedies.

### A. Plaintiff's Affidavit fails Rule 56(d)

In the Ninth Circuit, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kenney*, 952 F.2d at 266. Here, Plaintiff attempts to create a question of fact by contradicting his own complaints. Plaintiff admitted in both the Complaint and the FAC that he had not exhausted administrative remedies. (Doc. 1 at 8-9; 3 at 9-10.)

Additionally, to obtain relief under Rule 56(d), a party "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). The party seeking Rule 56(d) bears the burden of showing it is appropriate. *See Atay v. County of Maui*, 842 F.3d 688, 698 (9th Cir. 2016). He must show the facts "exist" and are "essential to oppose summary judgment." *Family Home and Finance Center Inc. v. Freddie Mac*, 525 F.3d 822, 827 (9th Cir. 2008). Further, the claim that additional discovery would reveal relevant information must have foundation in the record. *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1436 (9th Cir. 1995).

Plaintiff's Affidavit fails to meet the requirements of Rule 56(d). Plaintiff has not shown that discovery would reveal facts that exist and preclude summary judgment. Rule 56(d) motions are particularly disfavored when, as here, further discovery would be futile. *Nordstrom*, 54 F.3d at 1436. Plaintiff appears to be seeking discovery as to what happened to his "administrative grievances on plain paper," but he has not identified how many he submitted, to whom he handed them, when or, most importantly, what they were attempting to grieve. (Doc. 29 at 14-15.) Plaintiff has not made the barest minimum showing that they relate in any way to the FAC and would preclude summary judgment. Certainly, none of the remedies he filed during the time he claims not to have had access to remedy forms precludes summary judgment.

Plaintiff failed to exhaust administrative remedies before initiating the proceeding. The Court should deny his last-ditch effort to avoid summary judgment for his failure to exhaust.

### IV. Conclusion

The United States filed the Motion to Dismiss for Insufficient Service of Process and for Summary Judgment for Failure to Exhaust. (Doc. 21.) In his Response, Plaintiff failed to show he properly served the FAC, failed to comply with the local rule and failed to cite to admissible evidence. (Doc. 29.) The United States established – through sworn declarations and authenticated documents – that there is no genuine issue of material fact regarding Plaintiff's failure to exhaust. Plaintiff failed to controvert the facts in the Defendants' Statement of Facts and introduced no evidence to refute Defendants' evidence. (Doc. 29.) Defendants are entitled to judgment as a matter of law.

Based on the foregoing, and for the reasons set forth in the motion, Defendants respectfully request that this court grant their Motion to Dismiss for Insufficient Service of Process and for Summary Judgment on Exhaustion (Doc. 21).

RESPECTFULLY SUBMITTED:  September 26, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Denise Ann Faulk*
DENISE ANN FAULK
Assistant U.S. Attorney

Copy of the foregoing served via EM/ECF to

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717

s/ *Pamela. Vavra*
/ MTD-MSJ – Reply