Stacy Scheff #028364
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717
Ph: (520) 471-8333 – Fax: (520) 300-8033
Emails: Stacy@ScheffLaw.com; Stacy.Scheff@gmail.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>       Plaintiff,<br><br>v.<br><br>Merrick Garland, et al.,<br><br>       Defendants. | Case No.: 4:22-cv-00212-RCC-PSOT<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME DUE TO EXCUSABLE NEGLECT** |

Comes now Plaintiff Keith Raniere via counsel undersigned and asks this courts leave to file his Reply to Defendant's Response to Motion for Leave to Amend two days late, due to excusable neglect.

**The Rule**

Federal Rule of Civil Procedure 6(b)(1) provides:

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Rule 6, like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983) (quoting *Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)); see also Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Consequently, requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004).

**ANALYSIS**

To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)

**Prejudice**

Defendant's cannot be said to be prejudiced by a two day delay in Plaintiff's filing his Reply.  There is currently no trial date set, nor any other hearings on this matter, nothing for which the preparation of would be disrupted in any way by granting this motion.

**Length of Delay**

The delay at issue here is two days, and the impact on the proceedings, is nonexistant.

**The Reason for the Delay**

Undersigned spent last week researching and drafting a Motion for a Temporary Restraining Order, filed in this court last Thursday, seeking to end Defendant's continued retaliation on Plaintiff by keeping him in the SHU unnecessarily. Additionally, last Thursday Undersigned traveled to Florence, Arizona to visit another client who is dying of valley fever.  On Friday undersigned had several legal calls with clients and a meet and confer with opposing counsel in yet another matter. The delay was not due to bad faith, but rather, excusable neglect.

**Whether the Movant Acted in Good Faith**

Promptly upon discovery of the missed deadline Undersigned emailed opposing counsel notifying her as to Undersigned's intent to file this motion, to ask their position on this motion, and to explain why the deadline was missed. Ms. Faulk would not say whether the Government would object.

CONCLUSION

For the foregoing reasons , and good cause appearing Plaintiff asks this court to grant his request to file his Reply.

Dated:  10/4/2022               THE LAW OFFICE OF STACY SCHEFF

                                By:   ___S/Stacy Scheff_____
                                      ATTORNEY NAME
                                      Attorney for Plaintiff
                                      Keith Raniere

4