Stacy Scheff #028364
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717
Ph: (520) 471-8333 – Fax: (520) 300-8033
Emails: Stacy@ScheffLaw.com; Stacy.Scheff@gmail.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>　　Plaintiff,<br><br>vs.<br><br>Merrick Garland, et al.,<br><br>　　Defendants. | No: 4:22-cv-0212-RCC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

In general, a court should liberally allow a party to amend. *See* Fed.R.Civ.P. 15(a). In the Ninth Circuit, courts apply the guidance of Rule 15 with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001) (internal citations omitted). Despite this, Defendants urge this Court to deny leave to amend because they obliquely assert that the amendment is either futile or likely to cause prejudice to them.

I. **PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT IS NOT SOUGHT FOR THE PURPOSE OF DELAY, DOES NOT FOLLOW REPEATED FAILURES TO CURE DEFICIENCIES, AND WILL NOT PREJUDICE DEFENDANTS.**

In opposing Plaintiff's proposed amendment, Defendants identify the relevant standard articulated by the Supreme Court in *Foman v. Davis*. Doc. 31 at 9. Inexplicably, however, they proceed to disregard that standard. As Defendants ably point out, the Supreme Court instructs lower courts to freely grant motions to amend except where the amendment would cause undue delay, the amendment is sought in bad faith, the amendment is requested despite Plaintiff's repeated failures to cure deficiencies, the amendment would cause undue prejudice, or the proposed amendment is futile. Doc. 31 at 9 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). Several of the above-cited reasons for denying a motion are facially inapplicable to this scenario. For example, Plaintiff could not have been driven by dilatory motives: his motion to amend took place before an answer has been filed, before the commencement of discovery, and before the parties have conferred pursuant to Rule 26(f). Similarly, neither the Court nor Defendants have suggested that Plaintiff failed to correct previously-identified pleading deficiencies. While Defendants disagree with Plaintiff's legal analysis on certain matters, Defendants have never suggested that the current operative complaint (First Amended Complaint) suffers from a pleading defect. This is illustrated by Defendants' own litigation decisions. Defendants are currently seeking to dispense with this litigation not through a 12(b)(6) motion that challenges the sufficiency of the complaint but rather through the fact-intensive tool of summary judgment. Doc. 21 (Defendants' Motion for Summary Judgment). Furthermore, Plaintiff's First Amended Complaint was favorably screened pursuant to 28 U.S.C. § 1915A(a). As this Court observed at the time, a court "must dismiss a complaint or portion thereof if a plaintiff has raised claims . . . that fail to state a

2

claim upon which relief may be granted." Doc. 5 at 4-5. This Court did not dismiss the Complaint at that time. *Id.* at 5.

Importantly, Plaintiff's proposed Second Amended Complaint *does not add any new claims*. The currently-operative complaint (First Amended Complaint) and the proposed Second Amended Complaint both feature the same Count I (First Amendment Access to the Courts), the same Count II (First Amendment Retaliation), and the same Count III (Sixth Amendment right to counsel). *Compare* Doc. 3 at 7-9 *with* Doc. 28-1 at 22-26; *see also* Doc. 5 at 4-5 (summarizing Plaintiff's three counts in the First Amended Complaint). Thus, there is no possible prejudice to Defendants. Defendants have not yet answered the First Amended Complaint, but even if they had, there would be no burden on them. *See, e.g., Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) (motion to amend pleadings granted after significant discovery had been conducted). Here, there is no delay and no significant effort required on the part of Defendants to adjust their litigation strategy, as there are no new legal claims. The proposed allegations are intended to buttress the factual underpinnings of the *existing* legal claims.

## II. PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS NOT FUTILE.

Under the *Foman v. Davis* formulation, the remaining argument is that Plaintiff's proposed amended complaint would be futile. Defendants argue that Plaintiff's existing complaint and any adjusted version of that complaint is necessarily futile because Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act. Indeed, Defendants argue not only that a Second Amended Complaint would be futile for this reason but also that Plaintiff seeks to add material in a clever maneuver to evade the exhaustion requirement. Doc. 31 at 10. Not so. As explained above, Plaintiff's proposed amendment does not seek to add *any* new legal claims. Put differently, Plaintiff does not engineer new legal claims for which he diligently pursued a clear and readily-available path of administrative exhaustion during the five intervening months of litigation. This is because, as he explained in his Opposition to Defendants' Motion for Summary Judgment, there are simply no "available" administrative remedies in his particular situation. Therefore, he has exhausted all available administrative remedies. See Doc. 29; *see also Ross v. Blake,* 136 S. Ct. 1850, 195 L. Ed. 2d 117 (2016) ("[a]n inmate need exhaust only such administrative remedies as are 'available.'"); *see also Andres v. Marshall*, 867 F.3d 1076 (9th Cir. 2017) (42 U.S.C. *§1997e(a)* "requires an inmate to exhaust only those grievance procedures that are capable of use to obtain some relief for the action complained of.") (internal citations omitted).

4

Defendants' remaining arguments go to the merits of the case. A 12(b)(6) motion or a motion for summary judgment is the proper mechanism through which to argue the merits. At the pleading stage, a court should deny a motion to amend only if it is clear that the facts – as proposed to be pled – could offer no path for legal redress. Defendants' arguments on this front misapprehend the nature of Plaintiff's proposed complaint. In both the existing First Amended Complaint and the proposed Second Amended Complaint, Plaintiff pursues two (and only two) legal theories under the First Amendment. Under Count I, Plaintiff asserts that Defendants have violated his First Amendment rights by denying him adequate access to communicate with his attorneys and their paraprofessionals. Under Count II, Plaintiff asserts that Defendants have retaliated against him for aggressively fighting his underlying criminal case by, among other things, filing a Rule 33 petition. Doc. 28-1 at ¶ 177. Plaintiff does not have a claim alleging a violation of the First Amendment right of association. For context, Plaintiff mentions this once in the factual allegations of the proposed complaint. Doc. 28-1 at ¶ 105.

Defendants' remaining arguments in their responsive briefing address the merits, not whether Plaintiff's proposed amendment is futile. Given that Plaintiff's proposed amended complaint features the same three counts, one is left to wonder why Defendants failed to pursue these various arguments in their recent Motion for Summary Judgment. These additional argument are nothing more than Defendants' attempt to have a second bite at the apple while their current Motion for Summary Judgment remains pending.

## CONCLUSION

Plaintiff respectfully requests that his Motion for Leave to File a Second Amended Complaint be granted.

Respectfully submitted this 4th day of October, 2022

        s/Stacy Scheff
        Stacy Scheff
        Law Office of Stacy Scheff
        P.O. Box 40611
        Tucson, AZ 85717
        Ph: (520) 471-8333
        Emails: Stacy@ScheffLaw.com
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2022, I electronically transmitted the above PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO FILE A SECOND AMENDED COMPLAINT with the Clerk's office using the ECF system, which will automatically transmit the document to all counsel of record.

/s Stacy Scheff