GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>            Plaintiff,<br><br>vs.<br><br>Merrick Garland, et al.,<br><br>            Defendants. | CV-22-00212-TUC-RCC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIME** |

      Defendants Garland, Peters, Gutierrez and Ulrich, acting in their official capacities by and through undersigned counsel, hereby respond to Plaintiff's Motion to Extend Time Due to Excusable Neglect (Doc. 35).

      On September 9, 2022, Plaintiff filed a Motion for Leave to Amend Complaint, seeking to "cure" his failure to exhaust administrative remedies "in part by expanding the temporal scope of the complaint to include instances of retaliation for which Plaintiff has exhausted administrative remedies." (Doc. 28 at 4.) On September 23, 2022, Defendants filed their response. (Doc. 31.)

      On October 3, 2022, Plaintiff's counsel contacted undersigned counsel stating, "I am writing to request an extension of one day for the reply to the opposition to Plaintiff's motion for leave to amend." (Ex. A, Emails between counsel.) She further stated, "The reason for the extension is that the reply was superseded by the emergency TRO." (*Id.*) Undersigned counsel informed her that she could not "agree to extend a deadline that has

already expired."[1]  (*Id.*)  Plaintiff's counsel then raised the issue of filing a "motion for excusable neglect" for the first time.  (*Id.*)  She did not, however, identify the purported excusable neglect.  (*Id.*)

Later that day, Plaintiff filed the instant motion, asserting as "excusable neglect" counsel's work on the Motion for Temporary Restraining Order that was filed before 10:30 a.m. on Thursday, counsel's travel to Florence on Thursday and "several legal calls with clients" and a meet and confer on Friday.  (Doc. 35 at 3.)

The determination whether neglect is excusable

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include, as the Court of Appeals found, the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993).

Here, it is clear that there is little danger of prejudice to Defendants or impact on the judicial proceedings, given that a potentially dispositive motion currently is pending before the court.  However, the reason for the delay, including whether it was within the reasonable control of the movant, is less clear.  Counsel's communication with undersigned counsel requested consent to extend an already expired deadline, indicating a misunderstanding of the rules.  (*See* Ex. A.)  Also, the statement that the Motion for TRO "superseded" the reply indicates it was a conscious decision to file the motion instead of the reply.  (*See Id.*)

The general rule is that "a mistake of law does not constitute excusable neglect." *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996).  The rule applies equally to mistakes in interpreting the local rules and rules of civil procedure. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929-30 (9th Cir. 1994).  The Ninth Circuit noted that while the Supreme Court "recognized that 'excusable neglect' is a flexible, equitable

---

[1] Undersigned counsel has consented to Plaintiff's two timely requests for extension of time.  (Docs. 24 at 1, 26 at 2.)

concept, the Court also reminded us that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.'" *Id.* at 931, quoting *Pioneer,* 507 U.S. at 392.

Additionally, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Here, counsel's email indicates that the decision to file the Motion for TRO rather than the reply may have been intentional, not negligent. (*See* Ex. A.)

Based on the foregoing, Plaintiff does not appear to have established that the reply was filed late due to excusable neglect.

RESPECTFULLY SUBMITTED:  October 11, 2022.

        GARY M. RESTAINO
        United States Attorney
        District of Arizona

        *s/ Denise Ann Faulk*
        DENISE ANN FAULK
        Assistant U.S. Attorney

Copy of the foregoing served via EM/ECF to

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717

s/ *Pamela. Vavra*
*/ Response to MTE Time to Reply*

- 3 -