Stacy Scheff #028364
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717
Ph: (520) 471-8333 – Fax: (520) 300-8033
Emails: Stacy@ScheffLaw.com; Stacy.Scheff@gmail.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>          Plaintiff,<br><br>v.<br><br>Merrick Garland, et al.,<br><br>          Defendants. | Case No.: 4:22-cv-00212-RCC-PSOT<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO EXTEND TIME DUE TO EXCUSABLE NEGLECT** |

Comes now Plaintiff Keith Raniere via counsel undersigned, and files his Reply to Defendant's Response to Motion to Extend Time, and renews his request that this court allow him to file his reply Defendant's Response to Motion for Leave to Amend late.

A court may hear and decide an untimely motion if the party failed to timely act because of excusable neglect. Fed. R. Civ. P. 6(b). To determine whether the neglect is excusable, a court must consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." <u>Bateman v. U.S.</u>

1

*Postal Serv.,* 231 F.3d 1220, 1223-24 (9th Cir. 2000). Citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

Defendant's response consisted of an admission that they will not be prejudiced, and the short delay would not impact the proceedings: "little danger of prejudice to Defendants or impact on the judicial proceedings" (Doc. 38 p 2 at 14). Nor does it address any of the other *Pioneer* factors.  Accordingly Plaintiff asks that those factors too be found to weigh in his favor. The delay was *de minimus* at two days, where courts have found delays of longer than three months acceptable. See *Gunderson v. CORIZON*, No. CV-17-01791-PHX-DWL (ESW) (D. Ariz. June 13, 2019). Nor is there any whiff of bad faith, or playing for a tactical advantage here.  Undersigned is a very busy attorney practicing alone, and the circumstances of this case required her to use her time and resources to file an emergency TRO before she could fully address Defendant's reply in the Motion to Amend. See *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004).

> "*Pioneer* thus indicates that a district court may find neglect "excusable" if it is caught quickly, hurts no one, and is a real mistake, rather than one feigned for some tactical reason... There is no linguistic flaw in terming such errors "excusable," meaning nothing more than "appropriate to excuse.""

This is exactly the case here. The neglect was caught very quickly, there is no prejudice to any party and the mistake was a real one, no tactical advantage could possibly be inferred by failing to file a responsive motion on time.

For the forgoing reasons Plaintiff respectfully asks that this court Grant his motion to extend time, and accept his Reply to Defendant's Response to Motion for Leave to Amend.

RESPECTFULLY SUBMITTED:  10/18/2022

                                                THE LAW OFFICE OF STACY SCHEFF

By:   ____S/ Stacy Scheff_____
STACY SCHEFF
Attorney for Plaintiff
Keith Raniere