1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611, Tucson, AZ 85717-0611
(520) 471-8333  •  FAX (520) 300-8033
stacy.scheff@gmail.com
State Bar No. 028364
*Counsel for Plaintiff*

## DISTRICT COURT FOR THE UNITED STATES
## DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere, | Case No.: 4:22-cv-00212-RCC-PSOT |
| Plaintiff, | |
| v. | |
| Merrick Garland, US Attorney General; Michael Carvajal, Director Federal Bureau of Prisons; USP TucsonWarden; Anthony Gallion, | **THIRD MOTION FOR LEAVE TO AMEND COMPLAINT** |
| Defendants | |

Plaintiff, via counsel, requests leave to file a Third Amended Complaint pursuant to F.R.Civ.P. 15(a)(2).

The proposed amended complaint is attached as Exhibit 1, indicating the ways in which it differs from the previous operative complaint.   The purpose of this amendment is to expand the temporal scope of the complaint, in order to demonstrate the pattern of retaliation against Plaintiff for exercising his First and Sixth Amendment rights.

**I. Background.**

On May 5, 2022, this case was initiated for injunctive relief only because Plaintiff's access to his criminal defense attorneys and his power-of-attorney were being interfered with by the Defendants.  Doc. 1.  On May 26, 2022, Plaintiff filed his first

1

Motion for Preliminary Injunction for an order that Defendants cease interfering with Plaintiff's communications with his power-of-attorney, Suneel Chakravorty, in the run-up to the deadline for post-conviction relief petitions based on newly discovered evidence. Doc. 7.

Defendants make the same arguments in their responses: that Plaintiff was prohibited from communicating with Mr. Chakravorty because of the conditions of Plaintiff's probation included in the sentencing memorandum and the alleged misconduct of Mr. Chakravorty.  Doc. 14, pp. 2-7.   In their response to Plaintiff's Motion for TRO, Defendants assert that Mr. Chakravorty is not necessary for Plaintiff's legal challenge to his criminal conviction.  Doc. 17, p. 4 ("Plaintiff has not established that Mr. Chakravorty is a paralegal employed by Mr. Tully, rather than merely an ardent supporter, who was affiliated with NXIVM and is not permitted contact with Plaintiff because he poses a security threat to the institution and the public.").

On June 17, 2022, before Plaintiff replied, the Court denied both Motions on the grounds that Plaintiff had not presented evidence that Mr. Chakravorty was certified to the BOP by Tully & Weiss as a paralegal.  Doc. 18, p.15.  Ironically, on the same day, the USP Tucson Warden permitted a legal call between Mr. Raniere and Mr. Chakravorty as a paralegal.  Doc. 28-1, ¶130.

On July 26, 2022, Plaintiff was assaulted by another prisoner and given a disciplinary ticket for "fighting".  Plaintiff was placed in the Special Housing Unit ("SHU") for the investigation.  Due to SHU placement, Plaintiff was denied contact legal

visits with his attorneys, and forced to either yell through plexiglass or be handcuffed and shackled to a belly chain to communicate with his attorneys, including undersigned.

On August 1, 2022, the day the Answer was due, the Defendants chose to move to dismiss the case in lieu of an answer. Doc. 21. Defendants moved to dismiss on the grounds that Plaintiff had not exhausted his administrative remedies, and that service had not yet been perfected. *Id.*

On September 9, 2022, Plaintiff filed his Motion for Leave to Amend (Doc. 28) in order to pursue a second Motion for Temporary Restraining Order and/or Preliminary Injunction because of the placement in the SHU without cause (Doc. 34). Plaintiff now shows that Mr. Chakravorty has been recognized by the BOP as a paralegal for two legal calls only, and then reversed course without explanation, refusing to allow any further calls. Doc. 28-1, ¶¶130-131. The Court has not ruled on these motions or set a hearing.

In the mean time, Plaintiff has been told repeatedly by his Counsellor that the BOP is planning to transfer him to a different federal facility because he has more need for contact with his legal team than the other prisoners. See Exhibit 1 & Doc. 43. Plaintiff believes that the next escalation in the pattern of retaliation will be to transfer Plaintiff out of state in order to moot this lawsuit and continue to interfere with Plaintiff's ability to challenge his criminal conviction. Plaintiff now seeks to amend once more to include these new developments and to file another Motion for Temporary Restraining Order and/or Preliminary Injunction to stop the transfer.

3

1

## II. Law & Argument.

2

A party may amend a complaint once as a matter of course within 21 days after

3

serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R.

4

Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a

5

party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2).

6

Although the decision whether to grant or deny a motion to amend is within the

7

trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given

8

when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and

9

internal quotations omitted). "In exercising its discretion with regard to the amendment of

10

pleadings, a court must be guided by the underlying purpose of Rule 15-to facilitate a

11

decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Bloc*k,

12

832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotations omitted).

13

However, the policy in favor of allowing amendments is subject to limitations. After

14

a defendant files a responsive pleading, leave to amend is not appropriate if the

15

"amendment would cause prejudice to the opposing party, is sought in bad faith, is futile,

16

or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002)

17

(citation and internal quotations omitted). "Futility alone can justify the denial of a

18

motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

19

Here, no answer has been filed.  Instead, Defendants have filed a Motion for

20

Summary Judgment and to Dismiss for failure to serve defendants, and for failure to

21

exhaust administrative remedies.  Doc. 21.  All Defendants have been fully served.

22

Therefore the prejudice to Defendants from the proposed amended complaint is slight.

**III. Proposed Amendments – Access to Counsel**

Plaintiff amends to include facts that have occurred since the alleges First Amendment retaliation based on BOP's improper conduct in preparing to transfer Plaintiff out of state.  Plaintiff has added a fourth Count regarding interference with his Sixth and First Amendment Rights for threatening to transfer him out of State.

**V. Conclusion.**

The amended complaint will assist the parties and the Court to facilitate a decision on the merits, rather than dismissing the case on a technicality.  Indeed, the fact that Plaintiff is being retaliated against up to the present day indicates that, even if this case were to be dismissed on technicalities, Plaintiff would be able to simply re-file his case. Therefore, justice requires leave to amend the Complaint.

DATED this 4th day of November, 2022 by

/s/Stacy Scheff
STACY SCHEFF
Attorney for Plaintiff


Delivered via ECF
to all registered parties