Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611, Tucson, AZ 85717-0611
(520) 471-8333 • FAX (520) 300-8033
stacy.scheff@gmail.com; Stacy@ScheffLaw.com
State Bar No. 028364
*Counsel for Plaintiff*

**DISTRICT COURT FOR THE UNITED STATES**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Keith Raniere,<br><br>    Plaintiff,<br><br>v.<br><br>Merrick Garland, US Attorney General; Michael Carvajal, Director Federal Bureau of Prisons; Barbara VonBlankensee, Warden USP Tucson, Anthony Gallion (all in their official capacities),<br><br>    Defendants | Case No.: 4:22-cv-00212-RCC-PSOT<br><br>**REPLY TO RESPONSE IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**<br>(***Third Request***)<br>(***Expedited Consideration Requested***)<br>(***Hearing Requested***) |

Plaintiff Keith Raniere, via counsel, Replies to Defendant's Response in Opposition to his Third Motion Temporary Restraining Order.  Doc. 44.

**I. INTRODUCTION**

This is Plaintiff's third Motion for TRO.  Plaintiff's proposed complaint alleges ongoing and escalating Sixth Amendment interference with access to courts, and First Amendment retaliation for free speech.   Plaintiff has submitted multiple affidavits in support of his claims of ongoing retaliation, and in support of his Complaint.

Defendants' response focuses only on the "access to courts" claim, entirely ignoring the claim regarding retaliation for First Amendment speech.  Doc. 47.

1

Defendants rely on the deference to prison administration that Courts are required to give under *Turner v. Safely*. *Id.*

**I. Recent Relevant Background**

On November 2, 2022, undersigned requested a legal visit with Plaintiff. Exhibit 1, attached. On November 3, 2022, Plaintiff filed his third Motion for TRO, seeking to stop Defendants from transferring Plaintiff as retaliation for seeking legal redress. Doc. 44. Plaintiff included his sworn affidavit, expressing concern for his wellbeing due to the escalating retaliation that he is experiencing.

On November 4, 2022, the Court denied Plaintiff's second Motion for TRO. Doc. 45. The Motion was denied because Plaintiff's claims of irreparable injury were speculative and insufficient for a preliminary injunction. Doc. 45, p.6. The Court found that Plaintiff had not shown evidence that his ability to litigate has been hindered by Defendants. *Id.*, p.7.

On November 6, 2022, Plaintiff's counselor, Daniel Flores, responded to undersigned regarding a legal visit, "Due to other appointments and calls, I will not be able to accommodate a visit this week." Exhibit 1. Undersigned replied on the same day, asking when a visit could be accommodated. *Id.* On November 7, 2022, undersigned emailed counselor Flores again, stating, "No other lawyer has a call or visit with Mr. Raniere this week. Please reconsider this decision.". *Id.* Mr. Flores did not respond. Two hours later, undersigned emailed Flores and copied opposing counsel Faulk,

> Without any kind of response, I am left with the impression that either the USP Tucson is so critically understaffed that it cannot accommodate all the legal needs of its prisoners, OR

> you are deliberately misrepresenting the circumstances in order to deny Mr. Raniere contact with his attorneys. Please clarify.

On November 8, 2022, Mr. Flores emailed that he could accommodate a visit on November 14, 2022.  On November 9, 2022, Plaintiff filed his third Motion for Leave to Amend his Complaint.  Doc. 46.  The proposed complaint expands on the pattern of retaliation that Plaintiff is alleging.  *Id.*  Defendants have not responded.

On November 14, 2022, as undersigned was driving to the prison for a visit with Plaintiff, Mr. Flores emailed,

> Due to unforeseen events at FCC Tucson your visitation with inmate Raniere has to be rescheduled for a different date. I will notify your office once the institution is back to normal operations. Thank you in advance.

