GARY M. RESTAINO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Raniere,<br><br>          Plaintiff,<br><br>     vs.<br><br>Merrick Garland, et al.,<br><br>          Defendants. | CV-22-00212-TUC-RCC<br><br>**DEFENDANTS' SUR-REPLY TO PLAINTIFF'S REPLY IN RESPONSE IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER** |

Defendants Garland, Peters, Gutierrez and Ulrich, acting in their official capacities by and through undersigned counsel, hereby submit their Sur-Reply to Plaintiff's Reply to Response in Opposition to Motion for Temporary Restraining Order (Doc. 49).

**I.   Background**

The background of the instant proceeding is detailed in Defendants' Response to Plaintiff's Third Motion for Temporary Restraining Order (Doc. 47 at 2-6) and will not be repeated herein, except to note that Defendants provided evidence that the Bureau of Prisons (Bureau) has facilitated dozens of legal calls and frequent legal visits between Plaintiff and his attorneys.  (Doc. 14-2 at 5-8, 37-38, 40-41; Doc. 17-1 at 2-4, 7-8, 12-13; Doc. 31-2 at 5-7.)  The legal calls and legal visits have continued while Plaintiff is housed in the Special Housing Unit (SHU).  (Doc. 31-2 at 5-7.)

**II.   Plaintiff's Reply (Doc. 49)**

In detailing what he considers "Recent Relevant Background," Plaintiff notes that

on November 6, 2022, Plaintiff's counselor, Daniel Flores, responded to [Plaintiff's counsel] regarding a legal visit, 'Due to other appointments and calls, I will not be able to accommodate a visit this week.' Exhibit 1." (Doc. 49 at 2, 10.)  *The next day*, Plaintiff's counsel again contacted Counselor Flores, "stating, 'No other lawyer has a call or visit with Mr. Raniere this week.  Please reconsider this decision.'" (*Id.*)  *Two hours later*, she stated that she was "left with the impression that either the USP Tucson is so critically understaffed that it cannot accommodate all the legal needs of its prisoners, OR you are deliberately misrepresenting the circumstances in order to deny Mr. Raniere contact with his attorneys." (*Id.* at 2-3, 9.)

       Neither Counselor Flores' email to Plaintiff's counsel nor any representation made to this Court indicated that the other appointments and calls Mr. Flores was accommodating that week were for Plaintiff or that Plaintiff is the sole inmate for whom Mr. Flores arranges legal visits and calls.

       Mr. Flores indicated he could accommodate a visit on November 14, 2022, but, on that date, he emailed Plaintiff's counsel that the visit would have to be rescheduled "[d]ue to unforeseen events at FCC Tucson" and that he would notify her "office once the institution is back to normal operations." (*Id.* at 3, 9.)  On November 20, 2022, Mr. Flores informed Plaintiff's counsel that the facility was still on lockdown. (*Id.* at 3-4.)

       Tucson local news outlets reported that an inmate at FCC Tucson pulled a gun on his visitor and attempted to shoot her.[1]  USP Tucson remains on lockdown.[2]  The lockdown pertains to the entire facility, not just Plaintiff.  *Id.*

       Plaintiff asserts:
> Now, while awaiting briefing and a ruling on Plaintiff's Third Motion for Leave to Amend Complaint, Defendants are arguably retaliating *again* by denying all attorney visits, and admitting *in writing* that it is at least partly because Plaintiff has more need for attorney contact than they can accommodate. Exhibit 1.

(Doc. 49 at 6.)  First, Defendants are not "awaiting briefing" on Plaintiff's third Motion for

---

[1] https://www.kold.com/2022/11/14/authorities-inmate-tried-shoot-gun-hidden-inside-tucson-federal-prison/ (last visited November 28, 2022).

[2] https://www.bop.gov/locations/institutions/tcp/ (last visited November 28, 2022).

