MGD

1
2
3
4
5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9   Keith Raniere,                                  No.  CV 22-00212-TUC-RCC

10                        Plaintiff,

11   v.                                             **ORDER**

12   Merrick Garland, et al.,

13                        Defendants.

14

15         Plaintiff Keith Raniere, who is currently confined in the United States Penitentiary-

16  Tucson and is represented by counsel, brought this civil rights action pursuant to *Bivens v.*

17  *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Before

18  the Court is Defendants' Motion to Dismiss for Insufficient Service of Process and for

19  Summary Judgment on Exhaustion.  (Doc. 21.)  The Motion is fully briefed.  (Doc. 29, 33.)

20         The Court will grant the Motion and dismiss this action without prejudice based on

21  insufficient service of process.

22  **I.    Background**

23         In his First Amended Complaint (Doc. 3) Plaintiff names as Defendants United

24  States Attorney General Merrick Garland, United States Bureau of Prisons (BOP) Director

25  Michael Carvajal, USP-Tucson Warden Barbara Von Blanckensee, and USP-Tucson

26  Lieutenant Anthony Gallion.[1]  Plaintiff sues Garland, Carvajal, and Von Blanckensee in

27  their official capacities.  (Doc. 3 at 2-3.)  Plaintiff does not say in what capacity he is suing

28

---

[1] The Court will use Defendants' spelling of the name Von Blanckensee.

Defendant Gallion, but because Plaintiff is only seeking declaratory and injunctive relief, it appears he is also suing Gallion in his official capacity only.  (*See id.* at 3.)

In Count One, Plaintiff asserts a violation of his First Amendment right of access to the courts based on Defendants' alleged interference with Plaintiff's ability to communicate with his attorneys and their agents.  Count Two asserts a First Amendment retaliation claim based on Defendants' threat "to cut off Plaintiff's telephonic and in-person communication with his attorneys" made the day after Plaintiff's criminal defense attorney filed a Rule 33 motion for new trial.  Count Three asserts a violation of Plaintiff's Sixth Amendment rights based on Defendants alleged deliberate interference to the confidential relationship between Plaintiff and his criminal defense attorney, which "substantially prejudices" Plaintiff by preventing him from helping his attorney prepare for the hearing on the Rule 33 motion and preventing his attorney from providing effective assistance of counsel.  Plaintiff seeks a preliminary injunction "to preserve the status quo pending administrative exhaustion" to restrain Defendants from impeding Plaintiff from communicating with his attorneys and their agents either by telephone or in person.

On screening under 28 U.S.C. § 1915A(a), the Court required Plaintiff to serve Defendants and required Defendants to answer.  (Doc. 5.)

Defendants Garland, Carvajal and Gutierrez move for dismissal based on insufficient service of process and seek summary judgment based on failure to exhaust administrative remedies.[2]

. . . .

. . . .

---

[2] Defendants assert that Mark Gutierrez is now Warden of USP-Tucson and is substituted for Acting Warden Danon Colbert, pursuant to Federal Rule of Civil Procedure 25.  (*See* Doc. 21 at 1 n.1.)  Colbert was apparently Defendant Von Blanckensee's successor.

Defendants also state that at the time they filed their Motion (August 1, 2022) Defendant Gallion had not been served, but if service is made on Gallion, then the arguments in their Motion apply to Gallion as well.  (*Id.*)  Plaintiff filed a Proof of Service for Defendant Gallion on September 13, 2022.  (Doc. 30.)

1    **II.      Motion to Dismiss**

2          Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5),

3    which allows for dismissal of a complaint for "insufficient service of process."  Fed. R.

4    Civ. P. 12(b)(5).

5          **A.      Federal Rule of Civil Procedure 4**

6          Under Rule 4(m), the plaintiff must serve a defendant with a summons and a copy

7    of the complaint "within 90 days after the complaint is filed."[3]  Fed. R. Civ. P. 4(m).  If the

8    plaintiff fails to do so, the court must either dismiss the complaint without prejudice against

9    that defendant or order that service be made within a specified time.  *Id.*  But if the plaintiff

10   shows good cause for the delay, the court "must extend the time for service for an

11   appropriate period."  *Id.*

12         The specific rules for service relevant to this case are as follows.

13                 To serve a United States agency or corporation, or a United
                   States officer or employee sued only in an official capacity, a
14                 party must serve the United States and also send a copy of the
                   summons and of the complaint by registered or certified mail
15                 to the agency, corporation, officer, or employee.
16

17   Fed. R. Civ. P. 4(i)(2).

18                 "To serve a United States officer or employee sued in an
                   individual capacity for an act or omission occurring in
19                 connection with duties performed on the State's behalf
                   (whether or not the officer or employee is also sued in an
20                 official capacity), a party must serve the United States and also
                   serve the officer or employee under Rule 4(e), (f), or (g).[4]
21

22

23   Fed. R. Civ. P. 4(i)(3).

24         [3] Plaintiff's original Complaint was filed on May 5, 2022 and his FAC was filed on
25   May 6, 2022.  (Docs. 1, 3.)