On the same day, undersigned received a phone call from Mr. Chaffee, an attorney for USP Tucson.  Mr. Chaffee stated that Mr. Raniere was not involved in the "events", and that visits would resume on Tuesday, November 22, 2022.

On November 16, 2022, Defendants filed their response in opposition to Plaintiff's third Motion for TRO.  Doc. 47.  Defendants claim that they are providing adequate access to counsel.  Defendants continue to withhold any evidence they may have regarding their investigation into "safety and security issues pertaining to Plaintiff at USP Tucson" and offer it to the Court only. Doc. 47, p.4, fn. 2.  Defendants have not answered Plaintiff's Complaint yet, and discovery has not commenced.

On Sunday, November 20, 2022, undersigned spoke with Mr. Flores, who stated that he did not know when a visit could be scheduled, but that the facility is still on

lockdown. Mr. Flores could not say what was causing the lockdown or when it was likely to be lifted.

**II. Law & Argument.**

The 9th Circuit has held that prison officials can not transfer an inmate to another prison in retaliation for the inmate's exercise of his First Amendment right to pursue federal civil rights litigation. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir.1985). Retaliatory punishment is "clearly established law" in the Ninth Circuit, for qualified immunity purposes. *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir.1995). See also *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.1994).

This is the case despite the fact that prisoners generally have no constitutionally-protected liberty interest in being held at, or remaining at, a given facility. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). To succeed on his retaliation claim, Plaintiff need not establish an independent constitutional interest in either assignment to a given prison or placement in a single cell, because the crux of his claim is that state officials violated his First Amendment rights by retaliating against him for his protected speech activities. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Rizzo*, 778 F.2d at 532 (citing *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir.1984)). The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he

complains. *Id.*

Defendants claim that Plaintiff's allegations are merely speculative, but Plaintiff's statements of fact in his affidavit can be taken as true here. Defendants claim that there is no evidence that anyone at the BOP was aware of the press conference that was held in support of Plaintiff's Rule 33. Doc. 47, p.6. However, Defendants routinely cite to blog posts from Suneel Chakravorty as evidence of alleged bad behavior justifying banning him from communicating with Plaintiff. Therefore it is common sense to believe that Defendants are acutely aware of and actively seeking out the media attention that Plaintiff receives, and irrational to assert that they are ignorant of Plaintiff's extreme notoriety.

When the relief sought in a preliminary injunction is not clearly stated in the complaint, the critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. See *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, *sua sponte*, before or after opportunity to amend).

Here, Plaintiff is asking for the relief of a Court Order that Defendants cease interfering with his First and Sixth Amendment Rights via retaliation. The latest form is a thinly-veiled threat to transfer Plaintiff due to his allegedly higher-than-normal need for legal assistance. Each time that Plaintiff experiences retaliation, he has sought to amend the complaint to include the new facts so that the Court need not search for arguable

factual and legal bases for granting an injunction.  Each response by Defendants has argued that the new claims are unrelated to the operative complaint, and that Plaintiff has not produced any evidence of irreparable injury or that he has any right at all to make statements about his conditions.

Now, while awaiting briefing and a ruling on Plaintiff's Third Motion for Leave to Amend Complaint, Defendants are arguably retaliating *again* by denying all attorney visits, and admitting *in writing* that it is at least partly because Plaintiff has more need for attorney contact than they can accommodate.  Exhibit 1.

The only prejudice to Defendants here would be that they would be required to answer the Complaint on the merits.  Defendants do not claim that they would be inconvenienced in the slightest by an Order preventing retaliation.  Rather, they argue that they are *already* not interfering with Plaintiff's access to his attorneys, and that they are not intending to transfer him.  Defendants have produced no evidence supporting Plaintiff's confinement in the SHU long after his ticket was dismissed and ample time to investigate the safety of placing Plaintiff back in general population.