Leave to Amend Complaint (Doc. 46).  Defendants filed a timely response to that motion on November 16, 2022.  (Doc. 48.)  Plaintiff failed to file a reply. (Docket, generally.) Second, Plaintiff's claim that Defendants are "arguably retaliating *again* by denying all attorney visits" is beyond speculative.  USP Tucson's website clearly shows that visits have been cancelled for all inmates, not just Plaintiff.  (*See* n.2, supra.)  Third, Plaintiff's Exhibit 1 is completely devoid of any indication that Plaintiff has more need for attorney contact than Counselor Flores can accommodate, as opposed to all of the inmates for whom he arranges legal visits and calls in a given week.  (Doc. 49 at 10.)

Other portions of the Reply are equally speculative or unsupported by the record. For example, in opposition to Defendants' claim "that there is no evidence that anyone at the BOP was aware of the press conference that was held in support of Plaintiff's Rule 33," Plaintiff asserts that "Defendants routinely cite to blog posts from Suneel Chakravorty as evidence of bad behavior justifying banning him from communicating with Plaintiff."  (*Id.* at 5.)  However, Defendants cited to the Sentencing Memorandum from Plaintiff's criminal trial, *United States v. Raniere*, Case No. 1:18-cr-00204-NGG-VMS, Dkt. 914 (E.D. N.Y. August 27, 2020) (Docs. 14 at 2-3, 14-3, 14-4), a memorandum from the Bureau's Counter Terrorism Unit (Docs. 14 at 3-4, 14-5 at 11-14), and letters Mr. Chakravorty wrote to the district court judge presiding over Plaintiff's criminal trial and the district judge presiding over *Edmonson v. Raniere*, Case 1:20-cv-00485-EK-CLP (E.D. N.Y.), a civil action brought by some of Plaintiff's victims (Doc. 14 at 4, 14-5 at 21-24, 14-6, 14-7).  Citing to court documents and the Bureau's internal records hardly makes it "common sense to believe that Defendants are acutely aware of and actively seeking out the media attention that Plaintiff receives."  (*See* Doc. 49 at 5.)  Instead, the only *evidence* is SIA Gallion's statement that he was not aware of Plaintiff's litigation regarding his conviction and sentence and that "[a]ll recommendations and determinations made, as reflected above, were made for the safety, security, and good order of the institution and not in any way to hinder Raniere's legal efforts."  (Doc. 14-5 at 6.)

Plaintiff also claims that Defendants are relying "on boilerplate denials that are

supported by unknown evidence that Defendants may or may not decide to show Plaintiff or the Court."  Again, the record is clear that Defendants have offered to provide more detailed information regarding the investigations and the safety and security issues pertaining to Plaintiff at USP Tucson in camera to the Court.  (Docs. 39 at 4, 47 at 4.)  Plaintiff has introduced no evidence that he has a right to the Bureau's ongoing investigations into safety and security concerns.

Plaintiff asserts that his "statements of fact in his affidavit can be taken as true here." (Doc. 49 at 5.)  However, Plaintiff identifies no *statements of fact* that support a claim of retaliation, instead relying on his personal conclusions ("There is no legal justification for my being in SHU this long,") and his beliefs ("I understand that the BOP is attempting to transfer me to another prison") ("I believe this transfer will expose me to the likelihood of being assaulted or killed by other prisoners") (I should be placed in a facility with a 'sex offender management program'") ("I believe placing us in these conditions was further retaliation against me, and an inmate to incite my cellmate who has 75 PREA complaints on inmates").[3]  (Doc. 44 at 11-13, 16.)

As Defendants explained in their Response (Doc. 47 at 7-8), a plaintiff seeking preliminary injunctive relief must show (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) the requested injunction is in the public interest.  *Fuller v. Granville,* No. CV 14-0020-PHX-DGC, 2014WL4541122, at *6 (D. Ariz. Sept. 12, 2014) (citing *Winter v. NRDC, Inc.,* 555 U.S. 7, 20 (2008)).  Alternatively, the plaintiff may establish "serious questions going to the merits" – something less than a likelihood of success on the merits – but only if the plaintiff also establishes that the "balance of hardships tips sharply in the plaintiff's favor" and the other two elements of the *Winter* test are met.  *All. For The Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011).  Whichever formulation of the standard is applied, the movant has the burden of proof on each element of the test.  *Env'l*

---

[3] Plaintiff also listed claimed "retaliation events" that were lacking in detail and veracity.  (Doc. 44 at 12.)  Defendants addressed them in their Response (Doc. 47 at 5-6) and incorporate that explanation herein.

*Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Plaintiff has introduced no evidence to meet any element of the test.[4]

Instead, in his Reply, Plaintiff abandons any attempt to prove the required elements for an injunction and suggests that Defendants "stipulate to an agreement" not to transfer Plaintiff. (Doc. 49 at 6.) In doing so, Plaintiff misrepresents Defendants' position in multiple ways. First, Defendants have not stated "that they are not intending to transfer him" as Plaintiff claims. (*See id.*) Defendants demonstrated that Plaintiff has failed to show that any purported transfer is anything other than speculative. (Doc. 47 at 10-13.)

Second, Congress delegated to the Bureau – not to Plaintiff – the duty to manage and regulate all federal penal and correctional institutions. 18 U.S.C. § 4042(a)(1). Title 18 U.S.C. § 3621 governs imprisonment of persons convicted of federal crimes and delegates to the Bureau the authority to designate the institution where a prisoner will serve his sentence. *See* 18 U.S.C. § 3621(b); *Rodriguez v. Smith*, 541 F.3d 1180, 1184–86 (9th Cir. 2008) (recognizing discretionary authority of Bureau under 18 U.S.C. § 3621(b) to make placement or transfer decisions); *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) ("Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.") (internal citation omitted); *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (same). The place of incarceration can be "maintained by the Federal Government or otherwise" and the Bureau "may at any time … direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b). The statute unambiguously states that "a designation of a place of imprisonment … is not reviewable by any court." 18 U.S.C. § 3621(b); accord *Ceballos*, 671 F.3d at 855 (holding courts have "no jurisdiction to select the place where the sentence will be served"). Plaintiff provides no credible reason for the Bureau to turn over its authority regarding where to designate Plaintiff to him.

---

[4] Plaintiff argues "Defendants have produced no evidence supporting Plaintiff's confinement in the SHU long after his ticket was dismissed and ample time to investigate the safety of placing Plaintiff back in general population." (Doc. 49 at 6.) Plaintiff, not Defendants, has the burden of proof here. *Env'l Council,* 184 F. Supp. 2d at 1027.

As demonstrated in Defendants' Response, Plaintiff is seeking a Temporary Restraining Order (TRO) that is well outside the scope of the instant proceeding,[5] failed to meet the requirements for a TRO without notice, failed to show a likelihood of success on the merits, failed to show irreparable harm and failed to show that the equities and public policy favor allowing an inmate to choose his own prison. (Doc. 47 at 9-14.)

### III.     Conclusion

For all of the foregoing reasons and for the reasons set forth in their Response (Doc. 47), Defendants Garland, Peters, Gutierrez and Ulrich request that the Court deny the Plaintiff's Third Motion for Temporary Restraining Order (Doc. 44).

RESPECTFULLY SUBMITTED:  November 29, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Denise Ann Faulk*
DENISE ANN FAULK
Assistant U.S. Attorney

Copy of the foregoing served via EM/ECF to

Stacy Scheff
LAW OFFICE OF STACY SCHEFF
P.O. Box 40611
Tucson, AZ 85717

s/ *Lisa Startup*
/ Sur-Reply

---

[5] Inexplicably, Plaintiff's response to the settled law that a court does not have the authority to issue an injunction based on claims not pled in the complaint, *Pac. Radiation Oncology, L.L.C. v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015), is the assertion that "[w]hen the relief sought in a preliminary injunction is not clearly stated in the complaint, the critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. See *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)." (Doc. 49 at 5.) *Jackson* was not only superseded by statute, it did not concern a preliminary injunction – whether pled in the complaint or otherwise. *Jackson*, 885 F.2d 639.