26         [4] To the extent Plaintiff is suing Defendant Gallion in an individual capacity, Rule
27   4(e) for serving an individual within a judicial district of the United States applies and
     requires service in compliance with state law or by delivering a copy of the summons and
     complaint to the individual personally, leaving a copy at the individual's dwelling or place
28   of abode with a perform of suitable age and discretion who resides there, or delivering a
     copy of each to an agent authorized by appointment or by law to receive service of process.
     Fed. R. Civ. P. 4(e).

To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)-(C).

Failing to comply with Rule 4's "personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 446 (9th Cir. 1984) (remanding case to determine whether the pro se plaintiff's failure to comply with personal service requirement should be excused based on erroneous information the plaintiff received from the "lower court" regarding service of process and because the claim may be time barred if the plaintiff tried to re-file); *see also United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004) (holding that "even without a showing of good cause, a district court may utilize its 'broad' discretion to extend the time for service" and directing the lower court to consider whether the claimant would suffer any prejudice from dismissal) (quoting *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001)).  When exercising this discretion, the court may consider such factors as "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (finding seven-year delay in service not excused where the plaintiff, even when pro

se, never claimed ignorance of the service requirements and the delay prejudiced the defendant) (internal quotations and citation omitted).

### B.  Discussion

#### 1.  Timing of Defendants' Motion

Plaintiff argues that Defendants filed their Motion on August 1, 2022—two days before the deadline for service of the FAC on August 3, 2022. (Doc. 29 at 1-2.) Plaintiff therefore argues Defendants' Motion to Dismiss based on insufficiency of service is premature. (*Id*. at 2.)

The cases Plaintiff relies on in support of this argument addressed whether a defendant waived the defense of insufficiency of service of process by not raising the issue in a prior motion to dismiss filed on other grounds before the deadline for service had elapsed. *See Candido v. District of Columbia*, 242 F.R.D. 151 (D.C.D.C. June 22, 2007) (holding that the defendant was not barred from bringing a second motion to dismiss for insufficient service of process because the 120-day deadline to effect service had not passed when defendant brought its initial motion to dismiss); *Goodstein v. Bombardier Capital, Inc*., 167 F.R.D. 662, 665 (D. Vt. June 20, 1996) ("a defense of insufficiency of service of process was not 'available' at the time [the first] motion [to dismiss] was filed because there was still a possibility that [the defendant] would be timely served"). Neither case addresses whether a motion to dismiss for insufficiency of service of process must be denied as premature if filed before the deadline for service, especially where the plaintiff's response was not due until after the deadline for service, and the deadline passed without service while the motion was pending. Therefore, this argument is without merit.

#### 2.  Service

The docket contains summonses issued for Von Blanckensee, Carvajal, and Gallion "VIA US Attorney's Office" in Tucson, Arizona. (Doc. 8 at 1-2, Doc. 8-2 at 1-2, and Doc. 20.) An issued summons for Garland does not say "VIA US Attorney's Office" and simply contains the address of the US Attorney's Office in Tucson. (Doc. 8-1 at 1-2.) The docket also contains Proofs of Service of summonses for Von Blanckensee, Carvajal and Garland

dated June 1, 2022, stating that the summonses were served on Jean King, who is designated by law to accept service of process on behalf of Von Blanckensee, Carvajal and Garland. (Docs. 10-12.) Plaintiff filed a Proof of Service for Gallion on September 13, 2022, indicating that on September 6, 2022, the summons was served on US BOP Legal Assistant Jake Bush, who was designated by law to accept service of process on behalf of Gallion at the Federal Medical Center in Rochester, Minnesota. (Doc. 30.)

Defendants assert it is commonly known that the Defendants do not office or reside at the United States Attorney's Office for the District of Arizona, but the United States Attorney's Office nevertheless treated the documents as though they had been addressed to the Civil Process Clerk, as required by Rule 4(i). (Doc. 21 at 3.) Because the United States Attorney's Office treated the documents as though they had been addressed to the Civil Process Clerk, Plaintiff did comply with the requirement for service on the United States found in Federal Rule of Civil Procedure 4(i)(1)(A)(i).