There can be no hardship where the parties agree on the desired outcome.  If Defendants are not going to transfer Plaintiff, they should stipulate to an agreement for such.  The stipulation could account for the legitimate penological needs of the BOP, giving Defendants the autonomy to ensure the "safety and security concerns" they argue for in their opposition.  Plaintiff is not asking to have his every whim accommodated, but simply to be allowed to challenge his criminal conviction pursuant to the First and Sixth Amendments without undue obstacles or fear of retaliation.

Defendants are refusing to engage with the merits of Plaintiff's claims, preferring to rely on boilerplate denials that are supported by unknown evidence that Defendants may or may not decide to show Plaintiff or the Court. If Defendants have a legitimate defense to Plaintiff's claims, they should be compelled to produce their evidence or withdraw their objections to answering the claims.

For these reasons, the Court should allow Plaintiff to amend his complaint to include the most recent facts alleging retaliation for free speech, and grant the relief he is seeking via preliminary motions.

DATED this 22nd day of November, 2022 by

/s/Stacy Scheff
STACY SCHEFF
Attorney for Plaintiff

Delivered via ECF
to all registered parties

# EXHIBIT 1

 **Gmail**     Stacy Scheff &lt;stacy@schefflaw.com&gt;

## Raniere, Keith 57005-177 - request for legal visit

**Flores, Daniel (BOP)** &lt;d1flores@bop.gov&gt;     Mon, Nov 14, 2022 at 8:15 AM
To: Stacy Scheff &lt;stacy@schefflaw.com&gt;, "Diaz, Michelle (BOP)" &lt;mdiaz@bop.gov&gt;, "Gregory Stoltz &lt;greg@gstoltzlaw.com&gt;" &lt;greg@gstoltzlaw.com&gt;

Due to unforeseen events at FCC Tucson your visitation with inmate Raniere has to be rescheduled for a different date. I will notify your office once the institution is back to normal operations. Thank you in advance.

**From:** Stacy Scheff &lt;stacy@schefflaw.com&gt;
**Sent:** Tuesday, November 8, 2022 7:18 AM
**To:** Flores, Daniel (BOP) &lt;d1flores@bop.gov&gt;
**Cc:** Diaz, Michelle (BOP) &lt;mdiaz@bop.gov&gt;; Gregory Stoltz &lt;greg@gstoltzlaw.com&gt;; Joseph Tully &lt;joseph@tully-weiss.com&gt;; Joseph Daugherty &lt;Joseph.Daugherty@tully-weiss.com&gt;; Faulk, Denise (USAAZ) &lt;DFaulk@usa.doj.gov&gt;
**Subject:** [EXTERNAL] Re: [EXTERNAL] Re: [EXTERNAL] Raniere, Keith 57005-177 - request for legal visit

Confirmed

On Tue, Nov 8, 2022 at 7:06 AM Flores, Daniel (BOP) &lt;d1flores@bop.gov&gt; wrote:

> I can accommodate your visit on Monday November 14th at 10:00 am.
>
> **From:** Stacy Scheff &lt;stacy@schefflaw.com&gt;
> **Sent:** Monday, November 7, 2022 11:50 AM
> **To:** Gregory Stoltz &lt;greg@gstoltzlaw.com&gt;
> **Cc:** Diaz, Michelle (BOP) &lt;mdiaz@bop.gov&gt;; Flores, Daniel (BOP) &lt;d1flores@bop.gov&gt;; Joseph Tully &lt;joseph@tully-weiss.com&gt;; Joseph Daugherty &lt;Joseph.Daugherty@tully-weiss.com&gt;; Faulk, Denise (USAAZ) &lt;DFaulk@usa.doj.gov&gt;
> **Subject:** [EXTERNAL] Re: [EXTERNAL] Raniere, Keith 57005-177 - request for legal visit
>
> Without any kind of response, I am left with the impression that either the USP Tucson is so critically understaffed that it cannot accommodate all the legal needs of its prisoners, OR you are deliberately misrepresenting the circumstances in order to deny Mr. Raniere contact with his attorneys.
> Please clarify.
> --
> Stacy Scheff
> Law Office of Stacy Scheff
> P.O. Box 40611
> Tucson, AZ 85717-0611
> (520) 471-8333
> FAX: (520) 300-8033
>
> ATTORNEY-CLIENT PRIVILEGED COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information contained in this message is privileged. It is intended only to be read by the individual or entity addressed or their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this

message, in any form, is prohibited. If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message.