Defendants argue, however, that on information and belief, Plaintiff did not cause a copy of the FAC to be sent to the Defendants and the Attorney General in Washington, D.C. by registered or certified mail, as is also required by Rule 4(i). (Doc. 21 at 3.) Defendants state that counsel "has pointed out the discrepancy to Plaintiff's counsel on several occasions and has even gone so far as to direct her to do so," but it appears Plaintiff has still not complied with the rule. (*Id*.) Defendants argue that although they have actual notice of the suit and will not suffer from deficient service, Plaintiff cannot satisfy the *Borzeka* test because Plaintiff is not pro se, cannot proffer a justifiable excuse or good cause for failing to comply with Rule 4, or show that he would be severely prejudiced by a dismissal without prejudice. (*Id*. at 3-4.)

Plaintiff responds that he did properly serve Defendants and filed proof of service with the Court before the deadline, demonstrating that copies of the FAC and summons had been mailed to both the Attorney General in Washington, DC and to the local U.S. Attorney's office. (Doc. 29 at 2, citing Doc. 23.)

1       Doc. 23 contains USPS Tracking printouts showing that an "item" was delivered

2  "to the front desk, reception area, or mail room at 12:16 pm on July 11, 2022 in

3  WASHINGTON, DC 20534," an "item" was "delivered and is available at a PO Box at

4  10:13 am on July 20, 2022 in TUCSON, AZ 85734," an "item" was picked up at a postal

5  facility at 4:50 am on July 12, 2022 in WASHINGTON DC 20530" and an "item" was

6  "delivered and is available at a PO Box at 10:13 am on July 20, 2022 in TUCSON, AZ

7  85734." (Doc. 23 at 1, 23-1 at 1, 23-2 at 1, 23-3 at 1.)  Defendants argue that even if the

8  "items" identified in this tracking information were Summonses and copies of the FAC,

9  Plaintiff has still not served the Defendants as required by Rule 4(i) and the time to do so

10  expired on August 3, 2022.  (Doc. 33 at 2.)

11       Plaintiff has not shown that he sent the FAC and Summons to each Defendant sued

12  in an official capacity by registered or certified mail as required by Federal Rule of Civil

13  Procedure 4(i)(2).  None of the USPS Tracking printouts that Plaintiff filed in Doc. 23

14  indicate if the items delivered were sent via certified or registered mail, who they were

15  addressed to, or even the complete addresses of the recipients.  (*See* Doc. 23 at 1, 23-1 at

16  1, 23-2 at 1, 23-3 at 1.)

17       Plaintiff does not offer any justifiable excuse for failing to properly serve

18  Defendants in their official capacities.  Plaintiff merely insists he did properly serve them.

19  Nor does Plaintiff argue he would be severely prejudiced by dismissal without prejudice,

20  and it does not appear there would be any statute of limitations issue if Plaintiff were to re-

21  file.  Defense counsel asserts that counsel informed Plaintiff of the defects in service, but

22  Plaintiff has not attempted to correct the service errors.  More than 200 days have passed

23  since Plaintiff filed his Complaint —well over the 90 days to serve a defendant required

24  by Rule 4(m).  Accordingly, dismissal of all Defendants is proper based on insufficient

25  service of process.

26       To the extent Plaintiff is suing Defendant Gallion in an individual capacity, the

27  Proof of Service indicates Gallion was served on September 6, 2022, more than a month

28  late, and Plaintiff offers no explanation for this delayed service, much less good cause.

Accordingly, Plaintiff has not met his burden of showing that he properly served Defendant Gallion in his individual capacity within the time set forth in the Federal Rules, and, to the extent Gallion is being sued in his individual capacity, the Court will dismiss Defendant Gallion without prejudice.[5]

**IT IS ORDERED:**

(1)    Defendants' Motion to Dismiss for Insufficient Service of Process and for Summary Judgment on Exhaustion (Doc. 21) is **granted**.

(2)    The First Amended Complaint (Doc. 3) and this action are **dismissed without prejudice** based on insufficient service of process.

(3)    All pending motions are denied as **moot**.

(4)    This action is terminated without prejudice.  The Clerk of Court must enter judgment accordingly.

Dated this 2nd day of December, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge

---

[5] Because Defendants and the FAC will be dismissed without prejudice for insufficient service, the Court will not address Defendants' Motion for Summary Judgment based on exhaustion.