> On Mon, Nov 7, 2022 at 9:49 AM Stacy Scheff <stacy@schefflaw.com> wrote:
>> No other lawyer has a call or visit with Mr. Raniere this week. Please reconsider this decision
>
>> On Sun, Nov 6, 2022 at 8:02 PM Gregory Stoltz <greg@gstoltzlaw.com> wrote:
>>> Do you have availability for Tuesday, please?
>>>
>>> Thanks,
>>> Greg Stoltz
>>
>>> On Sun, Nov 6, 2022, 8:41 AM Stacy Scheff <stacy@schefflaw.com> wrote:
>>>> Please let me know when you can accommodate my visit.
>>>>
>>>>> On Sun, Nov 6, 2022 at 8:26 AM Flores, Daniel (BOP) <d1flores@bop.gov> wrote:
>>>>>> Due to other appointments and calls, I will not be able to accommodate a visit this week.
>>>>>>
>>>>>> **From:** Stacy Scheff <stacy@schefflaw.com>
>>>>>> **Sent:** Wednesday, November 2, 2022 12:28 PM
>>>>>> **To:** Diaz, Michelle (BOP) <mdiaz@bop.gov>; Watson, Scotty (BOP) <s2watson@bop.gov>; Ashworth, Thomas (BOP) <tashworth@bop.gov>; Flores, Daniel (BOP) <d1flores@bop.gov>; Gregory Stoltz <greg@gstoltzlaw.com>; Joseph Tully <joseph@tully-weiss.com>; Joseph Daugherty <Joseph.Daugherty@tully-weiss.com>
>>>>>> **Subject:** [EXTERNAL] Raniere, Keith 57005-177 - request for legal visit
>>>>>>
>>>>>> Dear all,
>>>>>> I would like to request a legal visit with Mr. Raniere next week. I am free Monday or Tuesday any time.
>>>>>> --
>>>>>> Stacy Scheff
>>>>>> Law Office of Stacy Scheff
>>>>>> P.O. Box 40611
>>>>>> Tucson, AZ 85717-0611
>>>>>> (520) 471-8333
>>>>>> FAX: (520) 300-8033
>>>>>>
>>>>>> ATTORNEY-CLIENT PRIVILEGED COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information contained in this message is privileged. It is intended only to be read by the individual or entity addressed or their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is prohibited. If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message.
>>>>
>>>> --
>>>> --
>>>> Stacy Scheff
>>>> Law Office of Stacy Scheff
>>>> P.O. Box 40611
>>>> Tucson, AZ 85717-0611
>>>> (520) 471-8333
>>>> FAX: (520) 300-8033
>>>>
>>>> ATTORNEY-CLIENT PRIVILEGED COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information contained in this message is privileged. It is intended only to be read by the individual or entity

> addressed or their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is prohibited. If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message.

--

--
Stacy Scheff
Law Office of Stacy Scheff
P.O. Box 40611
Tucson, AZ 85717-0611
(520) 471-8333
FAX: (520) 300-8033

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information contained in this message is privileged. It is intended only to be read by the individual or entity addressed or their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is prohibited. If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message.

--

--
Stacy Scheff
Law Office of Stacy Scheff
P.O. Box 40611
Tucson, AZ 85717-0611
(520) 471-8333
FAX: (520) 300-8033

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information contained in this message is privileged. It is intended only to be read by the individual or entity addressed or their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is prohibited. If you have received this message in error, please immediately notify the sender and delete or destroy any copy of this message.